Cause No. _____ 65590-18

In re Allen "F" Calton }          In The Texas

                                  Court of

Relator

This document contains some pages that are of poor quality at the time of imaging.          Criminal Appeals

Petition For writ Of mandamus

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 2 6 2015

Abel Acosta, Clerk

Allen "F" Calton #1123880
Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705
Pro se

# Identity Of Parties

## Relator

(1) Allen "F" Calton #1123880
Stiles Unit
3060 FM 3514
Beaumont, TX. 77705

## Respondent

(2) Steve Schiller
1408 Dogwood Dr.
Arlington, TX. 76012

## Real Party In Interests

(3) Charles M. Mallin
Chief Of The Appellate Section
Assistant Criminal District Attorney
401 W. Belknap St.
Fortworth, TX. 76196

(4) Hon Louis E. Sturns
Judge 213Th District Court
401 W. Belknap St.
Fortworth, TX 76196

Petition For writ Of mandamus p. 1

# Table Of Contents

Identity of Parties . . . . . . . p.i

Table of Contents . . . . . . . p.ii

Index Of Authorities . . . . . . . p.iv

I Statement Of The Case . . . . . . . p.1

II Statement Of Jurisdiction . . . . . -p.4

III Issues Presented . . . . . . . p.4

IV Statement Of Facts . . . . . . . p.4

V Argument and Authority . . . . . . p.7

(A) The Prose Pleading Standard Of Review . . -p.7

(B) Standard Of Review For mandamus Review
For Criminal Law matters . . . . . . p.8

(C) Relator Had A Right To A sufficient
Record On Appeal Being Filed . . . . . p.11

VI An Indigent's Statutory and 14Th Amendment Const.
Right To A complete and sufficient Record on Appeal is well established. p12

Petition For writ Of mandamus p.11

# Table of Contents

VIII    Relator's Justifiable Explanation Precludes
        A Laches Waiver and/or Defense . . . . p.18

        Prayer . . . . . . . . . p.23

        Certification . . . . . . . p.24

        Proof of Service . . . . . . p.24

Petition For Writ Of mandamus p. iii

# Table of Authorities

Cases                                                                pages

Abnor v State 712 sw2d 132 (Tex Crim App 1986) . . . . p.14

Anderson v City Of Seven Points 806 sw2d 791 (Tex 1991) . . p.11

In re Bahn 20 sw3d 865 (Tex. App. Fort worth)
(orig proceeding) . . . . . . . . . p.21,23

Bailey v Baker 696 sw2d 255 (Tex. App. Houston
[14Th Dist] 1985) (orig proceeding) . . . . . - p.19,20

Barnes v State 832 sw2d 424 (Tex App. San Antonio 1990) . - p.7

Barker v wingo

Birdo v De Bose 819 sw2d 212 (Tex App. waco 1991) . . p.7

Boykin v Sala 636 sw2d 580 (Tex. App. San Antonio 1982) . . p.10

Britt v North Cardina 404 u.S. 226 (1971) . . . . p.15,16

Buntion v Harmon 827 sw2d 945 (Tex Crim App. 1992) . . p.9

Coppedge v United States 369 u.S. 438 (1962) . . . p.13,15

State v Creel 895 sw2d 899 (Tex. App. waco 1995)
(orig proceeding) . . . . . . . . p.10

Croner v Smith 812 sw2d 69 (Tex. App Houston
[1st Dist] 1991) (orig proceeding) . . . . . p.8

# Table of Authorities

Cases

Pages

State ex rel Curry 726 SW2d 125 (Tex Crim App. 1987) . p.9

DeLeon v District Clerk 187 SW3d 673 (Tex. Crim App. 2006) . .p.12

Dobbs v Zant 113 S.Ct 835 (1993) . . . . . p.21

Douglas v California 372 U.S. 353 (1963) . . . . p.16,17

Draper v Washington 372 U.S. 487 (1963) . . . p.13,14,15

Entsminger v Iowa 386 U.S. 748 (1967) . . . p.15,16

Evitts v Lucey 105 S.Ct 830 (1985) . . . . p.13,16,17

Gardner v California 393 U.S. 367 (1969) . . . . p.15,16

General motors Corp v Evins 830 SW2d 355
(Tex. App. Corpus Christi 1992) (Orig Proceeding) . . . p.11

Griffin v Illinois 351 U.S. 12 (1956) . . . . p.13,14,15,17

Grave v Gould 102 SW2d 1114,1116 (Tex. Civ. App.
Fortworth 1936 / no writ ) . . . . . p.10

Haines v Kerner 404 U.S. 512 (1972) . . . . p.7

Hardy v United States 375 u.s. 277 (1964) . . p.13
(Orig Proceeding) . . . . . .

In re Harrison 187 SW3d 199 (Tex App. Texarkana 2006)
(Orig Proceeding) . . . . . . . p.20

Petition For writ Of mandamus Table Of Authorities p. V

# Table Of Authorities

Cases                                                                    pages

Hernandez v State 785 sw2d 825 (Tex Crim App 1980) . . p.17

State ex rel Hill v Pirtle 887 sw2d 921 (Tex Crim App 1994). p.23

City of Ingleside v Johnson 537 sw2d 145 (Tex App Corpus
Christi 1976) (orig proceeding) . . . . . . . . p.10

In re In Hinterlong 109 sw3d 611 (Tex. App. Fortworth 2000)
(orig Proceeding) . . . . . . . . . - p.18, 21, 23

Langdale v Villamil 813 sw2d 187 (Tex. App. Houston
[14th Dist] 1991, no pet) . . . . . . . - p. 8, 24

Marion v Lockhart 114 sw2d 216 (Tex 1938) . . . . p.19

Mayer v Court of Appeals 486 u.s. 429 (1988) . . . p.16

Nelson v Krusen 678 sw2d 918 (Tex 1984) . . . p.13

Olivo v State 918 sw2d 519, 525 n.8 (Tex. Crim App. 1996). p.20

Rinaldi v Yeager 384 u.s. 305 (1966) . . . . . p.14

In re Risley 190 sw3d 853 (Tex. App. Fortworth 2006). p.9

Rheaurk v Shaw 628 sw2d 297 (5th Cir 1980) . - p. 9

River Center Assocs v Rivera 858 sw2d 366 (Tex. 1993) p.18, 19, 23

# Table of Authorities

Cases

Pages

State ex rel Rodriguez v Marzquez 4sw3d 227 (Tex Crim App 1999) . p. 9

Rogers v Ricane Enterprise, Inc 772 sw2d 76 (Tex 1989) . - p.21

Rosedale Partners Ltd v 131st Judicial Dist Ct 869sw2d 643 (Tex. App. San Antonio 1994) (orig Proceeding ) . . . . p.8

Rowell v State 66sw3d 279 (Tex.Crim App. 2003) . . p.12,13

In re Roxsane 249 sw3d 764 (Tex.App. Fortworth 2008) p.18,21,22

Sanchez v Hester 911 sw2d 123 (Tex. App. Corpus Christi 1995) (orig proceeding ) . . . . . - . p.23

Smith v Robbins 528 U.S. 259 (2000) . . . . p.17

Smith v Flack 728 sw2d 284 (Tex Crim App. 1987) . p.19

In re South western Bell Tel Co.LP 226 sw3d 400 (Tex 2007) . p.20

Specht v Patterson 386 U.S. 605 (1967) . . . . - p.15

Stark v Dodd 76 sw2d 665, 669 (Tex.Civ. App. Beaumont, 1934) . p 10

Stoner v Massey 586 sw2d 843 (Tex 1979) . . - p.11

In re Taylor 28 sw3d 240 (Tex App waco 2000) . . p.7

Ex Parte Trainer 181 sw3d 358 (Tex.Crim App. 2005) . . p 14

Petition For writ Of mandmus Table of Authorities p.VII

# Table of Authorities

## Cases

Pages

In re Users Sys. Servs. Inc 221 SW3d 331 (Tex 1999) . . . p.18

Villagomez Investments, LLC. v Magee 294 SW3d 687 (Tex. App. [1st Dist] Houston 2009) . . . . . . p.12

In re Vista Ins Group Inc 192 SW3d 759 (Tex 2006) . p.20

State ex rel Wade v Mays 689 SW2d 893 (Tex CrmApp 1985) . p.9

Weekley v Jones 927 F2d 382 (8th Cir 1991) . . . . p.20

Woods v Alvarez 925 SW2d 119 (Tex. App. Corpus Christi, orig proceeding) overruled on the merits per curiam sub nom. Bridgestone) Firestone, Inc v The Tenth Court of Appeals 929 SW2d 440 (Tex 1996) . . . . . . . . p.7,8

Zuniga v Zuniga 13 SW3d 758 (Tex. App. San Antonio 1999) . . p.7

### Federal Constitutional Amendments

14th Amendment . . . . . . . . p.17

### Texas Constitutional Amendments

Tex. Const. Art V § 8 . . . . . . p.4

# Table of Authorities

Cases                                                        pages

## Federal Statutes, Codes and Rules

28 U.S.C. §§ 2254 . . . . . . - p.19

42 U.S.C. § 1983 . . . . . - p.19

## Texas Statutes, Codes, and Rules

Tex. Gov't Code Ann Art § 52.046 . . . - p.10,11

Tex Gov't Code Ann Art § 52.046(a)(5) . . - p.10

Tex. Code Criminal Procedure Art 11.07 . . - p.18,20

Tex. R. App. P. Rule 13.6 . . . . . - p.10,11

Tex. R. App. P. Rule 34.6 . . . . . - p.10,11

Tex. R. App. P. Rule 52.7 (a)(1) . . - p.7

# I

## Statement Of The Case

On the night of 4-23-02 the victim Everette Charles Angle had just allegedly finished repairing small engines for the night at his alleged small engine repair shop. That was based at his residence at 1744 Wiseman Ave, Fort worth, Tarrant County, Texas. When Calton pulled up to the victim's residence. The two allegedly engaged in a brief conversation. The victim was shot one time in all probability with the gun the victim was known to keep in his possession in a gun holster. Calton was subsequently arrested and charged by indictment with attempted murder in Cause No. 0843168. Pretrial hearings in the underlying offense began on 1-8-04 and concluded on 4-29-04 occurring at least once or twice a month and even ~~four~~ times in January of 2004. These pretrial hearings were evidentiary in nature. In particular the 1-23-04, 1-29-04 and 2-12-04 pretrial hearings. Due to the evidence was proffered by Calton that is in direct support of his motion to Dismiss. The trial court's ruling denying said motion on two occasions was also memorialized in the omitted records. As Judge Gills standard practice at the time was to state his ruling on the record as he did on 2-12-04 and again on 3-31-04 when Calton reurged his motion To Dismiss. See Relator's Affidavit Appendix in support Of his Petition For writ Of mandamus (hereafter will be referred to as Appendix). Exhibit "D" excerpt Of Court Reporter's Record For Trial Cause No 0752783 Volume 4 p-67 Lines 3-8) app. at p.6. On 5-10-04 The Trial on the merits began and Calton pled not guilty to the offense R.R Vol 2 p.3 of

Petition For writ Of mandamus page 1 of 24

Cause No. 0843168. Calton was convicted by a jury of the second Degree Felony offense of Attempted murder on 5-19-04. see Judgment Cause No. 0843168. The jury found the habitual offender allegations true and assessed punishment at confinement for Life in TDCJ. see Judgment. The second court of Appeals Affirmed Calton's conviction. see Calton v State 2005 WL 2082202, No. 02-04-228-CR (Tex. App. Fort worth Nov, 17, 2005) pet. withdrawn) (not designated for publication). Calton filed his initial State Habeas Application on 3-16-06 and said writ was denied without written order on 2-27-07. see Judgment writ No. C-213-007618-0843168-A. Included in Calton's initial State Habeas Application in the state court. Calton alleged in Ground #11 that "Records Lost or Destroyed were Necessary For Appeal". However due to steve Schiller the court Reporter's misrepresentation this meritorious claim failed as well in the initial state habeas proceeding. see Exhibits "E", "F" and "G" excerpts pages 11, 24 and 25 of Trial Court's memorandum, Findings of Fact, Conclusion of Law and order filed on 1-9-07 in reference to writ No. C-213-007618-0843-168-A app at pages 7-9. On 4-13-12 Calton received evidence that confirmed that Mr. schiller made a material misrepresentation to Calton concerning the relevancy of the records Calton had timely and diligently Requested. which were indeed in fact in reference to the underlying offense. And not erroneously alleged otherwise by steve Schiller at the time in question. see Exhibit "H" steve Schiller's Answer to Calton's complaint To The court Reporter Certification Board (Hereafter C.R.C.B) appendix at pages 10 and 11. Calton then filed a subsequent state Application on

Petition For writ of mandamus page 2 of 24

6-6-12 which raised the claim "Pretrial Records were omitted from the record on Appeal that were necessary for the effective, Fair and meaningful Appeal Resolution". This writ was not acted on because of the Abuse of writ order that had been previously entered against Calton on 5-28-08. See Judgment C-213-009679-0843168-H. Calton filed additional state Applications To No Avail Raising Claims in Reference to the omitted Records on Appeal. However the Court Of Criminal Appeals continued to refuse to take any actions on these writs. Due to the fact that Calton had previously had an Abuse of the writ order entered against him. See Exhibits "I" and "J" orders from the Court of Criminal Appeals dated 10-31-13 and 5-22-14 respectively app. at pages 12 and 13. Calton then sought leave from the Fifth Circuit U.S. Court of Appeals To File A Successive Federal writ pursuant to §2254, §1651 or in an Independant action. The Fifth Circuit denied leave to do so on 12-11-13 in U.S.C.A. No. 13-11083. See Exhibit "K" for the Fifth Circuits opinion appendix at pages 14 and 15. Calton then sued under §1983 for injunctive relief compelling the filing of the pretrial records. Calton named several Judges in their official Capacity and steve schiller in his official Copacity to obtain the injunction. The suit was dismissed against the Judges was dismissed in Cause No. 62-270690-14 on 5-21-04 For Lack Of Subject matter Jurisdiction. See Exhibits "L" and "M" For The Judge's motion To Dismiss and the Court's order Granting the Same appendix at pages 16-20. The suit against steve schiller was dismissed in Cause No. 153-270690-14 on 6-1-15 because the Court Reporter Argued and the court held that the Claims against the Court Reporter were barred by the doctrine found in Heck v Humphrey 512 U.S. 477 (1994). See Exhibits "N", "O", and "P"

Petition For writ Of mandamus page 3 of 24

For The Court Reporter's motion To Dismiss, His Reply To Calton's Response and the Court's order granting the motion To Dismiss appendix at pages 21-30.

## II

### Statement Of Jurisdiction

The Texas Constitution Provides That The Texas Court of Criminal Appeals and the Judges thereof "shall have power to issue writs of mandamus and all writs Necessary to enforce Jurisdiction. See Tex. Const. Art V § S.

## III

Issue# Steve Schiller has the ministerial duty to preparer certify and file the newly discovered pretrial hearing transcripts that mr. Schiller now has in his possession and that mr. Schiller now also Knows are relevant to the underlying offense. which said records were necessary for the effective, fair and meaningful appeal resolution of Appeal No. 02-04-228-CR

## IV

### Statement Of Facts

(1) The Trial Court entered its certification of Calton's Right to Appeal

on 5-20-04. Calton then timely submitted his Notice of Appeal on 5-20-04 and also filed his motion For Free Reporter's Record and Affidavit Of Inability To Pay For Counsel on 5-20-04. The court then entered its order Appointing Counsel for Appeal and order For Steve Schiller to prepare Reporter's Record. See Exhibits "Q", "R", "S" and "T" confirming the same appendix at pages 31-34.

(2) Barry Alford was Appointed As Appellate Counsel on Calton's behalf and forwarded Calton a copy of the brief Mr. Alford was going to file on Calton's behalf. At which time Calton informed Mr. Alford by and through numerous letters that Calton was requesting some transcripts that he believed were not included in the Reporter's Record which was the basis of Mr. Alford's brief. See Exhibits "U" Barry Alfords' Affidavit appendix at pages 35 and 36.

(3) After being put on notice about the omitted records Mr. Alford contacted Mr. Schiller about the matter of the omitted Records. At which time on or about 4-1-05 Mr. Schiller misled Mr. Alford into believing that the relevant omitted Pretrial records were not relevant to the underlying offense. But instead were erroneously alleged by Mr. Schiller to be in reference to other cases Calton also had pending at the time. See Exhibit "H", supra and Exhibit "U", supra.

(4) Mr. Schiller did not reveal the truth of the matter until 4-13-12. At which time Calton received evidence that confirmed that the records Calton had timely and diligently sought were in-

deed in reference to the underlying offense. See Exhibit "H", supra.

(5) Mr. Schiller forwarded Calton a copy of the pretrial hearing records on 5-2-12. See Exhibit "V" for Mr. Schiller's letter to Calton dated 5-2-12 appendix at page 37.

(6) On 12-7-12 Steve Schiller was found to be incompetent and was verbally reprimanded by the Court Reporter's Certification Board for his failure to prepare transcripts that were properly requested by Calton and for failing to make reasonably inquiries about the extent of the record. See Exhibit "W" for C.R.C.B. Final order in Cause No. 12-4665-22 appendix at pages 38-40

(7) On 7-24-15 Calton forwarded Steve Schiller a Demand letter by Certified mail label #7015 0640 0003 1881 4866. Said letter was also filed with the District Clerk on 8-5-15. Which demanded that Mr. Schiller prepare, certify, and file the relevant pretrial hearing records in the Appellate Court As A Supplement to the record on Appeal in Appeal No. 02-04-228-CR. See Exhibit "X" For Calton's Demand letter to Steve Schiller appendix at pages 41-43.

(8) Steve Schiller received said Demand letter on 7-30-15 as confirmed by the Return Receipt Card bearing Mr. Schiller's signature thereon. See Exhibit "Y" for the P.S. Form 3811 Domestic Return Receipt Card Appendix at page 44.

(9) However Steve Schiller refuses to carry out his ministerial duty by filing the relevant pretrial records that Steve Schiller now knows are relevant to the underlying offense.

Petition For Writ of mandamus page 6 of 24

## V

## Argument and Authority

### The Prose Pleading Standard Of Review

(A) The United States Supreme Court has instructed that Prose Pleadings should not be held to the same standards As those drafted by lawyers. See In re Taylor 28 SW 3d 240, 245 (Tex App Waco 2000) Citing Haines V Kerner 404 U.S. 512, 520 (1972); Also See Zuniga v Zuniga 13 sw3d 798, 803 (Tex. App San Antonio 1999 no pet); Barnes v State 832 sw2d 424, 426 (Tex. App San Antonio 1999, no pet); Birdo v DeBose 819 sw2d 212, 216 (Tex. App Waco 1991). Thus this Court should reasonably review the instant Petition "with patience and liberality". See In re Taylor 28 sw3d at 245 (Citing Barnes 832 sw2d at 426; Accord Birdo 819 sw2d at 216.

Although Relator in the instant case has not complied with Tex. R. App. P. Rule 52.7 (a) (1). Due to being indigent and unable to purchase certified or sworn copies of all documents material and in support of his writ of mandamus contained in the Accompanying Appendix in support thereof. Several Courts Apply a liberal standard when reviewing Prose pleadings and have considered the merits of original proceedings even though the Prose Relator's Pleadings failed to fully comply with the applicable rules governing such pleadings. See In re Taylor 28 sw3d at 247. Citing Woods v Alvarez 925 sw2d 119,

'21 (Tex App Corpus Christi, orig proceeding) overruled on the merits per curiam sub. nom. Bridgestone/Firestone, Inc v Thirteenth Court of Appeals 929 sw2d 440 (Tex 1996); Croner v Smith 812 sw2d 69, 70 (Tex. App. Houston [1st Dist] 1991, orig proceeding [leave denied]; Rosedale Partners, Ltd v 131st Judicial Dist. Ct. 869 sw2d 643, 646 (Tex. App. San Antonio 1994, orig proceeding) (orig proceeding not involving prose party). These courts have determined that, because most procedural defects in a mandamus pleading can be readily corrected and the pleading refiled, the interest of judicial economy sometimes justifies addressing the merits of the petition as originally filed. Id at 247. (citing woods 925 sw2d at 121; Croner 812 sw2d at 70; Rosedale Partners 869 sw2d at 646.

In fact most if not all of the documents contained in the Accompanying supporting appendix are in the public record and thus are not susceptible to dispute. see Langdale v Villamil 813 sw2d 187, 189-90 (Tex. App Houston [14th Dist] 1991, no pet) (Taking Judicial notice of judgment of disbarment because "the judgment is a matter of public record and "as such, it is capable of accurate and ready determination by resort to resource whose accuracy cannot be reasonably questioned")

(B) Standard of Review For mandamus Relief For Criminal Law matters

To obtain mandamus relief in criminal law matters, 'in criminal law matters, a Relator must establish that (1) the act he seeks to compel is ministerial, rather than

discretionary, and (2) no adequate remedy at law is available. See In re Risley 190 sw3d 853, 855 (Tex. App. Fort worth 2006) An Act is "ministerial", if it does not involve the exercise of any discretion: A ministerial act is one which is accomplished without the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal judgment. The Court of Criminal has described the ministerial act requirement as a requirement that the Relators have "a clear right to relief sought. See State ex rel Rodriquez v Marquez 4 sw3d 227, 228 (Tex. Crim App. 1999); State ex rel wade v mays 689 sw2d 893, 899 (Tex. Crim App. 1985). The relief sought must be "clear and indistinguishable indisputable" such that its merits are "beyond dispute I'd at 897. Thus under the ministerial Act/ clear legal right requirement, the law must "clearly spell out the duty to be performed with certainty that nothing is left to the exercise of discretion or judgment" Id at 899. Further the act must be "positively commanded and so plainly described under the law as to be free from doubt. See Buntion v Harmon 827 sw2d 945, 949 (Tex. Crim App. 1992). finally an act is ministerial if it constitutes a duty clearly fixed and required by law. See State ex rel Curry 726 sw2d 125, 128 (Tex. Crim App. 1987) (original Proceeding). Usually mandamus must be pursued in the lower courts. However due to Culton's right to speedy Trial and speedy Appeal are at stake. urgent necessity calls for the exercise of this Court's original jurisdiction of the court of last resort. See Love v wilcox 28 sw2d 515 (Tex 1930); Rhewark v shaw 628 sw2d 297, 302 (5th Cir 1980) (Due process can be denied by any substantial Retardation of the Appellate process, including an excessive delay in furnishing of a transcription of testimony necessary for the completion of the appellate record). An official Court Reporter is a sworn officer of the court and holds office at the pleasure of the court. The duties are vital to the judicial Process', the court Reporter must make a record

of the Court proceedings, make notes of objections and rulings, mark and file exhibits, prepare requested transcripts, and perform other acts relating to the reporter's official duties as the trial Court directs. See Exhibits "A", "B" and "C" for the verbatim Texts of Tex Gov't Code Ann §§ 2.046 and Tex. R. App. P. Rule 13.6 and 34.6. An official Court Reporter has the general duty to furnish a transcript of the reported evidence and proceedings in accordance with specific provisions of the Government Code. See Exhibit "A" supra, Tex. Gov't Code Ann § 52.046 (a)(5). An official Court Reporter is subject to mandamus for refusal to perform his official duties. See State v Creel 895 SW2d 899, 900 (Tex App. Waco 1995, orig proceeding); City of Ingleside v Johnson 537 SW2d 145, 150 (Tex. App. Corpus Christi 1976, orig proceeding)

It is the duty of the Court Reporter to prepare the statement of facts. See Graves v Gould 102 SW2d 114, 1116 (Tex. Civ. App. Fortworth 1936, no writ). Accordingly, before a writ of mandamus will be issued to require the reporter to prepare a statement of facts, the relator must show that a demand has been made of the reporter and that he has refused. See Stark v Dodd 76 SW2d 665, 669 (Tex. Civ. App. Beaumont 1934, no writ). Although Mr. Schiller is now retired. A Court Reporter who has resigned or is no longer employed in that capacity has the continuing duty to prepare statement of facts in those cases in which he was the official Court Reporter. See Boykin v Sala 636 SW2d 590, 591 (Tex. App San Antonio 1982)

## (C) Relator Had A Right To A Sufficient Record on Appeal Being Filed

Mandamus is appropriate to compel the performance of a duty, particularly where the judicial duty is ministerial. See General Motors Corp. v Evins 830 Sw2d 355, 357 (Tex. App. Corpus Christi 1992 orig proceeding). Also see Stoner v Massey 586 Sw2d 843, 846 (Tex. 1979) (The extraordinary writ may properly issue when there exists a legal duty to perform a ministerial act. There must be a demand and a refusal). Steve Schiller's duty to prepare, certify and file the requested pretrial hearing transcripts with the appellate court is ministerial pursuant to Tex. Gov't Code Ann § 52.046 and Tex. R. App. Rules 13.6 and 34.6, supra. See Exhibits "A", "B" and "C", supra. Especially in light of and read together with the herein facts, argument and authorities. Steve Schiller breach his ministerial duty when he refused to prepare, certify and file the requested pretrial hearing transcripts although relator has demanded Mr. Schiller to do so. See Exhibits "X" and "Y" supra. Therefore the first requirement of mandamus has been fullfilled.

Now the discussion on the second prong on the standard, whether Relator has an alternative other than mandamus adequate to remedy Mr. Schiller's refusal to prepare, certify and file the pretrial hearing transcripts as requested and demanded by relator. There is no provision for appeal concerning

Mr. Schiller's refusal to perform his ministerial duty to prepare, certify and file the pretrial hearing transcripts in the Appellate Court. The inability of Appeal leaves relator with no adequate remedy at law. See DeLeon v District Clerk 187 Sw3d 473, 474 (Tex. Crim. App. 2006). Therefore Relator has met the second requirement for mandamus relief. All requirement for mandamus Relief has been fullfilled.

## VI

An Indigents Statutory and 14Th Amendment Constitutional Right To A complete and sufficient record on Appeal is well Established

Although it is true that Mr. Schiller forwarded Calton some pretrial hearing records that Calton timely and diligently sought to have Included in the record on appeal back in 2005. As a supplemental Reporter's Record. See Exhibit "V" supra. merely providing Calton a personal copy of said records that sits idly in the locker of his prison cell. Does not benefit Calton and was a meaningless gesture from Mr. Schiller. What Calton needs is for Mr. Schiller to do is carry out his ministerial duty and file the records in the Appellate Court and explain the situation to them. See e.g. Villagomez Investments, L.L.C. v Magee 294 Sw3d 687, 688 (Tex. App [1st Dist] Houston 2009) (Court noting that Reporter sent an affidavit Confirming that the entire record had been destroyed by Hurricane Ike). Also see Rowell v State 66 Sw3d 279, 282 n. 13 (If

anything relevant is omitted from the Reporter's Record) the trial court, the Appellate Court or any party may by letter direct the official Court Reporter to prepare, certify and file in the Appellate Court A supplemental Reporter's Record containing the omitted items. Any Supplemental Reporter's Record is part of the Appellate Record")

The Texas Constitution grants a right to Appeal to all criminal litigants. See Nelson v Krusen 678 swdd 918, 911 (Tex 1984) Federal Due Process forbids that state from arbitrarily excluding certain parties from exercising that right. See Evitts v Lucey 105 s.ct 830, 840 (1985). Due process requires that once the state has created the Right of Appeal, it must, offer each defendant a fair opportunity to obtain an adjudication on the merits of his Appeal. Id at 841. Once an appeal of right has been granted the procedures used in deciding appeals must comport with the demands of Due Process and Equal Protection Clauses of the Constitution. See Evitts, supra. The Constitutional touchstone is that the Appellate procedure must furnish the components necessary for meaningful review. A state would deny a defendant such a "fair opportunity" if it reduced the appeal to a "meaningless ritual" by denying him the means to effectively press his appellate arguments. See Griffin v Illinois 351 U.S. 12 (1956) (Holding an indigent's right to free transcripts); Coppedge v United States 369 U.S. 438, 446 (1962) (Right to sufficient Transcript); Draper v Washington 372 U.S. 487, 496 (1963) (same); Hardy v United States 375 U.S. 277 (1964) (Right to Complete Transcript)

In "Griffin", the watershed of Supreme Court Transcript decisions the Supreme Court held that "destitute defendants must be

Petition For writ of mandamus    page 13 of 14

afforded as adequate appellate review as defendants who have money enough to buy transcripts. 351 U.S at 19. This holding rested on the "constitutional guarantees of due process and equal protection both of which call for procedures in criminal trials which allow no invidious discrimination between persons and different groups of persons" Id at 17. The supreme Court said plainly the ability to pay costs in advance bears no rational relationship to defendant's guilt or innocence Id at 17 and 18. And concluded that "there can be no equal justice where the kind of trial a man gets depends on the kind of money he has. Id at 19. This is so because "it is so fundamental that, once established, avenues of Appellate review must be kept free of unreasoned distinctions that can only impede open and equal access to the courts". See Rinaldi v Yeager 384 U.S. 305, 310 (1966)

Therefore in all cases the duty of the state is to provide the indigent as adequate and effective an appellate review as that given appellants with funds. See Draper 372 U.S. at 496. Calton had a statutory and constitutional Right to a complete record on appeal at state expense as an indigent appellant. See Abnor v State 712 Sw2d 132, 139-140 (Tex. Crim. App. 1986), Griffin 351 U.S. 12, supra. Under Texas Law an indigent defendant is entitled to a free transcript if he takes a direct appeal. See Ex Parte Trainer 181 Sw3d 358, 358-59 (Tex. Crim App. 2005), Also see Exhibits "Q", "R", "S" and "T", supra.

The Supreme Court has long held that Calton as an indigent appellant was constitutionally entitled to "the basic tools of an adequate defense or appeal, when those tools are

available for a price to others". See Britt v North Carolina 404 U.S. 226, 227 (1971) Citing Griffin, supra). Both Britt and Griffin involved free transcripts of trial proceedings. See Britt 404 U.S. at 226; Griffin 351 U.S. at 13.

The Supreme Court confirmed nearly 60 years ago " a record of sufficient completeness" contemplated by "Griffin comprehends those matters germane to points raised on Appeal, see Mayer v City of Chicago 404 U.S. 189 (1971). In terms of trial record this means the states must afford indigent appellants such as Calton a "Record of sufficient completeness" to permit considerations of his claims since atleast 1962. See Coppedge v United States 369 U.S. 430, 446 (1962); Also see Draper v Washington 372 U.S. 487, 496 (1963); Hardy v United States, supra; Entsminger v Iowa 386 U.S. 748, 752 (1967); Specht v Patterson 386 U.S 605, 610 (1967); Gardner v California 393 U.S. 367, 368 (1969)

without the availability of the pretrial transcripts at his disposal. Mr. Alford as appellate counsel was unable to review the speedy Trial hearings evidence proffered by Calton during the multiple speedy Trial hearings - See Exhibits "2" and "AA" excerpts p.9 and 10 of trial Court's memorandum, Findings of Fact, conclusion of Law and order filed on 1-9-07 in reference to writ No. C-213-007618-0843168 -A app. at pages 45 and 46. As the Supreme Court held in Mayer v City of Chicago Calton cannot be denied a record of sufficient completeness, "to permit proper considerations of his claims. 404 U.S at 198. In the context of criminal prosecutions, due process requires a record of the trial proceedings in order to allow meaningful and effective appellate review. See Entsmin-

minger 386 U.S. at 752. The supreme Court has stated that it is a criminal defendant's access to the record which makes any appellate review meaningful. see Gardnes 393 U.S. at 368. Accordingly, "There can be no doubt that the state must provide an indigent defendant with a transcript when that transcript is needed for an effective defense or appeal. See Britt 404 U.S. at 227.

Further the Supreme Court has emphasized that the holdings in the line of cases that began with "Griffin", involving a criminal defendant's right of access to a transcript, are firmly rooted in both the due process and equal protection clauses of the 14th Amendment. see Evitts 469 U.S. at 403-04. Even, if the Due Process and Equal Protection Clauses of the constitution do not require the government to create a statutory system [as it has in Texas] must allow all appellants unfettered and equal access to it. see Evitts Supra, Griffith, supra (holding that government has a due process duty not to limit the opportunity of statutory created direct appeal in a criminal case). As the Supreme Court stressed in "McCoy v Court of Appeals" mr. Alford should have had the opportunity to have the complete record at his disposal. Thus would have afforded mr. Alford the reasonable opportunity to master the trial record, thoroughly research the law, and exercise judgment identifying arguments that may be advanced on Appeal. 486 U.S. 429, 439 (1988)

Additionally as the supreme Court in "Douglas v California confirmed Calton would have benefitted from mr Alfords examination of the omitted pretrial hearing transcripts memorializing

the Right to Speedy Trial Violation Claim and the Brady Violation Claim, research the law and marshall an argument on Calton's behalf on both of these constitutional dimension claims during Calton's first appeal as A matter of Right. 372 U.S. 353, 358 (1963)

The 14th Amendment guarantees a criminal defendant pursuing a first appeal as of right receive certain minimal safeguards necessary to make that appeal adequate and effective". See Evitts 469 U.S. at 392 (Quoting Griffith 351 U.S. at 20). If state law provides criminal defendants a right to appeal, "the procedures used in deciding appeals must comport with the demands of the Due Process and equal protection clauses of the constitution." See Evitts 469 U.S. at 393. An appellate process satisfies those constitutional concerns by providing a criminal appellant the "minimum safeguards necessary" to make the appeal "adequate and effective". See Smith v Robbins 528 U.S. 259, 276-77 (2000). States must, therefore, afford indigent defendants adequate and effective appellate review. Id at 276. "A state procedure provides such review so long as it reasonably ensures that an indigents appeal will be resolved in a way that is related to the merit of that appeal" Id at 276. A court cannot make available a trial transcript to those who can afford it, but deny transcripts to those who are indigent. See Griffin v Illinois U.S. at 18-20. Finally the Court of Criminal Appeal has spoken clearly about the matter. That Calton must be provided a complete statement of facts at state expense as an indigent appellant. See Hernandez v State 785 Sw2d 825, 826 (Tex. Crim. App 1990). As a result of the omission

of the pretrial hearing records from the record on Appeal. Sustains the fact that the Appellate Court's Resolution of Calton's Direct Appeal was not fundamentally fair and the resulting affirmance of Calton's conviction by the Appellate Court was unreasonable and the Affirmance of Calton's conviction was not reliable.

## VII

### Relator's Justifiable Explanation Precludes A Laches waiver and/or Defense

Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. See In re users Sys. Servs., Inc. 221 SW3d 331, 331 (Tex 99) (orig proceeding); Rivercenter Assocs. v Rivera 858 SW2d 366, 367 (Tex. 1993) orig proceeding); In re Hinterlong 109 SW3d 611, 620 (Tex. App. Fortworth, 2003, orig proceeding). One of these equitable principles is that equity aids the diligent and not those who slumber on their rights. See Rivercenter Assocs 858 sw2d at 367; In re Hinterlong 109 sw3d at 620. Thus, mandamus relief may be denied when a party inexplicably delays asserting its rights. See e.g. Rivercenter Assocs 858 sw2d 367; In re Hinterlong 109 sw3d at 620. In determining if Calton's delay in seeking mandamus relief bars issuance of the writ, a court may analogize to the doctrine of laches, which bars equitable relief. See In re Roxane 249 sw3d 764, 771 (Tex. App. Fortworth 2008) (citing In re Hinterlong 109 sw3d at 620)

In The instant Ease Calton's delay in bringing mandamus relief was due to Calton's diligent attempt to obtain relief on his claims under state Habeas Corpus pursuant to T.C.C.P. Art 11.07

and under Federal Habeas Law 28 U.S.C. §2254. After several rounds of each to no avail Calton then proceeded to obtain relief under 42 U.S.C. §1983 in both the state and Federal Court. A prerequisite to obtaining mandamus Relief is to show and prove that there is not another plain, effective, and adequate remedy to obtain relief to which he may be entitled. A writ of mandamus is an extraordinary remedy that compels a respondent to perform some ministerial act. Often involved are sensitive questions concerning an elected official's authority to perform a particular duty. To assure that a relator will not prematurely apply for extraordinary relief via mandamus. The Court of Criminal Appeals, consistent with the Supreme Court of Texas, require that a Relator must show he has no other remedy at law before mandamus will issue. See Smith v Flack 728 SW2d 284, 292 (Tex. Crim App. 1987). See statement of the case above. Also see the Accompanying Relator's Affidavit explaining Justifiable Delay in seeking mandamus Relief at pages 2-7 paragraphs 4-27 on file herein.

mandamus only lies ordinarily when it is utilized as the last resort. See Marion v Lockhart 114 SW2d 216 (Tex 1938). There is no other way to sustain the fact that there is not another plain, effective and adequate remedy for Calton to obtain the relief requested herein. Other than to exhaust each and everyone of these remedies Calton has exhausted to no avail in obtaining any relief sought therein. Thus distinguishing the instant case from "Rivercenter Assocs" where mandamus relief was denied for failure to show justification for the delay 858 SW2d at 367. Also see Bailey v Baker 696 SW2d 255, 256 (Tex. App. Houston [14th Dist] 1985 orig proceeding) (leave to file denied where record revealed no explanation for delay in

seeking mandamus relief. Had Calton initially sought mandamus on this issue he would have been denied relief and told that Habeas Corpus under Art. 11.07 was the proper remedy to relief. See e.g. Olivio v State 918 SW2d 519, 525 n. 8 (Tex Crim App. 1986); In re Harrison 187 sw3d 199, 200 (Tex. App. Texarkana 2006)(orig proceeding). The above statement of the case and the accompanying supporting Affidavit explaining Calton's Justification For The Delay in seeking mandamus Relief. Sustains the fact that Calton has not slept on his rights. But Calton has done all he can do as quick as he can do it under his extensive psychotropic and health conditions and ailments medication regimen. In his diligent attempt to obtain relief as a mentally ill prose litigant. See Relator's Affidavit Explaining Justifiable Delay In seeking mandamus Relief on file herein at pages 7-10 paragraphs 29-37. Also see Weekley v Jones 927 F2d 382, 385-86 (8th Cir 1991) (prisoner's prose status, his impaired mental health and his use of psychotropic medications constituted good cause)

   Although relator has known since 4-13-12 that due to steve schiller's incompetent court Reporting Practices. Relevant pretrial Records were omitted from Relator's Direct Appeal and those omitted records were necessary for effective, fair and meaningful appeal resolution. However delay alone does not generally establish a mandamus waiver. See In re Southwestern Bell Tel. Co. L.P. 226 SW3d 400, 403 (Tex 2007) (Citing In re Vista Ins. Group Inc 192 SW3d 759, 763 (Tex 2006). Therefore this Court cannot reasonably sua sponte enforce the Laches defense to bar Calton relief under mandamus. This Court should reasonably let the Respondent

Petition For Writ Of mandamus page 20 of 24

Plead and prove the laches defense. Especially in light of the fact that it was the Respondent whose material misrepresentation to the defense. When Mr. Schiller alleged to Appellate Counsel that the records the defense had inquired about were in reference to other cases that Calton also had pending at the time. Which the defense reasonably accepted as the truth of the matter coming from a sworn officer of the court. See Exhibit "H", supra, Mr. Schiller's was the direct cause for most of the delay in Calton's diligent attempt to procure the relevant pretrial hearing records. See e.g. Dobbs v Zant 113 S.Ct 835, 836 (1993) (The entire transcript should have been made available for Dobb's Direct Appeal and the State represented to this Court that the sentencing phase closing arguments could not be transcribed Dobb's position that he legitimately relied on the state's representation is well taken). The Dobb's court went on to state on the facts of this case, exclusion of the transcript cannot be justified by delay in its discovery. The delay resulted substantially from the states' assertion that closing arguments had not been transcribed.

Thus in the instant case the burden is on Respondent to establish both elements of the laches defense. A party asserting the defense of laches must show both an unreasonable delay by the other party in asserting its right and harm resulting to it because of the delay. See Rogers v Ricane Enterprises, Inc 772 SW2d 76, 80 (Tex. 1989); In re Interlong 109 SW3d at 620; In re Bahn 20 SW3d 865, 871 (Tex. App. Fortworth 2000 orig proceeding). Indistinguishable from the time period the Relator in "Roxsane" sought mandamus relief. Approximately a 2 1/2 year time period since 4-13-12. Which is the date Calton received a copy

of steve schiller's answer to Calton's complaint made with the C.R.C.B. against mr. schiller in his capacity as a shorthand Reporter. And there may be the occasional period of delay from court to court and the filing of pleading to pleading. However, overall the record in the instant case shows a pattern by Calton trying to seek relief from each of the Courts in both state and Federal Tribunals. As well as Calton's diligent attempt to informally resolve the matter on an administrative level in an informal resolution with the C.R.C.B. and mr. schiller. see In re Roxsare 249 sw3d at 771 (Court stating although the record shows periods of delay by Roxsare in seeking relief as to the petition in intervention, overall, the record also shows a pattern by Roxsare of trying to seek relief from each of the trial courts involved)

This court therefore can reasonably conclude that Calton did not unreasonably delay in seeking a complete and sufficient record on appeal and the necessary out-of-time Appeal to utilize said record. Thus a review and consideration on the merits of Calton's petition is warranted. see In re Roxsare 249 sw3d at 772 (Courtheld that the record shows that Roxsare did not unreasonably delay in seeking relief as to the propriety of the petition of intervention. Thus, we will review and consider the merits of Roxsare's complaint in this mandamus proceeding). Calton has shown and explained the reason for the gaps in seeking delay and the overall 2 1/2 year delay in seeking mandamus in the instant court. which presents a circumstance that mandates respondent and the real parties in interest to show both an unreasonable delay by Calton in asserting his rights and harm resulting to it because

of the delay. See In re Bahn 13 sw3d at 871 (citing Sanchez v Hester 911 sw2d 173,175 (Tex. App. Corpus Christi 1995 orig proceeding). Additionally as a matter of law Calton's explanation as contained in his Accompanying Affidavit on file herein and the statement of the case above are sufficient to establish as a matter of law that Calton has not slept or slumbered on his rights. See Rivercenter Assocs. 858 sw2d at 867/ In re Hinterlong 109 sw3d at 620 (Court noting counsel for Hinterlong filed an Affidavit providing a reasonable explanation for the delay).

## (Prayer)

wherefore premises considered, Relator Respectfully prays and moves this Court For Mandamus Relief. This Court should conditionally grant relator's petition and direct Respondent Steve Schiller to prepare, certify and file any and all of the pretrial hearing records Mr. Schiller now Knows are in reference to Cause No. 0843168. Said records should be filed as a supplemental record to the record on Appeal for Appeal No. 02-04-229-CR. In the alternative as is custom of the Court of Criminal Appeals, this Court, may withhold issuance of the writ and Afford Mr. Schiller the opportunity to conform his actions to this Court's order. See State ex rel Hill v Pirtle 887 sw2d 921,932 (Tex Crim App 1994) "Only if such action is not taken will the writ of mandamus issue" Id at 932. Calton further moves for any and all other relief he may be justly entitled to by law and equity.

Respectfully Submitted,
Allen "F4 Calton

## Certification

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit in Jefferson County, TX. Due hereby state under the penalty of perjury that I have reviewed the foregoing petition and concluded that every factual statements in the petition are supported by competent evidence included in the accompanying appendix. This Court can take judicial notice of all documents contained therein are in the public record. See Langdale 813 SW2d at 189-90 (Taking judicial notice of a judgment of disbarment because "the judgment is a matter of public record" and "such, it is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned") Executed on 8-18-15.       Allen "F" Calton

## Proof Of Service

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas due hereby state under the penalty of perjury that a copy of the foregoing petition for writ Of mandamus was first class mailed to Steve Schiller 1908 Dogwood Dr. Arlington, TX. 76012; Judge Louis Sturns, 401 w. Belknap St, Ft. Worth, TX. 76196, Charles Mallin 401 w. Belknap St, Ft. Worth, TX. 76196, and District Clerk Thomas wilder 401 w. Belknap St, Ft worth, TX. 76196 on 8-18-15.
Executed on 8-18-15       Allen "F" Calton

Petition For writ Of mandamus   page 24 of 24

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        08/18/15
ST55/LS00069                IN-FORMA-PAUPERIS DATA              09:06:51
TDCJ#: 01123880 SID#: 03437930 LOCATION: STILES        INDIGENT DTE: 03/26/15
NAME: CALTON, ALLEN FITZGERALD         BEGINNING PERIOD: 02/01/15
PREVIOUS TDCJ NUMBERS: 00484586
CURRENT BAL:        0.00 TOT HOLD AMT:       0.00 3MTH TOT DEP:       0.00
6MTH DEP:        153.57 6MTH AVG BAL:      28.84 6MTH AVG DEP:       25.60
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
07/15      0.03           0.00        04/15      0.23           0.00
06/15      0.03           0.00        03/15    137.36           0.00
05/15      0.13           0.00        02/15    142.71         153.57
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF Jefferson
ON THIS THE 18th DAY OF August ,15, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: 1123880 OR SID NUMBER: _____



STEPHANIE LUTE
Notary Public, State of Texas
My Commission Expires
03/03/2018

Notary without Bond

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

AUG 26 2015

Abel Acosta, Clerk

Clerk,                                                    8-18-15

    Re: In re Allen "F" Calton

    Please find enclosed the original and a face page of

(1) Petition For writ Of mandamus

(2) Relator's Affidavit Appendix In support of this writ of mandamus

(3) Relator's Affidavit Explaining Justifiable delay In seeking mandamus Relief
(4) motion For Leave To File The Accompanying mandamus Petition
(5) Relator's Declaration Confirming Previous Fillings
(6) motion For Leave To File The mandamus petition without multiple copies
    and A Copy that's certified and notarized of my Inmate
Trust Fund Account statement. File the originals of the same
that will be in reference to the styled cause above.
Also file mark the face pages of each and apply the
Cause number to each face page and Return the
face pages back to me in the S.A.S.E. also
enclosed.

                                        Thank You,
                                        Allen "F" Calton

Allen "F" Calton # 1123880                   RECEIVED IN
Stiles Unit                            COURT OF CRIMINAL APPEALS
3060 Fm 3514
Beaumont, Tx. 77705                          AUG 26 2015

                                          Abel Acosta, Clerk

Cause No. _____

In re Allen "F" Calton

Relator

In The Court

Of

Criminal Appeal Of Texas

Relator's Motion For Leave To File
The Accompanying Petition For writ of mandamus

To The Honorable Judges Of said

Now Comes Relator Allen "F" Calton (Relator) and moves this Court Pursuant to T.R.AP. Rule 72.1 for leave to file the Accompanying Petition For writ Of mandamus.

wherefore premises considered Relator Respectfully moves this Court for leave to file the Accompanying Petition For writ Of mandamus.

Respectfully Submitted,
Allen "F" Calton

Proof Of Service

I hereby certify that a copy of the foregoing was first class mailed to steve Schiller 1908 Dogwood Dr. Arlington, Tx. 76012 Judge Louis Sturns 401 w. Belknap st., Ft worth, Tx. 76196 and Charles Mallin 401 w. Belknap st, Ft worth, Tx 76196 On 8-18-15.

Allen "F" Calton

motion For Leave To File Petition For writ Of mandamus page 1 of 1

Cause No. _____

In re Allen "F" Calton                 In The Court

                                            Of

Relator                              Criminal Appeal Of Texas

Relator's motion For Leave To File The Accompanying Petition
For writ Of mandamus without The Required multiple Copies

To The Honorable Judges of Said Court.

Now Comes Relator Allen "F" Calton and files this his motion for
Leave To File The Accompanying Petition For writ Of mandamus
without the Required Amount of multiple Copies As Re-
quired by this Court. Relator moves the Court pursuant to
T.R.A.P. Rule 2 for such leave. Would show in Support
As Follows:

I

(1) Relator is proceeding Prose, is indigent, mentally ill and has
no access to a Copy machine to make additional copies.
Thus Relator would have to miss several doses of
his medication for major depression to write so many
Copies.

(2) Relator missing so many doses poses a substantial risk
to his health and safety. Due to such a depressed state
when going without his medication For Long periods
of time. See Relator's Affidavit Explaining Justifiable

motion For Leave To Not Have To File multiple copies p.1 of 2

Delay in seeking mandamus relief. On file herein at pages 7-10 paragraphs 29-37.

Wherefore, premises considered, Relator moves this Court for leave to file the Accompanying Relator without the required amount of multiple Copies as required by the Texas Rule of Appellate Procedure.

Respectfully Submitted,

Allen "F" Calton

## Proof Of Service

I hereby certify that a copy of the foregoing was first class mailed to Steve Schiller 1908 Dogwood Dr. Arlington, TX. 76012 / Judge Louis Sturns 401 W. Belknap St., Ft. Worth, TX. 76196 and Charles Mallin 401 W. Belknap St, Ft. Worth, TX. 76196 on 8-18-15.

Allen "F" Calton

motion For Leave To Not Have To File multiple Copies p. 2 of 2

Cause NO. _____

In re Allen "F" Calton ⎰
                        ⎱        In The court
                                        of
Relator                         Criminal Appeals

Relator's Affidavit Appendix In support of His writ of mandamus

To The Honorable Judge of said Court:

Now comes Allen "F" Calton (Relator) and files this his Affidavit Appendix as a self contained document Numbered sequentially In support of His petition for writ of mandamus.

(1) Allen "F" Calton #1123880, the undersigned .states that I em over twenty one years of age, of sound mind, capable of making this affidavit, and have personal Knowledge of the fact that the attached and incorporated documents are true and correct copies of the originals and I can testify to the same and swear under the penalty of perjury below as this being the truth of the matter.

(2) I am representing myself in the above referenced action as a Prose Relator.

(3) Attached as Exhibit "A" Is the verbatim Test Of Tex. Gov't Code Am§ 52.046 Appendix at page1

Relator's Affidavit Appendix Index page 1 of VI

(4) <u>Attached as Exhibit "B"</u> Is the verbatim Text of Tex. R.App. P. Rule 13 Appendix at page 2

(5) <u>Attached as Exhibit "C"</u> Is the verbatim Text Of Tex. R.App. P. Rule 34 Appendix at pages 3-5

(6) <u>Attached as Exhibit "D"</u> Is a true and correct Copy Of excerpt of Court Reporter's Record For Trial Cause No. 0752783 volume 4 p.67 Lines 3-8) appendix at page 6

(7) <u>Attached as Exhibit "E"</u> Is a true and correct Copy of excerpt page 11 of Trial Court's memorandum, Findings of Fact, Conclusion Of Law and Order Filed on 1-9-07 in reference to writ No. C-213-007618-0843168 A Appendix at page 7.

(8) <u>Attached as Exhibit "F"</u> Is a true and correct copy of excerpt page 24 of Trial Court's memorandum, Findings of Fact, Conclusion Of Law and Order filed on 1-9-07 in reference to writ No. C-213-007618-0843168-A appendix at page 8

(9) <u>Attached as Exhibit "G"</u> Is a true and correct Copy of excerpt page 25 of trial Court's memorandum, Findings of Fact, Conclusion of Law and order filed on 1-9-07 in reference to writ No. C-213-007618-0843168-A appendix at page 9.

(10) <u>Attached as Exhibit "H"</u> Is a true and correct Copy of Steve Schiller's Answer To Allen "F" Calton's Complaint to the Relator's Affidavit Appendix Index page ii of vi

Court Reporter's Certification Board appendix pages 10 and 11

(11) Attached as Exhibit "I" order From The Texas Court of Criminal Appeals dated 10-30-13 appendix page 12

(12) Attached as Exhibit "J" is a true and correct copy of the correspondence From The Texas Court of Criminal Appeals dated 5-22-14 Appendix at page 13

(13) Attached as Exhibit "K" is a true and correct copy of the order from the u.s. Court of Appeals Fifth Circuit Denying Calton Leave To File a successive §2254 petition For writ of Habeas Corpus Appendix at pages 14 and 15.

(14) Attached as Exhibit "L" is a true and correct Copy of the Defendant Judges Answer and motion To Dismiss For Lack of subject matter Jurisdiction Appendix at pages 16-19.

(15) Attached as Exhibit "M" is a true and correct copy of the Judgment Granting Defendant Judges motion To Dismiss For Lack of subject matter Jurisdiction Appendix at page 20

(16) Attached as Exhibit "N" is a true and correct copy defendant steve schillers First Amended Answer and motion To Dismiss Pursuant to chapter 14 of the Texas Civil Practice and Remedies Code Appendix at pages 21-26.

(17) Attached as Exhibit "O" is a true and correct Copy Defendant steve schillers Reply To Plaintiff's Response To Defendant motion To Dismiss pursuant to Chapter 14 of the Tex. Civil Prac and Remedies

relator's Affidavit Appendix Index page III of VI

Code appendix at pages 27-29.

(18) <u>Attached as Exhibit "P"</u> is a true and correct the order Granting Defendant Steve Schiller's Motion To Dismiss Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code Appendix at page 30

(19) <u>Attached as Exhibit "O"</u> is a true and correct copy of the Trial Court's Certification Of Defendants Right To Appeal Appendix at page 31

(20) <u>Attached as Exhibit "R"</u> is a true and correct copy of Allen "F" Carlton Notice Appeal Appendix at page 32

(21) <u>Attached as Exhibit "S"</u> is a true and correct copy of motion For Free Reporter's Record and Affidavit of Inability To Pay For Counsel and Reporter's Record Appendix at p.33

(22) <u>Attached as Exhibit "T"</u> is a true and correct copy of order Appointing Counsel For The Appeal and order For Court Reporter Steve Schiller To Prepare Reporter's Record Appendix at page 34

(23) <u>Attached as Exhibit "U"</u> is a true and correct copy of Appellate Counsel Barry Alford's Affidavit appendix at pages 35 and 36

(24) <u>Attached as Exhibit "V"</u> is a true and correct copy of Letter To Allen "F" Carlton from Steve Schiller dated 5-2-12 Appendix at page 37

Relator's Affidavit Appendix Index page iv of vi

(25) _Attached as Exhibit "W"_ is a true and correct copy of the Final order from The Court Reporter Certification Board dated 12-7-12 in the matter of steve Schiller Cause No. 12-4665-12 Appendix at pages 38-40

(26) _Attached as Exhibit "X"_ is a true and correct of Calton's Demand Letter To steve Schiller appendix at pages 41-43

(27) _Attached as Exhibit "Y"_ is a true and correct copy of PS Form 3811 Domestic Return Receipt Card Appendix at page 44

(28) _Attached as Exhibit "Z"_ Is a true and correct copy of excerpt page 9 of trial Court's memorandum, Findings of Fact, Conclusion Of Law and Order Filed on 1-9-07 in reference to writ No. C-213-007618-0843168 -A appendix at page 45

(29) _Attached as Exhibit "AA"_ Is a true and correct copy of excerpt page 10 of Trial Court's memorandum, Findings of Fact, Conclusion Of Law and Order Filed on 1-9-07 in reference to writ No. C-213-007618-0843168 -A appendix at page 46

Respectfully Submitted,

allen "F" Calton

Verification

I, Allen "F" Calton #1123880, being presently incarcerated at the Stiles Unit, in Jefferson County, Texas, declare under the penalty of perjury that the foregoing documents attached hereto are true and correct copies of the originals and I have personal Knowledge of the same and the same is based on personal Knowledge.
Executed on 8-18-15    allen "F" Calton

Relator's Affidavit Appendix Index page V of VI

# Proof Of Service

I, Allen "F" Calton #1238880, incarcerated at the stiles Unit, in Jefferson County, Texas due hereby State under The penalty of perjury that a copy of the foregoing petition. For writ of mandous was first class mailed to Steve schiller 1908 Dogwood Dr., Arlington, TX. 76012 ; Judge Louis Stuns 401 W. Belknap St, Ft worth, TX. 76196, Charles mallin 401 w. Belknap st, Ft. worth, TX 76196, and District Clerk Thomas wilder 401 w. Belknap st., Ft. worth, Tx. 76196 on 8-18-15.

Executed on 8-18-15          Allen "F" Calton

Relator's Affidavit Appendix page VI of VI

## § 52.046. General Powers and Duties

(a) On request, an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

(b) An official court reporter of a district court may conduct the deposition of witnesses, receive, execute, and return commissions, and make a certificate of the proceedings in any county that is included in the judicial district of that court.

(c) The supreme court may adopt rules consistent with the relevant statutes to provide for the duties and fees of official court reporters in all civil judicial proceedings.

(d) A judge of a county court or county court at law shall appoint a certified shorthand reporter to report the oral testimony given in any contested probate matter in that judge's court.

Exhibit "A" appendix at page 1

## Rule 13. Court Reporters and Court Recorders

### 13.1. Duties of Court Reporters and Recorders

The official court reporter or court recorder must:

(a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings;

(b) take all exhibits offered in evidence during a proceeding and ensure that they are marked;

(c) file all exhibits with the trial court clerk after a proceeding ends;

(d) perform the duties prescribed by Rules 34.6 and 35; and

(e) perform other acts relating to the reporter's or recorder's official duties, as the trial court directs.

Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003.

#### Notes and Comments

Comment to 2002 change: Subdivision 13.1(a) is amended merely for clarification.

### 13.2. Additional Duties of Court Recorder

The official court recorder must also:

(a) ensure that the recording system functions properly throughout the proceeding and that a complete, clear, and transcribable recording is made;

(b) make a detailed, legible log of all proceedings being recorded, showing:

(1) the number and style of the case before the court;

(2) the name of each person speaking;

(3) the event being recorded such as the voir dire, the opening statement, direct and cross-examinations, and bench conferences;

(4) each exhibit offered, admitted, or excluded;

(5) the time of day of each event; and

(6) the index number on the recording device showing where each event is recorded;

(c) after a proceeding ends, file with the clerk the original log;

(d) have the original recording stored to ensure that it is preserved and is accessible; and

(e) ensure that no one gains access to the original recording without the court's written order.

Eff. Sept. 1, 1997.

### 13.3. Priorities of Reporters

The trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities. The reporter's duties relating to proceedings before the court take preference over other work.

Eff. Sept. 1, 1997.

### 13.4. Report of Reporters

To aid the trial court in setting priorities under 13.3, each court reporter must give the trial court a monthly written report showing the amount and nature of the business pending in the reporter's office. A copy of this report must be filed with the appellate clerk of each district in which the court sits.

Eff. Sept. 1, 1997.

### 13.5. Appointing Deputy Reporter

When the official court reporter is unable to perform the duties in 13.1 or 13.2 because of illness, press of official work, or unavoidable absence or disability, the trial court may designate a deputy reporter. If the court appoints a deputy reporter, that person must file with the trial court clerk a document stating:

(a) the date the deputy worked;

(b) the court in which the deputy worked; and

(c) the number and style of the case on which the deputy worked.

Eff. Sept. 1, 1997.

### 13.6. Filing of Notes in a Criminal Case

When a defendant is convicted and sentenced, or is granted deferred adjudication for a felony other than a state jail felony, and does not appeal, the court reporter must—within 20 days after the time to perfect the appeal has expired—file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk need not retain the notes beyond 15 years of their filing date.

Eff. Sept. 1, 1997.

## Rule 14. Recording and Broadcasting Court Proceedings

### Notes and Comments

Comment to 1997 change: This is former Rule 21. The rule is rewritten and now allows recording and broadcasting of court proceedings at the discretion of the court and subject to the stated guidelines.

### 14.1. Recording and Broadcasting Permitted

An appellate court may permit courtroom proceedings to be broadcast, televised, recorded, or photographed in accordance with this rule.

Eff. Sept. 1, 1997.

### 14.2. Procedure

(a) *Request to Cover Court Proceeding.*

(1) A person wishing to broadcast, televise, record, or photograph a court proceeding must file

Exhibit "B" appendix at page 2

# Rule 34. Appellate Record

## 34.1. Contents

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Even if more than one notice of appeal is filed, there should be only one appellate record in a case.
Eff. Sept. 1, 1997.

## 34.2. Agreed Record

By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record. An agreed record will be presumed to contain all evidence and filings relevant to the appeal. To request matter to be included in the agreed record, the parties must comply with the procedures in Rules 34.5 and 34.6.
Eff. Sept. 1, 1997.

## 34.3. Agreed Statement of the Case

In lieu of a reporter's record, the parties may agree on a brief statement of the case. The statement must be filed with the trial court clerk and included in the appellate record.
Eff. Sept. 1, 1997.

## 34.4. Form

The Supreme Court and Court of Criminal Appeals will prescribe the form of the appellate record.
Eff. Sept. 1, 1997.

## 34.5. Clerk's Record

(a) *Contents.* Unless the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following:

(1) in civil cases, all pleadings on which the trial was held;

(2) in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

(3) the court's docket sheet;

(4) the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;

(5) the court's judgment or other order that is being appealed;

(6) any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

(7) the notice of appeal;

(8) any formal bill of exception;

(9) any request for a reporter's record, including any statement of points or issues under Rule 34.6(c);

(10) any request for preparation of the clerk's record;

(11) in civil cases, a certified bill of costs including the cost of preparing the clerk's record, showing credits for payments made;

(12) in criminal cases the trial court's certification of the defendant's right of appeal under Rule 25.2; and

(13) subject to (b), any filing that a party designates to have included in the record.

(b) *Request for Additional Items.*

(1) Time for Request. At any time before the clerk's record is prepared, any party may file with the trial court clerk a written designation specifying items to be included in the record.

(2) Request Must Be Specific. A party requesting that an item be included in the clerk's record must specifically describe the item so that the clerk can readily identify it. The clerk will disregard a general designation, such as one for "all papers filed in the case."

(3) Requesting Unnecessary Items. In a civil case, if a party requests that more items than necessary be included in the clerk's record or any supplement, the appellate court may—regardless of the appeal's outcome—require that party to pay the costs for the preparation of the unnecessary portion.

(4) Failure to Timely Request. An appellate court must not refuse to file the clerk's record or a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record.

(c) *Supplementation.*

(1) If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.

(2) If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law as required by law, or certification of the defendant's right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions.

(3) Any supplemental clerk's record will be part of the appellate record.

(d) *Defects or Inaccuracies.* If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.

Exhibit "C" appendix at page 3

(e) *Clerk's Record Lost or Destroyed.* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

(f) *Original Documents.* If the trial court determines that original documents filed with the trial court clerk should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those original documents. The order must list the original documents and briefly describe them. All the documents must be arranged in their listed sequence and bound firmly together. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original document.

(g) *Additional Copies of Clerk's Record in Criminal Cases.* In a criminal case, the clerk's record must be made in duplicate, and in a case in which the death penalty was assessed, in triplicate. The trial court clerk must retain the copy or copies for the parties to use with the court's permission.

(h) *Clerk May Consult With Parties.* The clerk may consult with the parties concerning the contents of the clerk's record.

Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003.

### Notes and Comments

Comment to 2002 change: Rule 34.5(a) is amended to require that the record in a criminal case include the certification of defendant's right of appeal; see Rule 25.2(d). Rule 34.5(c) is amended to make clear that an appellate court may order the trial court to make such a certification for inclusion in a supplemental clerk's record.

## 34.6. Reporter's Record

(a) *Contents.*

(1) Stenographic Recording. If the proceedings were stenographically recorded, the reporter's record consists of the court reporter's transcription of so much of the proceedings, and any of the exhibits, that the parties to the appeal designate.

(2) Electronic Recording. If the proceedings were electronically recorded, the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties

to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2.

(b) *Request for Preparation.*

(1) Request to Court Reporter. At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record. The request must designate the exhibits to be included. A request to the court reporter—but not the court recorder—must also designate the portions of the proceedings to be included.

(2) Filing. The appellant must file a copy of the request with the trial court clerk.

(3) Failure to Timely Request. An appellate court must not refuse to file a reporter's record or a supplemental reporter's record because of a failure to timely request it.

(c) *Partial Reporter's Record.*

(1) Effect on Appellate Points or Issues. If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may designate additional exhibits and portions of the testimony to be included in the reporter's record.

(3) Costs; Requesting Unnecessary Matter. Additions requested by another party must be included in the reporter's record at the appellant's cost. But if the trial court finds that all or part of the designated additions are unnecessary to the appeal, the trial court may order the other party to pay the costs for the preparation of the unnecessary additions. This paragraph does not affect the appellate court's power to tax costs differently.

(4) Presumptions. The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

(5) Criminal Cases. In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

*Exhibit "C" appendix at page 4*

(d) *Supplementation.* If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record.

(e) *Inaccuracies in the Reporter's Record.*

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

(f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

(g) *Original Exhibits.*

(1) Reporter May Use in Preparing Reporter's Record. At the court reporter's request, the trial court clerk must give all original exhibits to the reporter for use in preparing the reporter's record. Unless ordered to include original exhibits in the reporter's record, the court reporter must return the original exhibits to the clerk after copying them for inclusion in the reporter's record. If someone other than the trial court clerk possesses an original exhibit, either the trial court or the appellate court may order that person to deliver the exhibit to the trial court clerk.

(2) Use of Original Exhibits by Appellate Court. If the trial court determines that original exhibits should be inspected by the appellate court or sent to that court in lieu of copies, the trial court must make an order for the safekeeping, transportation, and return of those exhibits. The order must list the exhibits and briefly describe them. To the extent practicable, all the exhibits must be arranged in their listed order and bound firmly together before being sent to the appellate clerk. On any party's motion or its own initiative, the appellate court may direct the trial court clerk to send it any original exhibit.

(h) *Additional Copies of Reporter's Record in Criminal Cases.* In a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk. In a case where the death penalty was assessed, the court reporter must prepare two duplicates of the reporter's record.

(i) *Supreme Court and Court of Criminal Appeals May Set Fee.* From time to time, the Supreme Court and the Court of Criminal Appeals may set the fee that the court reporters may charge for preparing the reporter's record.

Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003.

### Notes and Comments

Comment to 2002 change: Subparagraphs 34.6(e) and (f) are amended to clarify the application to exhibits. The language is subparagraphs (e)(2) referring to the text of the record is simplified without substantive change. Subparagraph (e)(3) incorporates the procedures specified in (e)(2). The language in subparagraph (f) is clarified to require agreement only as to the portion of the text at issue, and to provide that the trial court may determine that a copy of an exhibit should be used even if the parties cannot agree.

Exhibit "C" appendix at pages

64

Fort Worth School District.

THE COURT: Okay. You can stay.

UNIDENTIFIED SPEAKER: Thank you.

(Ex parte hearing held.)

MR. CALTON: Motion for deposition of alibi witness.

THE COURT: Somebody have the prosecutors step back in.

When did you file that?

MR. CALTON: July 14th.

(State returns to courtroom.)

THE COURT: Motion for deposition of alibi witness, July 14th. Do y'all have that one?

MR. HAGERMAN: I might have that one, Judge. Let me look.

MR. HAGERMAN: May we know if the previous motion to appoint an expert Barry Norman was granted or not?

THE COURT: Denied.

MR. HAGERMAN: Judge, I apologize to the Court. We thought we had that motion handy and we do not. May I see the Court's copy of it?

Judge, the State, we object to Defendant's motion for deposition of alibi witness. The motion fails to state an essential need as to why

Connie Gilfeather, CSR

65

he has to depose this witness.

Additionally, I believe there has already been testimony in this trial or somebody has mentioned that Dan Raven is out of town. The motion for deposition of this witness is an inappropriate remedy to solve that problem.

THE COURT: Do you want to be heard on the motion?

I think Mr. Raven is going to be back in town by the time we go to trial in the case.

MR. CALTON: Do you have an indication of when that is going to be, Your Honor?

THE COURT: He is going to be back in town about the first of August.

MR. CALTON: So you're indicating that we are not probably going to go to trial by the first of August?

THE COURT: Probably not.

MR. CALTON: We are not going to trial next week?

THE COURT: I doubt it. We are still in pretrials. Unless you want to go to trial without hearing the pretrials.

MR. CALTON: No, sir.

THE COURT: Okay.

Connie Gilfeather, CSR Exhibit "D"

66

MR. CALTON: Okay. Well, how about the motion for pro se defendant motion to be tried without leg restraints, July 16th, for the record to be clear exactly how you are going to rule on that.

THE COURT: The way I am going to rule on it is that you will have leg restraints on, but the jury won't be able to see your leg restraints. Both tables, both of them are going to have a curtain around. And then any time either side, either the State or the Defendant, needs to bring an item of evidence or document or something to the witness stand, they are going to hand it to a clerk or bailiff and it's going to be transported up. So the jury will never have any idea that you have leg restraints on and that will protect your due process rights.

MR. CALTON: In other words the State won't come around the table?

THE COURT: They are going to be at their table and you are going to be at your table.

MR. CALTON: Thank you.

THE COURT: Both sides will be treated equally.

MR. CALTON: Thank you.

You want the next motion, sir?

THE COURT: Yes, sir.

Connie Gilfeather, CSR

67

MR. CALTON: July 17 motion for findings of fact and conclusions of law.

THE COURT: When I make rulings, I will state my ruling on the record. And if there is any additional matters that need to be stated for the record I will do so. And if the law requires the findings of fact and conclusions of law to be in writing I will do so.

MR. CALTON: Thank you.

THE COURT: Most of these motions the law does not require written findings of facts and conclusions of law. So I will mot be doing such.

MR. CALTON: Thank you.

But the ones that the law requires you will --

THE COURT: I will.

MR. CALTON: -- address them that way?

THE COURT: Yes, sir.

MR. CALTON: And, Your Honor, on the motion for evidentiary hearing, in Frank's motion.

THE COURT: Uh-huh.

MR. CALTON: That motion is going along with the suppression motion, and obviously the speedy trial motion with the testimony that we're hearing in court, correct?

app. at p.6 Connie Gilfeather, CSR

*Ground Eleven: Records lost or destroyed that were necessary for appeal.*

97. Applicant presents no credible evidence that a court reporter was present and recorded proceedings on January 8, 2004, January 16, 2004, February 12, 2004, February 26, 2004, and April 26, 2004 in this case.

98. Applicant presents no credible evidence that records for this case were lost or destroyed.

99. Applicant presents no credible evidence that the records he alleges were lost or destroyed were ever recorded by a court reporter in this case.

100. Hon. Alford contacted the court reporter, Mr. Steve Schiller, regarding the alleged missing records. *See* Alford Affidavit, p. 1.

101. Mr. Steve Schiller advised Hon. Alford that the hearings Applicant was concerned about were on different cases and not this one. *See* Alford Affidavit, p. 1.

102. Applicant had four other cases pending in this court while this case was pending. [Supp. 1 RR 4]

103. While the instant case was pending, the trial court spent considerable court time conducting extensive pretrial hearings on a motion to suppress physical evidence in a possession of controlled substance case also pending against Applicant.

*Ground Twelve: Conviction obtained with the use of an involuntarily submitted statement.*

104. Applicant did not complain on appeal that his statement was involuntary. *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

105. Applicant presents no additional evidence that was needed before this issue could be litigated on direct appeal.

106. Applicant does not allege that the law has changed after appeal.

107. Applicant presents no credible evidence to support his claim that the statement was not voluntary.

Exhibit "E" app. at p. 7

11

57. The Court of Criminal Appeals has repeatedly held the general rule is that claims raised and rejected on direct appeal cannot be relitigated in an application for writ of habeas corpus. *See Ex parte Nailor,* 149 S.W.3d 125, 131 (Tex. Crim. App. 2004)(citations omitted).

58. The exceptions to this general rule are (1) when the record on direct appeal cannot be expected to be sufficient to resolve the claim (i.e. ineffective assistance of counsel claims); (2) when the prior judgment has been rendered void; or (3) the Court of Criminal Appeals has decided to apply relief retroactively after a subsequent change in the law. *Ex parte Nailor,* 149 S.W.3d 125, 131 (Tex. Crim. App. 2004)(when the record is not sufficient)(citations omitted); *Ex parte Drake,* 883 S.W.2d 213, 215 (Tex. Crim. App. 1994)(when the judgment is rendered void or retroactive relief after change in law).

59. Applicant presents no credible evidence, or argument, that the record on direct appeal was not sufficient to resolve whether the evidence was sufficient to support his conviction.

60. Applicant presents no credible evidence, or argument, that the prior judgment against him has been rendered void.

61. Applicant presents no credible evidence, or argument, that there has been a change in applicable law.

62. Applicant has failed to demonstrate that alleged jury charge error can now be re-litigated in this application for writ of habeas corpus.

63. Applicant is barred from raising his requested jury charge claim in this application for writ of habeas corpus because it has been raised and rejected on direct appeal. *See generally, Ex parte Drake,* 883 S.W.2d at 215.

64. This Court recommends that Applicant's ninth ground for relief be **DENIED.**

*Ground Ten: Cumulative Error doctrine.*

65. Applicant has failed to prove that the accumulation of his alleged errors presents a different claim for relief than the alleged errors.

66. This Court recommends that Applicant's tenth ground for relief be **DENIED.**

*Ground Eleven: Records lost or destroyed that were necessary for appeal.*

Exhibit "F" appendix at page 8

24

67. Applicant has failed to prove that the records he alleges were lost or destroyed should have been a part of the record in this case.

68. Applicant has failed to prove that records from this case were lost or destroyed.

69. This Court recommends that Applicant's eleventh ground for relief be **DENIED**.

*Ground Twelve: Conviction obtained with the use of an involuntarily submitted statement.*

70. Article 11.07 usually may not be used to litigate matters which should have been raised on direct appeal. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

71. Claims found in the record will not be reviewed for the first time on writ of habeas corpus. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998)(op. on reh'g). The exceptions to these rules are (1) constitutional errors when the law has changed after appeal and (2) claims for which additional evidence is needed for factual development. *See Ex parte Bravo*, 702 S.W.2d 189, 193 (Tex. Crim. App. 1982); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

72. Applicant presents no credible evidence that the law has changed since his appeal.

73. Applicant has failed to demonstrate that additional evidence was needed before this claim could have been raised on direct appeal.

74. Applicant's involuntary statement claim should have presented on direct appeal and is therefore may not be litigated now. *See generally, Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

75. This Court recommends that Applicant's twelfth ground for relief be **DENIED**.

*Grounds Thirteen and Twenty-One: Received ineffective assistance of appellate counsel during the thirty day time period for the filing of a motion for new trial.*

76. The standard of review for ineffective assistance of appellate counsel claims is the *Strickland v. Washington* test and is the same as the standard for ineffective assistance of trial counsel claims. *Ex parte Jarrett*, 891 S.W.2d 935, 944 (Tex. Crim. App. 1994), *overruled on other grounds, Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

77. The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d

*Exhibit "G" appendix at page 9*

25

March 29, 2012

Court Reporter's Certification Board
P.O. Box 13131
Austin, Texas 78711-3131

Reference: In the Matter of Steve Schiller, Cause No. 12-4665-22

Dear Sirs, I am writing this letter in answer to a complaint made against me by Mr. Allen F. Calton.

To begin, let me state that I am no longer the official reporter for the 213th District Court. I have no access to records or anything else the general public can't get.

Mr. Calton's main complaint seems to be the fact that he is missing some pretrial hearings from his attempted murder trial that was held back in 2004 where Mr. Calton was found guilty and sentenced to a substantial length of time.

My misunderstanding arose because we had been doing pretrial hearings on several of Mr. Calton's cases for somewhere around six months along with his attempted murder case. Mr. Calton was representing himself on a Motion to Suppress in two cases and was successful in excluding the evidence on both cases.

At the time I prepared the record for appellate purposes for the attempted murder case, I went to the date where I thought the pretrial hearings for the attempted murder case at hand began, and I prepared those for the Reporter's Record. However, I was wrong about where those pretrial cases started. Some of them were hybrid, though not obvious, covering all his cases. Therefore I didn't transcribe those since I didn't think they were relevant to the case at hand, the attempted murder case.

As mentioned in Mr. Calton's complaint, I did have a conversation with Mr. Barry Alford, the appellate attorney, and I told him what I thought to be true at the time, that those pretrial hearings did not belong with the attempted murder case. Why would I lie to Mr. Alford? More hearings mean more work for me and more money. What possible motive could I have to have lied to Mr. Alford about the hearings? I obviously wasn't at work on the day of the other hearings Mr. Calton referred to.

The first notification I had from anyone about this problem was when Mr. Calton sent me a letter containing some if not all of the allegations in his complaint filed with the Board. This trial was in 2004, some eight years ago. It took some time to go through archived records and find my

*Exhibit "A" appendix at page 10*

APR 05 2012

TEXAS COURT REPORTERS
CERTIFICATION BOARD

notes. Within about three to four days from the day Mr. Calton sent me the letter and before I could respond to him, I received the complaint from the Board.

Even though payment arrangements have not been made, I went ahead and prepared four of the eight hearings he requested where I was the reporter. After an exhaustive search of my records, I am of the opinion that I was not the reporter on any of the remaining hearings, nor do I have any information concerning which reporters reported the other hearings or how to contact them. I did notice that Mr. Calton had their names as well as their license number. I contacted the District Clerk's office in Tarrant County, and they had no notation as to who the reporter was on those dates.

At this point I don't know what else I can do. I have prepared the hearings that I did report. I could send them to him at this point; however the matter of payment would have to be discussed. Or should I hold on to these records until the preliminary hearing?

Sincerely,

Steve Schiller, CSR

Exhibit "H" appendix at page 11

**OFFICIAL BUSINESS**




10/30/2013 Re: **STATE OF TEXAS**
Trial Ct. No.: C-PENALTY-FOR-01468-J
CALTON, ALLEN FITZGERALD
PRIVATE USE

02 1R        **$ 00.33⁰**
0002003152      OCT 30 2013
MAILED FROM ZIP CODE 78701

This Court has previously entered an order citing you for abuse of the writ of habeas corpus.

The application for writ of habeas corpus filed by you in the 213th District Court, received by this Court on 10/18/2013, does not satisfy the requirements for consideration set out in the order described above. Therefore, the Court will take no action on this writ.

Abel Acosta, Clerk

WR-65,590-16

DISTRICT CLERK TARRANT COUNTY
THOMAS WILDER
401 W BELKNAP
FORT WORTH TX 76196

Exhibit "I" appendix at page 12





SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
 JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

May 22, 2014

Allen Fitzgerald Calton
Michael Unit - TDC #1123880
P. O. Box 4500
Tennessee Colony, TX 75886

RE:  C-213-010079-0843168-K
     WR-65,590-17

Your letter has been received.  Please be advised:

**IMPORTANT:  PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐    To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐    Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☑    **Your application for writ of habeas corpus has been received on Tuesday, January 21, 2014.  The status is:  Dismissed on 1/29/2014 because an abuse of writ order has previously been entered.**

☐    Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐    Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐    The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐    Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk        Exhibit "J" appendix at page 13



# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11083

In re: ALLEN FITZGERALD CALTON,

Movant

Motion for an order authorizing
the United States District Court for the Northern
District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Allen Fitzgerald Calton, Texas prisoner # 1123880, was convicted of attempted murder and was sentenced to serve life in prison. Now, he moves this court for authorization to file a successive 28 U.S.C. § 2254 habeas corpus application raising claims pertaining to documents that were procured by him after his direct appeal was adjudicated. He has not made a prima facie showing that he will raise a claim grounded in either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."

Exhibit "K" appendix at page 14

*See* 28 U.S.C. § 2244(b)(2)(B) and (b)(3)(C). Consequently, he has not shown that he should be permitted to proceed with a successive § 2254 application.

Insofar as Calton argues that his proposed § 2254 application is not successive, he is mistaken. Because he does not seek to challenge a new judgment or proceeding, his case is materially distinguishable from those in which applications second in time have been held not to be successive for § 2244 purposes. *See Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Finally, Calton's argument that he should be permitted to present his claims under 28 U.S.C. § 1651 or in an independent action is likewise unavailing. *See Henderson v. Office of Thrift Supervision*, 135 F.3d 356, 360 (5th Cir. 1998).

IT IS ORDERED that Calton's motion for authorization is DENIED.

Exhibit "K" appendix at page 15

2

# CAUSE NO. 067-270690-14

| | | |
|---|---|---|
| ALLEN F. CALTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER et al., | § | |
| Defendants. | § | 67th JUDICIAL DISTRICT |

## DEFENDANT JUDGES ANSWER AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant Judges Sharon Keller, Terrie Livingston, John Cayce, Bob Gill and Louis Sturns, by the Attorney General of Texas, and file Defendants' Answer and Motion to Dismiss for Lack of Subject Matter Jurisdiction. In support thereof, Defendants respectfully offer the following:

## I.
## NATURE OF CASE

That Defendant Keller is the Presiding Judge of the Court of Criminal Appeals. Defendant Livingston is the Chief Justice of the Second Court of Appeals, and Justice Cayce is a former justice on that court. Defendant Sturns is the Presiding Judge of the 213th District Court and Defendant Gill is a former district court judge. Defendant Judges are sued in their official capacity, (Complaint pages 2-3). Plaintiff is a convicted felon. He asserts that Defendant Schiller failed to provide him with a complete record. Plaintiff's allegations against the Defendant Judges are all based upon the fact that they are current or former judges that had some contact with the underlying criminal case or the appeal of that case. Plaintiff's suit against Defendant Judges are for actions taken by the judges while disposing of a case in which Plaintiff

*Exhibit "L" appendix at page 16*

was a participant. Defendants are entitled to judicial immunity and sovereign immunity which are absolute immunities from both suit and damages.

## II.
## ANSWER

Defendants deny generally the material allegations of Plaintiff's Petition. Moreover, this Court lacks jurisdiction over this cause of action. Defendants are entitled to judicial and sovereign immunity.

## III.
## MOTION TO DISMISS

**Defendants are Entitled to Judicial and Sovereign Immunity.**

Texas law is clear that "judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction." *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.— Houston [14th Dist. 2004, pet. denied), *citing, Dallas County v. Halsey*, 87 S.W.3d 553, 554 (Tex. 2002). "This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority." *Id., citing, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The immunity is overcome "only for actions that are: (1) non-judicial, *i.e.*, not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Id, citing, Mireles v. Waco*, 502 U.S. 9 (1991). "Whether an act is judicial (or non-judicial) for this purpose is determined by the nature of the act, *i.e.*, whether it is a function normally performed by a judge, as contrasted from other administrative, legislative, or executive acts that simply happen to be done by judges." *Id., citing, Forrester v. White*, 484 U.S. 219 (1988). Under Texas law, "judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Id., citing, Mireles*, 502 U.S. at 13.

Exhibit "L" appendix at page 17

In the instant action Plaintiff is suing Defendants for actions taken by the judges or their court in Plaintiff's underlying criminal case. These are clearly actions taken by Defendants their judicial and official capacities entitling them to both sovereign and judicial immunity. The instant action is nothing more than a collateral attack on a prior judgment. This Court does not have authority to sit as an appellate court in the underlying action. Under Texas law the Court of Criminal Appeals is the final authority on criminal cases.

Plaintiff is seeking equitable relief. This is not available to him in this case. While "judicial immunity is not a bar to *prospective injunctive* relief, against a judicial officer acting in a judicial capacity or to attorney's fees, for obtaining such relief," *Twillinger*, 148 S.W. 3d at 504, f.n. 8, *citing, Pulliam v. Allen*, 466 U.S. 522, 542-44 (1984)(emphasis original), Plaintiff's pleadings reflect that Plaintiff's claim is not for prospective injunctive relief. Plaintiff's complaints are for past conduct and his request for equitable relief is vague. The Texas Supreme Court has made it clear that "a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). There is no controversy that could be resolved by the declaration sought.

Finally, the United States Supreme Court has made it clear that there are limitations on the availability of equitable relief against a judge in his official capacity:

> The limitations already imposed by the requirements for obtaining equitable relief against any defendant — a showing of an inadequate remedy at law and of a serious risk of irreparable harm, severely curtail the risk that judges will be harassed and their independence compromised.

*Pulliam*, 104 S.Ct. at 1978. *See also, Adams v. McIlhany*, 593 F. Supp. 1025, 1032 (N.D. Tex. 1984).

Exhibit "L" appendix at page 18

Plaintiff cannot make the required showing of an inadequate remedy at law. Plaintiff cannot make the required showing of a serious risk of irreparable harm. Therefore, Plaintiff's request for declaratory relief should also be dismissed with prejudice for lack of subject matter jurisdiction.

ACCORDINGLY, Defendants respectfully pray Judgment of the Court.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ David A. Harris
DAVID A. HARRIS
Assistant Attorney General
Attorney-in-Charge
State Bar No. 09056800

P. O. Box 12548, Capitol Station
Austin, Texas 78711
david.harris@texasattorneygeneral.gov
512.463.2080 / Fax 512.495.9139

ATTORNEYS FOR DEFENDANTS

Exhibit "L" appendix at page 19

067-270690-14



CAUSE NO. 067-270690-14

| ALLEN F. CALTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER et al., | § | |
| Defendants. | § | 67th JUDICIAL DISTRICT |

## JUDGMENT

On this the 21st day of May, 2014 came on to be heard the Motion to Dismiss of Defendants Keller, Livingston, Cayce, Gill and Sturns. After reviewing the pleadings on file herein, the Court is of the opinion that said Motion is well taken and should be granted.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT** the Motion to Dismiss of Defendants Keller, Livingston, Cayce, Gill and Sturns be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** Plaintiff's cause of action be and is hereby dismissed with prejudice to the refiling of same in any form.

**IT IS FINALLY ORDERED ADJUDGED AND DECREED THAT** any relief not specifically granted be and is hereby denied, and that this is a final judgment.

SIGNED this the 21st day of May, 2014.

_____
JUDGE PRESIDING

*Exhibit "M" appendix at page 20*

| ALLEN "F" CALTON | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER, ET AL. | § | 153RD JUDICIAL DISTRICT |

## DEFENDANT STEVE SCHILLER'S FIRST AMENDED ANSWER AND MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant Steve Schiller, and files this, his Original Answer and Motion to Dismiss pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code.

## I.
## ORIGINAL ANSWER

**A.    GENERAL DENIAL**

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's petition and any petition which Plaintiff may hereafter file by way of amendment or supplement, and demands strict proof thereof by a preponderance of the credible evidence.

**B.    QUALIFIED IMMUNITY**

Defendant possesses qualified immunity for the matters alleged in Plaintiff's Complaint.

**C.    SOVEREIGN IMMUNITY**

Defendant possesses sovereign immunity from suit and sovereign immunity from liability for the matters alleged in Plaintiff's Complaint.

*- Exhibit " N" appendix at page 21*

## D. OFFICIAL IMMUNITY

Defendant possesses official immunity from suit and official immunity from liability for the matters alleged in Plaintiff's Complaint.

## II.
## MOTION TO DISMISS

## A. FRIVOLOUS CLAIM

Suits brought by inmates in district court in which an affidavit or unsworn declaration of inability to pay costs is filed are controlled by Chapter 14 of the Texas Civil Practice and Remedies Code. Section 14.003 provides dismissal of a suit if the court finds the claim is frivolous or malicious.[1]

To determine whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.[2]

## B. CALTON'S CLAIM

Plaintiff Allen F. Calton was convicted of attempted murder and evading arrest in 2005 in the 213th Judicial District Court of Tarrant County. Calton is a prolific filer of lawsuits in state and federal court.[3] As stated by United States Magistrate Judge K. Nicole Mitchell, and adopted by U.S. District Judge Michael H. Schneider, "Allen Calton

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2) (Vernon 2002).

[2] TEX. CIV. PRAC. & REM. CODE ANN. §14.003(b) (Vernon 2002).

[3] *See* Plaintiff's Declaration Confirming Previous Filings, filed February 20, 2014.

DEFENDANT CRIMINAL DISTRICT ATTORNEY OF TARRANT COUNTY, TEXAS' FIRST AMENDED ANSWER AND MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE (Cause No. 153-270690-14; Calton v. Schiller) - PAGE 2

Exhibit "N" appendix at page 22

is well known for abuse of court." *Calton v. Wright*, 2014 WL 2300436, *5 (N.D. Tex. May 29, 2014).

Defendant Schiller is the former court reporter for the 213th District Court. Calton sued Schiller alleging:

> "pursuant to 42 U.S.C. § 1983 for (1) . . . failing to prepare and file a complete and sufficient record on appeal . . . (2) for delay in preparing requested relevant records necessary for the effective, fair and meaningful resolution of appeal, (3) for failing to ensure Calton had been provided a complete, adequate and sufficient record on appeal, (4) for the unconstitutional resolution of Calton's first appeal as a matter of right on an incomplete and insufficient record in violation of Calton's right to access to the courts and Calton's substantive and procedural due process rights and equal protection rights as guaranteed by the First and Fourteenth Amendments."

*See* Plaintiff's Fifth Amended Complaint under the Civil Rights Act 42 U.S.C. § 1983. Additionally, Calton alleges a negligence claim under Texas law against Schiller.

Calton alleges that Schiller's failure to prepare and file a complete and sufficient record on appeal prevented his criminal conviction from being properly considered on appeal.

## C. "NO BASIS IN LAW OR FACT"

### 1. § 1983 Claim

All of Calton's § 1983 claims against Schiller are barred by the doctrine found in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If Plaintiff were to prevail on the claims brought in this suit it "would necessarily imply the invalidity of his conviction." *Id.* at 487. Unless a conviction is overturned or invalidated by a court with such authority, a claim that would implicitly invalidate the conviction is not cognizable. The Supreme Court in *Heck* held:

Exhibit "N" appendix at page 23

[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*

In *Vasquez v. Dunn*, 2011 WL 5878428 (N.D. Tex. Sept. 8, 2011), the court held that an inmate's suit against a court reporter should be dismissed pursuant to the *Heck* doctrine. Inmate Vasquez sued the court reporter claiming that the court reporter's negligence in preparing an "incomplete and inaccurate trial record" prevented fair consideration of his appeal. *Id.* at *1. The U.S. District Court held that the "claim that the court reporter prepared an inaccurate trial transcript, thereby interfering with his right to appeal . . . undermines the validity of his conviction." *Id.* at 2; *see Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006) (*per curiam*); see *Mims v. Anderson*, 350 Fed. Appx. 351, 352 (11th Cir. 2009); see *Holmes v. Garcia*, 101 F.3d 697 (5th Cir. 1996) (unpublished *per curiam*). The inmate's suit was dismissed because the relief he sought called his conviction into question.

Similar to the above opinions, Calton's conviction has not been reversed on direct appeal, nor has it been called into question by a writ of habeas corpus, and he cannot maintain this civil action for damages which would necessarily undermine his conviction.

2.     State Claims

Calton also sues Schiller for negligence, breach of fiduciary duty and fraud. Schiller as a government employee, however, is entitled to sovereign and official immunity for acts allegedly committed in performance of his official duties. *Cloud v. McKinney*, 228 S.W.3d 326, 335 (Tex. App.—Austin 2007, no pet.). Governmental

Exhibit "N" appendix at page 24

entities and their employees acting in their official capacity are immune from suits for damages, unless there is an explicit waiver of that immunity. The only waiver of immunity for a negligence cause of action is the Texas Tort Claims Act. To sufficiently plead a cause of action within the Texas Tort Claims Act there must be an allegation of bodily injury suffered through the use of a motor-driven vehicle or through the condition or use of real or personal property. TEX. CIV. PRAC. & REM. CODE § 101.021. Calton has made no allegation that fits within the limited waiver of the Texas Tort Claims Act. There is not, therefore, any arguable basis in law or fact to suggest any waiver of Schiller's official immunity for the state law claims pleaded by Calton.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Tarrant County, Texas, requests that this suit be dismissed as provided herein. Or in the alternative, the Tarrant County, Texas, prays that Plaintiff Allen F. Calton recover nothing by his suit and that Tarrant County, Texas, recover costs of court. Tarrant County, Texas, further seeks any and all such relief as it shows itself justly entitled.

Respectfully submitted,

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
/s/**CHRISTOPHER W. PONDER**
Assistant Criminal District Attorney
State Bar No. 24041705
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
817-884-1233 / Telephone
817- 884-1675 / Facsimile
cwponder@tarrantcountytx.gov
**ATTORNEY FOR DEFENDANT
STEVE SCHILLER**

DEFENDANT CRIMINAL DISTRICT ATTORNEY OF TARRANT COUNTY, TEXAS' FIRST AMENDED ANSWER AND MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE (Cause No. 153-270690-14; Calton v. Schiller) - PAGE 5

Exhibit "N" appendix at page 25

## CERTIFICATE OF SERVICE

I certify that on the 26th day of January, 2015, a true and correct copy of the above and foregoing was this served on the following in compliance with applicable rules:

Mr. Allen "F" Calton            *CM/RRR 7013 1090 0000 0625 9535*
TDCJ #01123880
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

/s/*CHRISTOPHER W. PONDER*

*Exhibit "N" appendix at page 26*

| | | |
|---|---|---|
| ALLEN "F" CALTON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER, ET AL. | § | 153RD JUDICIAL DISTRICT |

## DEFENDANT STEVE SCHILLER'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Steve Schiller files this Reply to Plaintiff Allen "F" Calton's Response to Defendant's Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code.

## A.    ORIGINAL MOTION – NO BASIS IN LAW OR FACT

Plaintiff Calton filed this suit against Defendant Schiller alleging causes of action under 42 U.S.C. § 1983 and state negligence law.  Specifically, Calton claimed that Schiller – the court reporter for Calton's criminal trial – did not supply a complete record on appeal and that resulted in an inadequate appeal of his criminal conviction. In the previous petitions, Calton sought monetary damages and injunctive relief. Schiller filed a Motion to Dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code arguing that Calton's suit had no basis in law or fact; Calton's § 1983 cause of action could not be sustained because it necessarily implicated the validity of his final conviction, per *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and there was no state law claim that would fall within a waiver of Schiller's immunity from suit.

Calton responded to the motion to dismiss and filed an amended petition.  The amended petition modified the nature of his relief for the § 1983 claim: Calton no longer

*Exhibit "O" appendix at page 27*

pleads for money damages and instead only seeks injunctive relief. The state law claims remain unchanged. Calton's response to the motion to dismiss argues that the *Heck v. Humphrey* doctrine does not bar suits that seek only injunctive relief.

## B.  REPLY – <u>STILL</u> NO BASIS IN LAW OR FACT

Whether relief is sought for damages, declaratory judgment, or injunctive relief, suits that necessarily imply the invalidity of a criminal conviction are not cognizable under § 1983. *Reger v. Walker*, 312 Fed. Appx. 624, 625 (5th Cir. 2009); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc), *cert. den'd*, 525 U.S. 1151, 119 S.Ct. 1052, 143 L.Ed.2d 58 (1999). Suits seeking only injunctive relief are also not cognizable under § 1983 if the nature of the relief would implicate the validity of a criminal conviction. *Id.* Calton seeks to have this court enter an injunction that Schiller provide a new appellate record and order an out-of-time appeal so that his conviction could be challenged. Even after his amendment, Calton's suit continues to have no basis in law or fact and remains suitable for dismissal pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.

## PRAYER

Based upon the original motion and this Reply, Defendant Steve Schiller requests that Plaintiff Calton's suit be dismissed.

Exhibit "O" appendix at page 28

Respectfully submitted,

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

**/s/*CHRISTOPHER W. PONDER***
Assistant Criminal District Attorney
State Bar No. 24041705
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
817-884-1233 / Telephone
817-884-1675 / Facsimile
cwponder@tarrantcountytx.gov
**ATTORNEY FOR DEFENDANT
STEVE SCHILLER**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of March, 2015, a true and correct copy of the above and foregoing was this served on the following in compliance with applicable rules:

Mr. Allen "F" Calton　　　　　　*CM/RRR 7014 0150 0001 5251 2013*
TDCJ #01123880
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

**/s/*CHRISTOPHER W. PONDER***

*Exhibit "O" appendix at page 29*

**DEFENDANT STEVE SCHILLER'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE**
(Cause No. 153-270690-14; Calton v. Schiller) - PAGE 3

| | | |
|---|---|---|
| ALLEN "F" CALTON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER, ET AL. | § | 153RD JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT STEVE SCHILLER'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

On the 1st day of June, 2015, Defendant Steve Schiller's Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code came before the court. After reviewing the motion, response and reply filed by the parties, the Court finds that Defendant's Motion to Dismiss is well taken and is GRANTED and the claims against Defendant Steve Schiller are hereby DISMISSED with prejudice.

SIGNED June 1st, 2015.

_____
JUDGE PRESIDING

REC/CT 6/4/15

Exhibit "P" appendix at page 30

ORDER GRANTING DEFENDANT STEVE SCHILLLER'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE
(Cause No. 153-270690-14; Calton v. Schiller) - PAGE 1

Court's Minutes
Transaction # 367

No. 0843168D

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAY 20 2004
Time 9:44 am
By _____ Deputy

The State of Texas § In The _213th_

Vs. § District Court _____

Allen Fritzgerald Calton § of Tarrant County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☒ is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐ the defendant has waived the right of appeal.

_____       _____5/20/04_____
JUDGE                               DATE SIGNED

I have received a copy of this certification:

_____Allen Calton_____         _____Allen Calton_____
DEFENDANT (IF NOT REPRESENTED BY COUNSEL)    DEFENDANT'S COUNSEL

_____       _____
MAILING ADDRESS                     STATE BAR OF TEXAS IDENTIFICATION NUMBER

_____       _____
TELEPHONE NO.                       MAILING ADDRESS

_____       _____
FAX NUMBER (IF ANY)                 TELEPHONE NO.

                                    FAX NUMBER (IF ANY)_____

Exhibit "Q" appendix at page 31

* A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

CASE NO. 0843168D

THE STATE OF TEXAS        §      IN THE     213th

                                   §

VS.                               §      DISTRICT COURT _____

*Allen Fitzgerald Calton*    §      TARRANT COUNTY, TEXAS

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, *Allen Fitzgerald Calton* in the above styled and numbered cause and gives this his Notice of Appeal to the Court of _____ Appeals of Texas from the judgments heretofore rendered against him in the above-styled and numbered cause.

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAY 20 2004
9:44am
Time _____
By _____ Deputy

*Allen Calton*
DEFENDANT

OR

*Allen Calton*
ATTORNEY FOR DEFENDANT

BAR CARD # _____

Exhibit "R" appendix at page 32

CASE NO. 0843168D

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
MAY 20 2004
Time
213th 9:44 Am
By
Deputy

THE STATE OF TEXAS    §    IN THE _____

§

VS.    §

Allen Fitzgerald Calton    §    DISTRICT COURT _____

§

   TARRANT COUNTY, TEXAS

## MOTION FOR FREE REPORTER'S RECORD AND AFFIDAVIT OF INABILITY TO PAY FOR COUNSEL AND REPORTER'S RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **Allen Fritzgerald Calton**, Appellant in the above styled and numbered cause and submits this motion for a free Reporter's Record for the appeal pursuant to Tex. R. App. P. 20.2, stating that he/she is too poor to pay for or otherwise obtain a Reporter's Record for the appeal or to give security therefor either in whole or in part.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Motion be granted and that the official Court Reporter thereof be ordered to prepare a Reporter's Record in accordance with Tex. R. App. P. 20.2.

_____
ATTORNEY FOR APPELLANT

Comes now the Defendant in the above styled and numbered cause, and states to the Court upon his oath that he is without counsel of his own selection to represent him herein, and is unable to obtain a Reporter's Record for Appeal in this cause because he is too poor to pay for same, and is unable to give security therefor in perfecting the appeal before the Court of _____ Appeals of Texas.

_____
APPELLANT

Sworn to and Subscribed to before me this 20th day of May, 2004

_____
DEPUTY DISTRICT CLERK
TARRANT COUNTY, TEXAS

Exhibit "S" appendix at page 33

CASE NO. 0843168D

| THE STATE OF TEXAS | § | IN THE ___213th___ |
|---|---|---|
| VS. | § | DISTRICT COURT ___ |
| Allen Fritzgerald Calton | § | TARRANT COUNTY, TEXAS |

## ORDER APPOINTING COUNSEL FOR THE APPEAL
### AND
## ORDER FOR COURT REPORTER TO PREPARE REPORTER'S RECORD

On this day, it being made known and appearing to the Court that the Defendant is without counsel of his own selection to represent him herein, and that he is too poor to employ counsel, or give security therefor, to represent him herein and the Defendant having requested that an attorney be appointed to represent him in the above styled and numbered cause.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that ___Barry Alford___, a regularly licensed and practicing attorney is hereby appointed to represent the Defendant as his attorney, and said Attorney is hereby authorized to proceed to perform the duties of the Attorney for the defendant in this cause.

And on this day, it appearing to the Court that the Defendant in the above styled and numbered cause, has given his/her Notice of Appeal to the Court of ___ Appeals of Texas. And it being made known that the Defendant herein has filed his/her affidavit, stating the he/she is too poor to pay the Court Reporter for a Reporter's Record for such appeal or give security therefor.

The Court is of the opinion that the Defendant is entitled to the relief as prayed for.

It is therefore the ORDER of this Court that the Official Court Reporter of this Court, ___Steve Schiller___, prepare and furnish a Reporter's Record to be used in perfecting the appeal in this cause.

_____
PRESIDING JUDGE

___5/20/04___
DATE SIGNED

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

NOV 05 2012

ATTEST
BY: _____
DEPUTY

Exhibit "T" appendix at page 34

Cause No. 213-007618-0843618-A

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 10 2006

TIME _4:/0_
BY _____ DEPUTY

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, on this day personally appeared Barry J. Alford, Affiant, known to me to be the person whose name is subscribed hereto, who, upon Affiant's oath deposed and said:

"My name is Barry J. Alford and my address is 1319 Ballinger St., Ft. Worth, Tarrant County, Texas 76102. I am over eighteen years of age and capable of making this statement. I am making this statement of my own free will and accord. No one has given or promised to give me anything of value or benefit, to influence me in any way to make this statement. I voluntarily make this statement in order that the interest of justice will be served.

I was appointed to represent Allen Fitzgerald Calton (hereinafter referred to as "Applicant") on or about May 21, 2004. On that same date, applicant was released from the Tarrant County jail. Once I learned to where he had been transferred, I wrote him a letter informing him that I had been appointed to represent him on appeal and, if he had any questions or comments concerning his appeal, he could write me. In the meantime, I received the reporter's and clerk's records from the appellate clerk. I spent numerous hours reading the records as well as many hours conducting legal research regarding the points of error that I planned to raise in my brief.

It was not until just before I had filed my brief and sent applicant a copy that I was advised by applicant in several letters that he was requesting some transcripts that he believed were not included in the reporter's record which was the basis of my appellate brief. At no time in these letters did applicant ever notify me that he wished to pursue a hearing on a motion for new trial. I consulted with the trial court reporter, Mr. Steve Schiller concerning these missing records. He informed me that the transcripts that applicant had inquired about were concerning hearings on different cases and not the case for which I was appealing. I was never advised by applicant until I received his post conviction application for writ of habeas corpus that he wished to pursue several grounds for error, including ineffective assistance of counsel, a *Brady* claim and a claim for newly discovered evidence.

As to his claim of ineffective assistance of counsel, since applicant had proceeded pro se at the trial for which I was appointed to represent him on appeal, a claim of ineffective assistance of counsel would be a frivolous point of error since applicant waived his 6th amendment right to counsel prior to trial. In regard to applicant's other claims, the points of error raised in my appellate brief were those that, after a careful reading of the record, were raised at trial by applicant and preserved for appeal. Applicant never objected to the points of error raised in my brief nor did he ever communicate to me that he wished to raise any issues at a hearing on a motion for new trial prior to filing his article 11.07 application for post conviction writ of habeas corpus. In fact, when the Court

521

Exhibit "U" appendix at page 35

of Appeals affirmed the trial court's judgment, I then filed a Petition for Discretionary Review with the Court of Criminal Appeals in Austin on applicant's behalf. Applicant, on his own motion, asked that the pending Petition for Discretionary Review be dismissed."

_____
Barry J. Alford, Affiant

SWORN TO AND SUBSCRIBED this 10th day of _May_____, 2006.

_____
NOTARY PUBLIC FOR THE STATE OF
TEXAS
NAME PRINTED Luwana L Dorsett
COMMISSION EXPIRES 10/3/07

Luwana L. Dorsett
My Commission Expires
October 03, 2007
NOTARY PUBLIC STATE OF TEXAS

522

Exhibit "U" appendix at page 36

May 2, 2012

Dear Mr. Calton:

I am enclosing the four hearings that I took.   These dates not only match up with my records, but the Tarrant County Clerk has verified that these were the ones I took.   My name was listed as the reporter on the proceedings sheets in the clerk's file for these four hearings and no more.

Sincerely,

Steve Schiller

*Exhibit "V" appendix at page 37*

CAUSE NO. 12-4665-22

| IN THE MATTER OF | § | BEFORE THE COURT REPORTERS |
|---|---|---|
| | § | |
| STEVE SCHILLER | § | CERTIFICATION BOARD |

## FINAL ORDER

The above styled and numbered matter came to be considered on the 12th day of October, 2012, before the Texas Court Reporters Certification Board (Board). The Respondent, Steve Schiller (Respondent) appeared pro se. The Board makes the following summary of evidence, findings of fact, conclusions of law, and final order.

### I.
### Summary of Evidence

The Respondent has been a certified shorthand reporter since July 19, 1991. A complaint was filed by Allen Calton (Complainant) against the Respondent alleging that the Respondent failed to prepare transcripts for pre-trial hearings that were properly requested by the Complainant.

### II.
### Findings of Fact

1. The Respondent is a Certified Shorthand Reporter in the State of Texas, holding certification number 4665 since July 19, 1991.

2. On or about March 22, 2012, the Complainant filed a complaint against the Respondent.

3. Notice and copy of the complaint, and notice of the time, date and place of the hearing to be held on October 12, 2012, were timely sent to the Respondent by certified mail and first class mail to his address of record. The Respondent received the notice and copy of the complaint. The Board received his response on April 5, 2012.

4. The complaint alleges that, during the time the Respondent was a licensed certified shorthand reporter, the Respondent failed to prepare transcripts for pre-trial hearings that were properly requested by the Complainant.

5. Other alleged acts include failing to make reasonable inquiries about the extent of the record.

Exhibit "W" appendix at page 38

6.    The Respondent appeared at the hearing on October 12, 2012 pro se.

7.    At the hearing, the Board found the Respondent was in violation of the Rules Governing Court Reporter Certification, Rule X(a)(4), and imposed a private reprimand.

### III.
### Conclusions of Law

1.    The Board has jurisdiction over the complaint filed by the Complainant against the Respondent.

2.    The Respondent received a copy of the complaint in accordance with section 52.027(b) of the Texas Government Code and Rule X(f)(1) of the Rules Governing Court Reporter Certification.

3.    Respondent received notice of the October 12, 2012, hearing in accordance with section 52.028 of the Texas Government Code and X(i)(2) of the Rules Governing Court Reporter Certification.

4.    ' The Respondent's actions, as referenced in the above Findings of Fact, violate the following:

Rules Governing Court Reporter Certification, Rule X(a)(4): Incompetence

### FINAL ORDER

Based upon the evidence presented in Cause Number 12-4665-22, In the Matter of Steve Schiller, the Texas Court Reporters Certification Board finds that the conduct of the Respondent, Steve Schiller, violates the Rules Governing Court Reporter Certification, Rule X(a)(4).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court Reporters Certification Board, meeting in Austin, Texas on October 12, 2012, as follows:

That Steve Schiller is privately reprimanded.

This Final Order is adopted by the Texas Court Reporters Certification Board effective the date of the Board Chair's signature, unless otherwise provided herein.

Exhibit "W" appendix at page 39

SIGNED this **7** day of **Dec**, 2012.

_Ben Woodward_

Ben Woodward, Chair
Texas Court Reporters Certification Board

Exhibit "W" appendix at page 40

3

Cause No. 0843168

Allen "F" Calton

v

The State Of Texas

} In The District Court

213Th Judicial
Tarrant County, Texas

FILED
THOMAS A WILDER, DIST. CLEF
TARRANT COUNTY. TEXAS

AUG 05 2015

TIME_____
BY_____ DEPUT

Pro se Defendant Allen "F" Calton Demand Letter To Steve Schiller
To File Instanter with The second District Of Texas Court
of Appeals Any And All Pretrial Hearing Records You Now
Know were in reference To my Attempted Murder Conviction on 5-20-04

    Mr. Schiller this letter has also been forwarded and filed
with the District clerk of Tarrant County. I have also for-
warded Judge Louis Stums of the 213Th Judicial Court A copy.
As well as sent Robert Gill a copy who works for the District
Attorneys Office. Although it is true that you forwarded me some
records that you belatedly transcribed on 5-2-12. Nearly,
eight years after I timely and diligently sought to have those
records included in the record on appeal you filed on 11-9-04. merely
providing me a personal copy that sits here idly in the locker
of my prison cell. Does not benefit me and was a meaningless gesture
from you. What you need to do is carry out your ministerial
duty and file the records in the appellate court and explain
the situation to the appellate court, see e.g. Villagomez Invest-
ments, LLC v Magee 294 SW3d 687, 688 (Tex. App. [1st Dist] Houston
2009) (Court noting that reporter sent an affidavit confirming,
that the entire record had been destroyed by Hurricane IKE).
Also see Rowell v State 66 SW3d 279, 283 n.13 (Tex Crim App 2001)

Pro Se Defendant Allen "F" Calton's Demand Letter To Steve Schiller page 1 of 3
Exhibit "X" appendix at page 41

(If anything relevant is omitted from the Reporter's Record, the trial court, the appellate court or any party may by letter direct the official court Reporter to prepare, certify and file in the Appellate Court A supplemental Reporter's Record containing the omitted items. Any supplemental Reporter's Record is part of the Appellate Record.")

This letter is to put you on direct notice that I am demanding you to prepare, certify, and file those records you forwarded to me on 5-2-12 with the Appellate court As A supplemental Reporters Record. If you do not do so instanter and confirm the same to me at my prison address. I will seek mandamus relief to have you compelled to do so. Judge Louis Sturns of the 213th Judicial has the authority pursuant to Tex. Const. Art V § 8 to issue writ of Habeas Corpus, mandamus, Injunction and Certiorari, and all writs necessary to enforce jurisdiction. So I'll start in the 213th Judicial court seeking mandamus relief. And since a court Reporter is an officer of the state, he is subject to the mandamus powers of the court of Appeals. See City of Ingleside v Johnson 537 SW2d 145, 150 (Tex. Civ. App Corpus Christi 1976, no writ). However, as noted above I'll start in the 213th Judicial before moving to the Appellate court. Because mandamus must be pursued in the lower courts unless urgent necessity calls for the exercise of the original jurisdiction of the court of last resort. See Love v Wilcox 119 Tex 256, 28 SW2d 515 (Tex 1930)

Mr. Schiller although you have retired and are no longer the official Court Reporter of the 213th Judicial. A court Reporter who has resigned or is no longer employed in that capacity has the continuing duty to prepare statement of facts in

Prose Defendant Allen "F" Calton Demand Letter to Schiller page 2 of 3
Exhibit "X" appendix at page 42

those cases in which he was the official Court Reporter. See Boykin v Sala 636 SW 2d 590, 591 (Tex. App. San Antonio 1982) Also See Stoner v Massey 586 SW 2d 843, 846 (Tex 1979). (The extraordinary writ may properly issue when there exists a legal duty to perform a ministerial act. There must be a demand and a refusal). This letter is the demand for you to prepare, certify and file in the Appellate Court instanter those records you forwarded to me on 5-2-12. If you do not do so instanter upon receipt of this demand letter. It will be deemed a refusal by any reasonable person.

Respectfully Submitted,
Allen "F" Calton

## Certificate Of Service

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas do hereby state under the penalty of perjury that the foregoing was forwarded certified mail to Steve Schiller, 1908 Dogwood Drive, Arlington, TX. 76012, Judge Louis Sturns 401 W. Belknap St. Ft. Worth, TX. 76196, District Attorney Sharen Wilson, Attention: Robert Gill 401 W. Belknap St. Ft. Worth, TX. 76196 and District Clerk Thomas Wilder 401 W. Belknap St. Ft. Worth, TX. 76196. The certified Label Number for Steve Schiller's mail piece is 7015 0640 0003 1881 4866. All mail pieces containing the foregoing were mailed on 7-24-15. And was also first class mailed to Steve Schiller on 7-24-15.
Executed on 7-24-15      Allen "F" Calton

Pro se Defendant Allen "F" Calton Demand Letter To Steve Schiller page 3 of 3
Exhibit "X" appendix at page 43

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _S B Sv_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   _Steve Schiller_

C. Date of Delivery   _7-30-15_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

   Steve Schiller
   1908 Dogwood Drive
   Arlington, TX 76012

3. Service Type
   - ☑ Certified Mail®
   - ☐ Registered
   - ☐ Insured Mail
   - ☐ Priority Mail Express™
   - ☐ Return Receipt for Merchandise
   - ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7015 0640 0003 1881 4866

PS Form 3811, July 2013   Domestic Return Receipt

Exhibit "Y" appendix at page 44

76. Applicant presents no credible evidence that there is newly discovered evidence that establishes his innocence.

*Grounds Six, Nineteen, and Twenty-Seven: Denied right to self-representation, denied due process, and denied access to court on February 12, 2004 due to being unable to prepare an argument while in jail.*

77. Applicant presents no credible evidence to support his claim that the jail improperly denied Applicant access to the law library.

78. Applicant was advised by the trial court regarding his right to represent himself. *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR, Slip Op. p. 5 (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

79. Applicant was advised by the trial court that the cases were "rather serious" and that "there were disadvantages to representing himself." *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR, Slip Op. p. 5. (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

80. Applicant advised the trial court that he was "willing to take the risk" associated with representing himself. *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR, Slip Op. p. 5 (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

81. The Second Court of Appeals found that Applicant "competently, knowingly, intelligently, and voluntary" exercised his right to defend himself. *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR, Slip Op. p. 5 (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

82. Prior to the February 12, 2004 pretrial hearing, the trial court had been litigating Applicant's pretrial motions in several of his pending cases.

83. Prior to the February 12, 2004 pretrial hearing, the trial court had been litigating Applicant's speedy trial claims for a period of weeks, in between other court business.

84. At the other pretrial hearings on the speedy trial motion, Applicant was well-versed in the law as well as the facts of his cases.

85. The trial court judge was liberal in allowing Applicant time and resources to present his speedy trial claim.

86. When he appeared in the trial court for the February 12, 2004 pretrial hearing, Applicant did not seek a continuance from the trial court in order to further prepare for the hearing.

Exhibit "2" appendix at page 45

9

87. In all the time spent hearing Applicant's speedy trial claims, the trial court had not heard any evidence or law that would have permitted Applicant a dismissal of his cases.

88. Applicant presents no credible evidence to support his claim that he was denied his right to self-representation.

89. Applicant presents no credible evidence to support his claim that he was denied due process.

90. Applicant presents no credible evidence to support his claim that he was denied access to the courts.

*Grounds Seven, Eighteen, and Twenty-Three: Received ineffective assistance of counsel during February 12, 2004 hearing, February 24, 2004 hearing, and at trial.*

91. The trial court granted Applicant's request to proceed *pro se* on May 9, 2003. *See* Application; Exhibit 1, p. 1, 17.

92. Applicant represented himself from May 9, 2003 until *the conclusion of the* trial. *See* Criminal Docketing Statement.

*Ground Nine: Denied a requested jury charge.*

93. The Second Court of Appeals has already determined that the trial court properly refused the requested jury charge on voluntary conduct. *See Calton v. State*, 2005 WL 2082202, No. 02-04-228-CR, Slip Op. 12 (Tex. App. – Fort Worth Nov. 17 2005, pet. withdrawn)(not designated for publication).

94. Applicant presents no credible evidence, or argument, that the judgment in this case has been overturned.

95. Applicant presents no credible evidence, or argument, that applicable law has changed and the Texas Court of Criminal Appeals has held that it should be applied retroactively.

*Ground Ten: Cumulative Error Doctrine.*

96. Applicant presents no authority that the accumulation of these alleged errors is cognizable as an individual claim.

Exhibit "AA" appendix at page 46

10

Cause No. _____

In re Allen "F" Calton

In The Court

of

Relator

Criminal Appeals

## Relator's Affidavit Explaining Justifiable Delay In Seeking mandamus Relief

Allen "F" Calton (the Relator) and the affiant submits this his Affidavit sworn to under the penalty of perjury and states that he is of sound mind and over the age of 21. These facts contained herein are based upon personal Knowledge and the exhibits attached hereto are personally Known by Relator to be true and correct copies of the originals.

(1) I am the relator in the above styled and entitled case. I make this Affidavit in support of my Petition For writ Of mandamus. And will explain in detail and support with competent evidence. The Justifiable reasons exist for the delay in seeking mandamus relief.

(2) In his petition For writ Of mandamus Relator seeks to compel steve Schiller to carry out his ministerial duty. That is to say prepare, certify and file in the Appellate Court A supplemental Reporter's Record containing the omitted records. That mr. Schiller initially erroneously alleged were not in reference to Calton's attempted murder conviction. That mr. Schiller now Knows otherwise. That the records were indeed relevant to the underlying conviction

Relator's Affidavit Explaining Justifiable delay in seeking mandamus P. 1 of 10

(3) Although mr. Schiller has forwarded Relator several Dates of the relevant pretrial records on 5-2-12. This was a meaningless gesture as these records just sit idly in Relator's locker in his prison cell.

(4) On 4-13-12 Relator become aware of the fact that his appeal was decided on an incomplete record. Said omitted records were necessary for the effective, fair and meaningful resolution of appeal.

(5) Armed with this new evidence received on 4-13-12. which was a copy of steve Schiller's answer to Relator's complaint made against mr. Schiller in his capacity as a shorthand Reporter. See Exhibit "H" attached and incorporated in Relator's Appendix in support of His Petition For writ of mandamus Appendix at pages 10 and 11. At which time Relator began preparing a writ Of Habeas Corpus that was filed in the state Trial Court on 6-6-12. See C-213- 009679- 6843168 -A. TCCA# 65,580-14. Although the Court of Criminal Appeals Confirmed by notice on 7-25-12. That the Court would not take any action on this writ due to the abuse of writ order previously entered. See Exhibit "A" hereto attached and incorporated Confirming the same.

(6) However, Relator never received a copy of this 7-25-12 notice until September 2012. As confirmed by Relator's Filing his supplemental memorandum in support Of writ No C-213-009679-084-3168 -H. See Exhibit "B" hereto attached and incorporated for the face page of this Supplemental memorandum.

(7) Further Relator never received any type of response from the Court or the State. Relator had to take the initiative

Relator's Affidavit Explaining Justifiable Delay In seeking mandamus page 2 of 10

and contacted the Courts on multiple occasions. which clerk Joyce Meyers responded to on 8-16-12 and 8-28-12. See Exhibits "C" and "D" hereto attached and incorporated For Ms. Meyers response to Relator's inquiry.

(8) once Relator became aware of the fact that the Court would take any action on this writ. Relator moved the Court by motion To Reconsider this decision. Said motion was received by the Court on 9-17-12. See Exhibit "E" hereto attached and incorporated for Court of Criminal Appeals notice dated 9-17-12.

(9) The Court of Criminal Appeals notified Relator by Notice dated 9-25-12 that no action would be taken on this motion For Reconsideration. See Exhibit "F" hereto attached and incorporated For Said Notice dated 9-25-12.

(10) Relator was also continuing to procure documents in September of 2012 to strengthen his claims in an effort to obtain relief of a new Appeal on a complete record. See Exhibit "G" hereto attached and incorporated for correspondence from clerk Melody Good dated 9-24-12 confirming the same.

(11) Relator was also attempting to informally resolve the issue on an administrative level during 2012 until the Court Reporter Certification Board made its Ruling on 12-7-12. See e.g. Exhibit "H" hereto attached and incorporated For Relator's Letter received by the CRCB on 7-16-12 confirming the same.

(12) On 10-4-12 Relator moved The Trial Court by motion To Compel Steve Schiller to File Nunc Pro Tunc the Relevant Pretrial Records. See Exhibit "I" hereto attached and incorporated For The File marked Face Page of Said motion.

Relator's Affidavit Explaining Justifiable Delay In seeking mandamus p.3 of 10.

(13) On 12-6-12 The Second District of Texas Court of Appeals Received Relator's mandamus That was attempting to have the Court Compel Steve Schiller to File Nunc Pro Tunc the relevant pretrial Records with that Court. See Exhibit "J" hereto attached and incorporated for the Notice of Deficiency from the Court dated 12-11-12.

(14) After Relator cured his deficiencies the Appellate Court denied Relator's petition for writ of mandamus on 1-17-13. See Exhibit "K" hereto attached and incorporated for said order dated 1-17-13.

(15) On 2-27-13 with Additional evidence Relator again filed A writ of Habeas Corpus in the trial Court. See writ No. C-213-009849-0843168-I. The Court of Criminal again indicated that due to the Abuse of writ order previously entered that they would not take action on this writ. This decision was made on 5-15-13. See Exhibit "L" hereto attached and incorporated for documentation confirming the same.

(16) Although writ No. C-213-009849-0843168-I C.C.A# WR 65-580-15 was denied on 5-15-13. Relator was not notified of this denial until he received correspondence from Clerk Joyce meyer dated 7-11-13. See Exhibit "M" hereto attached and incorporated for said correspondence from Ms. meyers.

(17) After completing these two runs in the state Court Relator moved on to the Federal Court and Filed a § 2254 writ of Habeas Corpus on 5-8-13. See Civil Action No. 4:13-CV-378. Relator subsequently had this writ dismissed

Without prejudice on 7-10-13. So relator could exhaust state remedies.

(18) On 7-16-13 Relator filed another § 2254 Petition in the Fort Worth Federal Court. See Civil Action No. 4:13-CV-592. This Writ was dismissed as second or Successive on 7-26-13.

(19) Relator went back to the State Court and filed a writ of Habeas Corpus on or about 8-31-13. Writ No. C-213-010079-0843168-J, C.C.A# 65,590-16. The Court of Criminal Appeal informed Relator by notice that they would not be taking any action on this writ. Due to the Abuse of writ order previously entered. See Exhibit "I" attached and incorporated in Relator's Appendix in support of His Petition For writ Of mandamus appendix at page 12.

(20) Relator then goes back to the Federal Court and files another § 2254 Petition on 10-31-13. See Civil Action No. 4:13-CV-885. This Petition was dismissed As An Abuse Of The writ on 11-4-13.

(21) Relator then files another writ in the State Trial Court on 12-11-13. See writ No. C-213-010079-0843168-K. Once again the Court of Criminal Appeals by notice dated 1-29-14 indicated that they would not take any action on this writ. Due to the abuse of writ order previously entered. See Exhibit "J" attached and incorporated in Relator's Appendix in support of His Petition For writ Of mandamus Appendix at page 13.

(22) Relator had also sought leave in the fall of 2013 from the Fifth Circuit U.S. Court of Appeals to File A Second or Suc-

Relator's Affidavit explaining Justifiable Delay In seeking mandamus p. 5of 10

cessive writ in the U.S. District Court. The Fifth Circuit Denied leave by order on 12-11-13 in U.S.C.A No. 13-11083. See Exhibit "K" attached and incorporated in Relator's Appendix in support of his petition For writ of mandamus appendix at pages 14 and 15.

(23) Relator then sued under § 1983 for injunctive relief seeking the preparation, certification and the filing of the Relevant pretrial records. As well as the out-of-Time-Appeal to utilize said records in a meaningful appeal on 2-18-14 in Federal Court. See civil Action 4:14-CU-115. However this writ was dismissed because Relator has three strikes in Federal Court on or about 3-4-14.

(24) Relator also filed a writ of Habeas Corpus pursuant to § 2241 in the Federal District Court in the region he was incarcerated in i.e. the Tyler Division on 2-3-14. see 6:14-CU-59. This writ was transferred to Fortworth and was subsequently Dismissed by the Fortworth Federal Court. See Civil Action No. 4:14-CU-139 on or about march 2014

(25) Relator also sued under § 1983 for injunctive relief seeking the preparation, certification and the Filing of the relevant pretrial records. As well as the out-of-Time-Appeal to utilize said records in a meaningful appeal on 2-20-14 in the state District Court. Relator named several Judges in their official capacity and steve Schiller in his official Capacity to obtain the injunctions. The suit was dismissed against the Judges on 5-21-14. For Lack of subject matter Jurisdiction. see Exhibits "L" and "M" attached and incorporated in Relator's Appendix in support

Petition For writ of mandamus. For The Judges motion To Dismiss and The Court's order Granting The same in reference to Cause No. 67-270680-14 appendix at pages 16-20

(26) The suit against steve Schiller was dismissed in Cause No. 153-270680-14 on 6-1-15. See Exhibits "N", "O", and "P" attached and incorporated in relator's Appendix in support of his Petition For writ of mandamus. For the Court Reporter's motion To Dismiss, His Reply to Relator's Response and the Court's order granting the motion To Dismiss appendix at pages 21-30.

(27) On 7-2-15 Relator's motion For New Trial was File marked by the trial Court in reference to Cause No. 153-270680. See Exhibit "N" hereto attached and incorporated for the file marked Face page of Relator's motion For New Trial.

(28) As this extensive trail of proceedings Confirm Carton has diligently sought to the best of his abilities under his unique Circumstances. To obtain the relevant pretrial records and the out-of-Time-Appeal. It cannot be reasonably concluded that Carton has slept on his rights. Especially in the light of Carton's multiple mental illnesses, extensive psychotropic medication regimen, and the effects there of under the influence of the same as explained below.

(29) Relator is mentally ill and has been diagnosed with major depression with psychotic features and as a result of his mental illnesses. Relator is prescribed a substantial amount of psycho—

tropic medications that cause confusion as well as puts Relator in a very relaxed and sedated state. Plaintiff under the influence of his medications that cause confusion as well as puts Relator in a very relaxing and sedated state. where Relator doesn't have the drive to do anything but sit. Under his medications influence Relator cannot litigate his claims at a fast and effective pace and sometimes not at all. while under the influence of 300 mg of wellbutrin and 10 mg of Haldol.

(30) Under his extensive medication regimen. which also includes medications for several other physical ailments the Relator also suffers from. Including High Blood Pressure, Ringing in the ear, Recurring Dizzy Spells and migraine headaches. For which Relator is prescribed additional mind altering medications that also cause a confused and sedated relaxed state. Said medications are Proprandol 20 mg, meclizine 50 mg, Lisinopril 40 mg, Nortriptyline 100 mg, Diphenhydramine 50 mg See Exhibit "O" hereto attached and incorporated for a true and correct copy of Relator's prison medication print pass. which Confirms all nine of Plaintiff's prescribed medications.

(31) Under these mind altering prescription medications not only causes confusion but also put Relator in such a relaxed state and sedated state. Renders Relator's brain inoperable and he cannot focus, concentrate, maintain a train of thought, stay focus or think straight or think rationally. Plaintiff has to miss an occasional dose or two of his medications to litigate his claims and/or seek the help of other prisoners.

(32) Thus Relator has only a small window to try and litigate his claims effectively when he cannot afford to pay other prisoners who act as jail house lawyers. Most prisoners charge commissary purchased items to provide legal assistance to fellow prisoners.

(33) Relator has also paid his meals in the dining hall to receive legal help. Relator has gone with one meal a day for a whole month due to owing his lunch and dinner out to other prisoners for helping him litigate.

(34) This has resulted in the breaks between the filing listed above in Relator's diligent effort in seeking to procure the pretrial records and Out-of-Time-Appeal.

(35) When Relator tries to miss multiple doses of his medications on days at a time poses a substantial risk of suicidal tendencies. Relator has a history of suicide attempts and has suffered extensive nerve damage in his hands and wrists as a result of the repeated slashing of the wrists with razor blades. The most severe damage that Relator sustained as a result of self injury behavior. Was due to Plaintiff having gone without his major Depression medication wellbutrin for two weeks.

(36) This suicide attempt occurred on 9-19-08. See Exhibit "p" hereto attached and incorporated for (8) eight pages of Relator's medical records from 9-19-08. Said Records confirms my severely depressed state when too many doses of his depression medication is missed. Which resulted in substantial self injuries.

(37) As these medical records confirm when Relator is not taking his depression medication as prescribed. Has resulted in Relator wanting to die. Being unable to get the thought of his head. As well as causing Relator to experience fatalistic thoughts. See Exhibit "P", supra. Thus I am forced to litigate at a controlled pace due to my medications.

## Verification

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas, due hereby declare under the penalty of perjury that the foregoing facts are true and correct and are based upon personal knowledge. Relator has personal knowledge that the documents attached hereto are true and correct copies of the originals.

Executed on 8-18-15        Allen "F" Calton

Respectfully Submitted,
Allen "F" Calton

## Proof Of Service

I, Allen "F" Calton # 1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas due hereby state under the penalty of perjury that a copy of the foregoing was first class mailed to Steve Schiller 1908 Dogwood Dr., Arlington, TX. 76012, Judge Stevens, 401 W. Belknap, Ft. Worth, TX. 76196, Charles M. Mallin, Chief Of The Appellate Section, District Attorney office, 401 W. Belknap Ft Worth, TX. 76196 and District Clerk Thomas Wilder 401 W. Belknap, Ft worth, TX. 76196. on 8-18-15.

Executed on 8-18-15        Allen "F" Calton

Relators Affidavit explaining Justifiable delay In seeking noidance p.10 of 10





TEXAS
COURT OF CRIM
APPEALS

ts Online Home
| FAQs | Search
ewed 1024x768+

photos courtesy
courthouses.com.

dicial Directory     Judicial Information     Judicial Entities     Events     News     Links     For Trial
Courts

### Case # WR-65,590-14 -> Event: ACTION TAKEN     CaseMail

## Event Information:

**Event Type:**     ACTION TAKEN

**Description:**     Application for Writ of Habeas Corpus - 11.07

**Date:**     7/25/2012

**Disposition:**     Abuse of writ order previously entered

**Opinion Written:**

Hint: Click on the folder icons above for more case information.

## General Information

Loading
- **CCA Home**
- **Practice Before the Court**
  Internal Operating Procedures [pdf] | Rules & Procedures | Forms | Issues | Oral Argument Instructions | Opinion Archives | Hand Down Archives | TRAP Amendments Archives
- **About the Court**
  Contact | Judges | Employment | Overview | Virtual Tour

## Case Information

- **Hand Down List (Orders, Opinions & Statements)**
- **Case Search**
- **Opinion Search**
- **Case Submission Schedules**

## Case Mail

- **Track Cases or Released Opinions**
  My Account | Case Tracking | Opinion Tracking | Register | Basics | FAQs

## Texas Appellate Courts

- **The Supreme Court of Texas**
- **Court of Criminal Appeals**
- **Courts of Appeals** [by District-City]
  1-Houston | 2-Fort Worth | 3-Austin 4-San Antonio | 5-Dallas | 6-Texarkana 7-Amarillo | 8-El Paso | 9-Beaumont 10-Waco | 11-Eastland | 12-Tyler 13-Corpus Christi/Edinburg 14-Houston
- **Appellate Statistics**

Court of Criminal of Appeals • Supreme Court Building • P.O. Box 12308 • Austin, TX 78711 • (512) 463-1551 • Email Court
Accessibility Policy | Privacy & Security Policy | Open Records Policy | State Web Site Link & Privacy Policy | Email TCO
Texas.gov | TRAIL | Texas Homeland Security | Where the Money Goes | Legislative Appropriations Request [pdf]
Operating Budget [pdf] | FY 2010-11 5% Budget Cuts [pdf]

Exhibit "A" page 1 of 1



WRIT No. C-213-009679-0843168-A

EX PARTE § IN THE 213TH JUDICIAL

§

§ DISTRICT COURT OF

§

ALLEN "F" CALTON § TARRANT COUNTY, TEXAS

APPLICANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT:

NOW COMES APPLICANT ALLEN "F" CALTON AND FILES THIS HIS SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS WRIT OF HABEAS CORPUS ON FILE HEREIN. SEEKING RELIEF IN THE FORM OF AN OUT OF TIME APPEAL. WILL SHOW IN SUPPORT AS FOLLOWS.

I

### APPELLATE COUNSEL BARRY ALFORD MET HIS DUTY AS APPEAL COUNSEL WHEN HE TIMELY REQUESTED THE OMITTED RECORDS

AFTER THE REPORTER'S RECORD IS PREPARED, A PARTY OR A COURT THAT NOTICES THE OMISSION OF RELEVANT EVIDENCE MAY DIRECT THE COURT REPORTER TO SUPPLEMENT THE RECORD. SEE ROWELL V STATE 66 SW3D 279,282 n.13 9TEX.CRIM.APP. 2001)(IF ANYTHING RELEVANT IS OMITTED FROM THE REPORTER'S RECORD, THE TRIAL COURT, THE APPELLATE COURT OR ANY PARTY BY LETTER DIRECT THE OFFICIAL COURT REPORTER TO PREPARE, CERTIFY, AND FILE IN THE APPELLATE COURT AS A SUPPLEMENTAL REPORTER'S RECORD CONTAINING THE OMITTED ITEMS. ANY SUPPLEMENTAL REPORTER'S RECORD IS PART OF THE APPELLATE RECORD. TEX.R.APP.P. 34.6(d).)

BARRY ALFORD'S PHONE CALL TO COURT REPORTER STEVE SCHILLER WAS TANTAMOUNT TO THE LETTER THAT IS MENTIONED IN THE ABOVE AUTHOTITY. THEREFORE BARRY ALFORD AS APPELLATE COUNSEL MET HIS DUTY AS AN EFFECTIVE APPELLATE COUNSEL BY TIMELY REQUESTING AND INQUIRING ABOUT THE OMITTED PRETRIAL RECORDS FROM COURT REPORTER STEVE SCHILLER IN A TIMELY MANNER.

APPLICANT'S SUPPLEMENTAL MEMORANDUM PAGE 1 OF 2

Exhibit "B" page 1 of 1



Drawer 77 Box 4
Calton
C-213-009679

## TARRANT COUNTY

Thomas A. Wilder
District Clerk

DATE: August 16, 2012

NAME: ALLEN CALTON

POST CONVICTION WRIT NUMBER: C-213-009679-08743168-H

RE: Request for Post Conviction Writ Information

Date Writ Filed: 6/6/2012

Date Transmitted To Court of Criminal Appeals: 7/11/2012

Other: THE COURT OF CRIMINAL APPEALS NOTIFIES APPLICANTS OF DECISIONS ON APPLICATIONS FOR WRITS OF HABEAS CORPUS.

Sincerely,

Thomas A. Wilder
District Clerk
Tarrant County, Texas

By: _____
Deputy District Clerk

Enc: Copy of request letter

Exhibit "C" page 1 of 1



# TARRANT COUNTY

Thomas A. Wilder
District Clerk

DATE:  August 28, 2012

NAME:  ALLEN FITZGERALD CALTON

POST CONVICTION WRIT NUMBER:  C-213-009679-0843168-H

RE:  Request for Post Conviction Writ Information

Date Writ Filed:  6/6/2012

Date Transmitted To Court of Criminal Appeals:  7/11/2012

Other:  THERE WAS NO RESPONSE FILED BY COURT ON THIS WRIT.  (SEE ATTACHED)

Sincerely,

Thomas A. Wilder
District Clerk
Tarrant County, Texas

By: _____
Deputy District Clerk

Enc:  Copy of request letter

Exhibit "O" page 1 of 1

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

Monday, September 17, 2012
Re: Case No. WR-65,590-14
213th District Court C-213-009679-0843168-H
STYLE: CALTON, ALLEN FITZGERALD

On this day, applicant's motion for reconsideration/rehearing has been received by
this Court.

Louise Pearson, Clerk

ALLEN FITZGERALD CALTON
MICHAEL UNIT  TDC #1123880
P O BOX 4500
TENNESSEE COLONY TX 75886

*Exhibit "E" page 1 of 1*

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS**
Monday, September 24, 2012 **STATE OF TEXAS**
Calton, Allen Fitzgerald **PENALTY FOR**
WR-65,590-14 **PRIVATE USE**
Trial Court Cause Number: USE 13-009679




UNITED STATES POSTAGE
PITNEY BOWES
02 1M **$ 00.32⁰**
0004288372    SEP 25 2012
MAILED FROM ZIP CODE 78701

This Court is in receipt of applicant's Motion for Reconsideration/Rehearing.  No action will be taken on this motion.  This motion will be placed in the file.

Louise Pearson, Clerk

ALLEN FITZGERALD CALTON
MICHAEL UNIT  TDC #1123830
P O BOX 4500
TENNESSEE COLONY  TX 75886

Exhibit "F" page 1 of 1



# TARRANT COUNTY

Thomas A.Wilder
   District Clerk

September 24, 2012

RE: Request for copies.

DATE:     September 19, 2012          DRAWER NUMBER: _____
NAME:     Allen F. Calton             CAUSE NUMBER:      0843168

    Court records are available at $.35 per page not certified, or $1.00 per page certified, payable in advance. Please remit by money order, cashiers check or business check made payable to Thomas A. Wilder, District Clerk.

X _____         Your request requires _16_____ page(s). Upon submitting payment for copies, please return the enclosed copy of your request letter so that we can fill your order correctly

X _____         Other:    Order Appointing Counsel for the Appeal and Order for Court Reporter to Prepare Reporter's Record

_____           Contact the court reporter listed below to request a copy of the statement of facts/Reporter's record and the costs for same.

Name: _____

Address: _____

                              Sincerely,

                              Thomas A.Wilder
                              District Clerk
                              Tarrant County, Texas


                         By: _Melody Good_____
                              Melody Good, Deputy

Encl: Copy of request letter

Exhibit "G" page 1 of 1

Revised: June 27, 2003

RECEIVED
JUL 1 6 2012

TEXAS COURT REPORTERS
CERTIFICATION BOARD

Re: IN THE MATTER OF STEVE SCHILLER, CAUSE #12-4665-22

C.R.C.B.,

    THIS IS MY FINAL ATTEMPT IN ATTEMPTING TO INFORMALLY RESOLVE THE ABOVE STYLED AND NUMBERED CAUSE. I HAVE ATTEMPTED TO INFORMALLY RESOLVE MY COMPLAINT ON NO LESS THAN THREE OTHER OCCASIONS TO NO AVAIL. I AM NOW REQUESTING THE C.R.C.B. TO ASSIST ME IN INFORMALLY RESOLVING THIS MATTER. I HAVE FILED A WRIT OF HABEAS CORPUS IN THE 213TH JUDICIAL DISTRICT COURT STYLED AND NUMBERED EX PARTE ALLEN "F" CALTON WRIT. No.C-213-009679-0843168-H. IN THIS WRIT I AM SEEKING AN OUT OF TIME APPEAL BECAUSE IT IS UNDISPUTED THAT MY FIRST APPEAL AS OF RIGHT WAS DECIDED ON AN INCOMPLETE RECORD. BECAUSE MR. SCHILLER DID NOT PREPARE THE COMPLETE RECORD AND MISINFORMED MY APPELLATE COUNSEL BARRY ALFORD. SEE MR. SCHILLER'S ANSWERE AND/OR RESPONSE TO MY COMPLAINT ONFILE HEREIN. ALSO SEE THE FILE IN REFERENCE TO THE ABOVE STYLED AND NUMBERED CAUSE FOR MY THREE INITIAL INFORMAL RESOLUTION ATTEMPTS TO MR. SCHILLER. AS EXHIBIT "A" HERETO ATTACHED AND INCORPORATED CONFIRMS IT WAS ORDERED BY JUDGE ROBERT GILL THAT MR. SCHILLER PREPARE AND FURNISH A COMPLETE REPORTER'S RECORD TO BE USED IN PERFECTING MY APPEAL.

    MR. SCHILLER FAILED TO DO SO IN VIOLATION OF C.R.C.B. RULES. I'M SIMPLY ASKING THAT MR. SCHILLER BY AFFIDAVIT PUT THE TRIAL COURT ON NOTICE BY EXPLAINING THAT HE ERRED BY MISINFORMING MY APPEAL ATTORNEY THAT THE RECORDS THAT I TIMELY AND DILIGENTLY REQUESTED WERE NOT INCLUDED IN THE RECORD ON APPEAL DUE TO MR. SCHILLER ALLEGEDLY BELIEVED THOSE RECORDS WERE IN REFERENCE TO ONE OF MY OTHER CASES I HAD PENDING AT THE TIME. MR. SCHILLER AFTER HAVING RECEIVED MY COMPLAINT CHECKED HIS RECORDS AND LOCATED AT LEAST FOUR DATES OF THOSE OMITTED RECORDS. MR. SCHILLER THEN SUBSEQUENTLY TRANSCRIBED THOSE NOTES AND FORWARDED ME

Exhibit "H" page 1 of 3

A COPY OF THESE RECORDS. HOWEVER THIS IS WHOLLY INSUFFICIENT TO REMEDY MY COMPLAINT. A COPY OF THESE RECORDS MERELY IN MY POSSESSION FOR MY PERSONAL REVIEW WILL NOT GET MY CONVICTION OVER TURNED. THE TRIAL COURT AND/OR THE SECOND DISTRICT COURT OF APPEAL NEEDS TO BE PUT ON NOTICE OF MR. SCHILLER'S ERROR. THE RECORDS ALSO NEED TO BE FILED NUNC PRO TUNC. THE REQUESTED AFFIDAVIT CONFIRMING TO THE COURTS THAT MR. SCHILLER ERRED BY MISINFORMING MY APPEAL COUNSEL ABOUT THE OMITTED RECORDS RELEVANCY AND THAT MY APPEAL WAS DECIDED ON AN INCOMPLETE RECORD DUE TO NO FAULT OF MY OWN. THUS MAKING IT UNDISPUTED TO THE TRIAL COURT THAT I'M ENTITLED TO AN OUT OF TIME APPEAL AS ALLEGED IN THE WRIT OF HABEAS CORPUS I FILED ON 6-6-12.

IF THE C.R.C.B. CANNOT MOVE, SUGGEST, REQUEST AND/OR ORDER MR. SCHILLER TO COMPLY WITH MY REQUEST IN RIGHTING THIS WRONG. IN ADDITION TO MR. SCHILLER ALSO RECEIVING A COPY OF THIS LETTER AGAIN PERSONALLY INFORMING MR. SCHILLER THAT AN AFFIDAVIT ADVISING THE COURTS OF HIS MISTAKE WOULD INFORMALLY RESOLVE THIS MATTER AND I WOULD WITHDRAW MY COMPLAINT INSTANTER.

HOWEVER AFTER BEING INFORMED FOR THE FOURTH AND FINAL TIME MR. SCHILLER CONTINUES TO IGNORE MY ATTEMPTS AT AN INFORMAL RESOLUTION OF THIS MATTER. I HEREBY AS THE COMPLAINANT IN THE ABOVE STYLED AND NUMBERED CAUSE MAKE IT KNOWN THAT DUE TO MR. SCHILLER'S CLEAR RULE VIOLATION OF SUBMITTING AN INCOMPLETE RECORD ON APPEAL AND THEN HIS REFUSAL TO SUBMIT AN AFFIDAVIT TO THE TRIAL COURT CLEARING UP THE MATTER. I REQUEST THAT MR. SCHILLER BE PUNISHED TO THE FULLEST EXTENT OF THE LAW AND RECEIVE THE HARSHEST PUNISHMENT AVAILABLE. DUE TO CONTINUING TO KEEP ME IN PRISON AFTER HAVING KEPT ME IN PRISON FOR YEARS. AS ALLEGED IN MY COMPLAINT MR. SCHILLER CONDUCT WAS INTENTIONAL MALFEASANCE TO THE HIGHEST DEGREE. IF THIS WAS NOT TRUE AND MR. SCHILLER DID NOT INTENTIONALLY LIE ABOUT THOSE OMITTED RECORDS. THEN WHY WON'T MR. SCHILLER DO THE RIGHT THING AND

Exhibit "H" page 2 of 3

PREPARE THE REQUESTED AFFIDAVIT AND FILE THE SAME WITH THE TRIAL COURT. AS WELL AS A COPY WITH THE SECOND DISTRICT COURT OF APPEALS AND FORWARD COMPLAINANT A COPY OF SAID REQUESTED AFFIDAVIT. ADDITIONALLY MR. SCHILLER NEEDS TO FILE THE RECORDS THAT HE HAS LOCATED WITH THE SECOND DISTRICT COURT OF APPEALS. THE RE-LEVANT THREE CAUSE NUMBERS ARE LISTED BELOW THAT ARE IN REFERENCE TO MY ATTEMPTED MURDER ALLEGATION I WAS CONVICTED ON IN THE 213TH JUDICIAL COURT.

CALTON V STATE TRIAL CAUSE No. 0843168

EX PARTE ALLEN "F" CALTON WRIT No. C-213-009679-0843168-H

CALTON V STATE APPEAL No. 2-04-228-CR

I HAVE SPENT YEARS IN PRISON BECAUSE OF MR. SCHILLER'S MISCONDUCT AND I'M STILL DOING TIME BECAUSE MR. SCHILLER FAILS TO ACT REASONABLY. IF THERE IS NO CONSEQUENCE A SEVERE CONSEQUENCE IN THIS PARTICULAR CASE. THEN THE **C.R.C.B. RULES AND REGULATIONS** MEAN NOTHING. WITHOUT CONSEQUENCES FOR RULE VIOLATIONS YOU HAVE NOTHING. IT STARTS WITH CONSEQUENCES. THE FIRST STEP TO PREVENT THIS TYPE OF INTENTIONAL EGREGIOUS RULE VIOLATOR LIKE MR. STEVE SCHILLER IS TO LEVY A STIFF PUNISHMENT AS A DETERRENT TO PREVENT ANY FUTURE MISCONDUCT OF THIS MAGNITUDE.

RESPECTFULLY SUBMITTED,

_Allen "F" Calton_
ALLEN "F" CALTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS CERTIFIED MAIL RETURN RECEIPT REQUESTED TO THE C.R.C.B., P.O. BOX 13131, AUSTIN, TX. 78711 C.M.R.R.R. #7010 0290 0000 9209 9279 AND FIRST CLASS MAIL TO STEVE SCHILLER, 401 W. BELKNAP ST., FORT WORTH, TEXAS 76196 ON ___July 13, 2012___.

_Allen "F" Calton_
ALLEN "F" CALTON

PAGE 3 OF 3

Exhibit "H" page 3 of 3

ALLEN "F" CALTON

VS

THE STATE OF TEXAS

§
§
§
§

IN THE CRIMINAL DISTRICT

213TH JUDICIAL COURT

TARRANT COUNTY, TEXAS

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
OCT 04 2012 0843168
DEPUTY
TIME
BY

PRO SE DEFENDANT'S MOTION TO COMPEL COURT REPORTER STEVE SCHILLER TO FILE NUNC PRO TUNC THE RECENTLY DISCOVERED PRETRIAL HEARINGS TRANSCRIPTS WITH THE SECOND DISTRICT COURT OF APPEALS AND SUBMIT AN AFFIDAVIT TO THE APPELLATE COURT ALSO

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PRO SE DEFENDANT ALLEN "F" CALTON AND FILES THIS HIS PRO SE MOTION FOR AN ORDER ISSUED BY THIS COURT ORDERING OFFICIAL COURT REPORTER OF THE 213TH JUDICIAL COURT AT THE TIME JUDGMENT WAS ENTERED AGAINST THE PRO SE DEFENDANT ON MAY 20, 2004. TO FILE NUNC PRO TUNC THE RECENTLY DISCOVERED PRETRIAL HEARINGS TRANSCRIPTS THAT WERE TIMELY AND DILIGENTLY SOUGHT AND REQUESTED BY THE DEFENSE WITH THE SECOND DISTRICT COURT OF APPEALS OF TEXAS AND FURTHER ORDER STEVE SCHILLER TO SUBMIT AN AFFIDAVIT DETAILING AND EXPLAINING THAT THE REASON THE PRO SE DEFENDANT'S FIRST APPEAL AS OF RIGHT WAS DECIDED ON AN INCPMPLETE RECORD WAS SOLELY THE FAULT OF MR. SCHILLER DUE TO MR. SCHILLER MISLED, MISINFORMED AND MISREPRESENTED TO THE PRO SE DEFENDANT'S APPELLATE COUNSEL AT THE TIME BARRY ALFORD. THE OMITTED RECORDS MR. ALFORD HAD CONSULTED WITH MR. SCHILLER ABOUT WHICH WERE INDEED IN REFERENCE TO THE ATTEMPTED MURDER ALLEGATION MR. ALFORD WAS APPOINTED TO REPRESENT THE DEFENDANT ON. HOWEVER, AT THE TIME THE TWO CONSULTED MR. SCHILLER INCORRECTLY ALLEGED THAT THE OMITTED RECORDS WERE IN REFERENCE TO ONE OF THE PRO SE DEFENDANT'S OTHER CASES THAT WERE PENDING AT THE TIME. THUS MR. SCHILLER FAILED TO TRANSCRIBE AND FILE THE OMITTED PRETRIAL HEARINGS TRANSCRIPTS AS A SUPPLEMENT TO THE RECORD ON APPEAL IN REFERENCE TO APPEAL NO. 2-04-222-CR. SAID RECORDS WERE NECESSARY FOR THE RESOLUTION OF THE PRO SE DE-FEDANT'S FIRST APPEAL AS OF RIGHT. WILL SHOW IN SUPPORT AS FOLLOWS:

THE DATES PERTINENT TO THIS ACTION

(1) THE TRIAL COURT ENTERED FINAL JUDGMENT ON MAY 20, 2004.

Exhibit "I"
page 1 of 1

MOTION TO COMPEL PAGE 1 OF 8



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS

CHIEF JUSTICE
  TERRIE LIVINGSTON

JUSTICES
  LEE ANN DAUPHINOT
  ANNE GARDNER
  SUE WALKER
  BOB McCOY
  BILL MEIER
  LEE GABRIEL

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP, SUITE 9000
FORT WORTH, TEXAS 76196

TEL: (817) 884-1900

FAX: (817) 884-1932

www.2ndcoa.courts.state.tx.us

CLERK
  DEBRA SPISAK

CHIEF STAFF ATTORNEY
  LISA M. WEST

December 11, 2012

Allen F. Calton
#1123880
Michael Unit
Tennessee Colony, TX 75886

Dear Mr. Calton:

We are in receipt of your document received on December 6, 2012, by the court titled "Petition For Writ Of Mandamus."

The minimum requirements for an original proceeding in this court have not been met. Specifically, the document does not contain proof of service to all parties. *See* Tex. R. App. P. 9.5.

Documents filed with an affidavit or unsworn declaration of indigence must be accompanied by an affidavit of previous filings in accordance with section 14.004 of the civil practice and remedies code and a certified copy of your inmate trust account statement. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004 (West 2002), amended effective January 1, 2012.

Please comply within ten days from the date of this letter. Failure to comply may result in the document being returned to you unfiled.

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

By: Shoshanna Cordova, Deputy Clerk

Exhibit "J" page 1 of 1



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00528-CV

IN RE ALLEN F. CALTON                                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

The court has considered relator's petition for writ of mandamus and is of the opinion that relief should be denied. Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

PANEL: MEIER, DAUPHINOT, and WALKER, JJ.

DAUPHINOT, J. would dismiss.

DELIVERED: January 17, 2013

*Exhibit "K" page 1 of 1*

---

[1]See Tex. R. App. P. 47.4, 52.8(d).






**TEXAS
COURT OF CRIMINAL
APPEALS**

ts Online Home
| FAQs | Search
ewed 1024x768+

e photos courtesy
courthouses.com.

cial Directory    Judicial Information    Judicial Entities    Events    News    Links    For Trial Courts

### General Information

**Case # WR-65,590-15** -> Event: **ACTION TAKEN**          CaseMail

## Event Information:

| | |
|---|---|
| **Event Type:** | ACTION TAKEN |
| **Description:** | Application for Writ of Habeas Corpus - 11.07 |
| **Date:** | 5/15/2013 |
| **Disposition:** | Abuse of writ order previously entered |
| **Opinion Written:** | |

**Hint:** Click on the folder icons above for more case information.

- **CCA Home**
- **Practice Before the Court**
  Internal Operating Procedures [pdf] | Rules & Procedures | Forms | Issues | Oral Argument Instructions | Opinion Archives | Hand Down Archives | TRAP Amendments Archives
- **About the Court**
  Contact | Judges | Employment | Overview | Virtual Tour
- **Other Court Links**
  Texas Criminal Justice Integrity Unit | Judicial and Court Personnel Training Fund - Grants

### Case Information

- **Hand Down List
  (Orders, Opinions & Statements)**
- **Case Search**
- **Opinion Search**
- **Case Submission Schedules**

### Case Mail

- **Track Cases or Released Opinions**
  My Account | Case Tracking | Opinion Tracking | Register | Basics | FAQs

### Texas Appellate Courts

- **The Supreme Court of Texas**
- **Court of Criminal Appeals**
- **Courts of Appeals** [by District-City]
  1-Houston | 2-Fort Worth | 3-Austin
  4-San Antonio | 5-Dallas | 6-Texarkana
  7-Amarillo | 8-El Paso | 9-Beaumont
  10-Waco | 11-Eastland | 12-Tyler
  13-Corpus Christi/Edinburg
  14-Houston
- **Appellate Statistics**

Exhibit "L" page 1 of 1



# TARRANT COUNTY

Thomas A. Wilder
   District Clerk

DATE: July 11, 2013

NAME: ALTON F. CALTON

POST CONVICTION WRIT NUMBER: C-213-009849-0843168-I

RE: Request for Post Conviction Writ Information

    Date Writ Filed: 2/27/2013

    Date Transmitted To Court of Criminal Appeals: 4/4/2013

    Other: PER THE COURT OF CRIMINAL APPEALS, THIS CASE WAS DISPOSED ON 5/15/2013 AS " ABUSE OF WRIT ORDER PREVIOUSLY ENTERED"

Sincerely,

Thomas A. Wilder
District Clerk
Tarrant County, Texas

By: _____
    Deputy District Clerk

Enc: Copy of request letter

*Exhibit "M" page 1 of 1*

# EMR Medication Print Pass
Active Medications From 06/30/2015 to 07/01/2015
STILES (ST)

ALLERGIES:
NO KNOWN ALLERGIES

PATIENT: CALTON, ALLEN F   MRN: 1123880   DOB: 10/02/1967   HOUSING: 4E22 CELL 39

BUPROPION HCL 75MG TABLET #
2 TABS ORAL TWICE DAILY FOR 30 DAYS. NF 244407-[INDEF]
RX DATE: 12/09/2014 08:09 PM
ORDERING FACILITY: STILES (ST)
ORDERING PROVIDER: NATHAN, PRADAN A M.D.
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/07/2015 08:08 PM

Rx ID: 18433383
REFILLS: 6 / 11
RUN END DATE: 07/07/2015 08:08 PM
EXPIRATION DATE: 12/04/2015 08:08 PM

ENTRY USER: NATHAN, PRADAN A M.D.

DIPHENHYDRAMINE 50MG CAPSULE
1 CAPS ORAL EVERY EVENING FOR 30 DAYS.
RX DATE: 12/09/2014 08:09 PM
ORDERING FACILITY: STILES (ST)
ORDERING PROVIDER: NATHAN, PRADAN A M.D.
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/07/2015 08:04 PM

Rx ID: 18433380
REFILLS: 6 / 11
RUN END DATE: 07/07/2015 08:04 PM
EXPIRATION DATE: 12/04/2015 08:04 PM

ENTRY USER: NATHAN, PRADAN A M.D.

HALOPERIDOL 5MG TABLET
2 TABS ORAL EVERY EVENING FOR 30 DAYS.
RX DATE: 12/09/2014 08:09 PM
ORDERING FACILITY: STILES (ST)
ORDERING PROVIDER: NATHAN, PRADAN A M.D.
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/07/2015 08:05 PM

Rx ID: 18433382
REFILLS: 6 / 11
RUN END DATE: 07/07/2015 08:05 PM
EXPIRATION DATE: 12/04/2015 08:05 PM

ENTRY USER: NATHAN, PRADAN A M.D.

NORTRIPTYLINE HCL 50MG CAPSULE
1 CAPS ORAL EVERY EVENING FOR 30 DAYS.
RX DATE: 11/06/2014 05:21 PM
ORDERING FACILITY: MICHAEL (MI)
ORDERING PROVIDER: SCHAFER, VIRGINIA S NP
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/04/2015 05:19 PM

Rx ID: 18279058
REFILLS: 7 / 11
RUN END DATE: 07/04/2015 05:19 PM
EXPIRATION DATE: 11/01/2015 05:19 PM

ENTRY USER: SCHAFER, VIRGINIA S NP

IBUPROFEN 800MG TABLET
KOP 1 TABS ORAL TWICE DAILY FOR 30 DAYS.
RX DATE: 06/24/2015 11:39 AM
ORDERING FACILITY: STILES (ST)
ORDERING PROVIDER: BARBER, MARK A M.D.
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/24/2015 11:38 AM

Rx ID: 19412534
REFILLS: 0 / 2
RUN END DATE: 07/24/2015 11:38 AM
EXPIRATION DATE: 09/22/2015 11:38 AM

ENTRY USER: BARBER, MARK A M.D.

LISINOPRIL 40MG TABLET
KOP 1 TABS ORAL DAILY FOR 30 DAYS.
RX DATE: 11/06/2014 05:21 PM
ORDERING FACILITY: MICHAEL (MI)
ORDERING PROVIDER: SCHAFER, VIRGINIA S NP
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/04/2015 05:20 PM

Rx ID: 18279061
REFILLS: 7 / 11
RUN END DATE: 07/04/2015 05:20 PM
EXPIRATION DATE: 11/01/2015 05:20 PM

ENTRY USER: SCHAFER, VIRGINIA S NP

MECLIZINE 25MG TABLET
KOP 1 TABS ORAL TWICE DAILY FOR 30 DAYS.
RX DATE: 06/24/2015 11:39 AM
ORDERING FACILITY: STILES (ST)
ORDERING PROVIDER: BARBER, MARK A M.D.
MEDICATION STATUS: ACTIVE

RUN START DATE: 06/24/2015 11:38 AM

Rx ID: 19412518
REFILLS: 0 / 2
RUN END DATE: 07/24/2015 11:38 AM
EXPIRATION DATE: 09/22/2015 11:38 AM

ENTRY USER: BARBER, MARK A M.D.

Exhibit "O" page 1 of 2

# EMR Medication Print Pass
*Active Medications From 06/30/2015 to 07/01/2015*
*STILES (ST)*

## ALLERGIES:
NO KNOWN ALLERGIES

---

**PATIENT: CALTON, ALLEN F   MRN: 1123880   DOB: 10/02/1967   HOUSING: 4E22 CELL 39**

**PROPRANOLOL 10MG TABLET**                                    Rx ID: 18279055
KOP 1 TABS ORAL TWICE DAILY FOR 30 DAYS.                       REFILLS: 7 / 11
RX DATE: 11/06/2014 05:21 PM      RUN START DATE: 06/04/2015 05:19 PM      RUN END DATE: 07/04/2015 05:19 PM
ORDERING FACILITY: MICHAEL (MI)                                EXPIRATION DATE: 11/01/2015 05:19 PM
ORDERING PROVIDER: SCHAFER, VIRGINIA S NP
MEDICATION STATUS: ACTIVE                                      ENTRY USER: SCHAFER, VIRGINIA S NP

---

**RANITIDINE 150MG TABLET**                                    Rx ID: 18279063
KOP 1 TABS ORAL DAILY FOR 30 DAYS.                             REFILLS: 7 / 11
RX DATE: 11/06/2014 05:21 PM      RUN START DATE: 06/04/2015 05:20 PM      RUN END DATE: 07/04/2015 05:20 PM
ORDERING FACILITY: MICHAEL (MI)                                EXPIRATION DATE: 11/01/2015 05:20 PM
ORDERING PROVIDER: SCHAFER, VIRGINIA S NP
MEDICATION STATUS: ACTIVE                                      ENTRY USER: SCHAFER, VIRGINIA S NP

---

**TOTAL FOR CALTON, ALLEN F                                                          9**

Exhibit "O" page 2 of 2

# CORRECTIONAL MANAGED CARE
## OUTPATIENT MENTAL HEALTH SERVICES

Transfer to Inpatient Note

Patient Name: CALTON, ALLEN F                TDCJ#:1123880          Date:   09/19/2008 09:54
Facility:  BYRD
Age:40   Race: B  Sex: Male

| Patient Language:  ENGLISH    Name of interpreter, if required: |
|---|

Most recent vitals from 04/23/2008: BP: 140 / 68 (Sitting) ; Wt: ; Height: 74 In.; Pulse: 74 (Sitting) ; Resp: 18 / min; Temp: 98.2 (Oral)

**Allergies:** NO KNOWN ALLERGIES
Active Problems: *

**Chronic Care:**
   Seizure Disorder - Ccc First Observed 05/26/2004 08:18AM
   Hypertension (htn) - Ccc First Observed 11/27/2004 07:32AM

**Not Specified:**
   Major Depressive Disorder, Recurrent, Severe With Psychotic Features First Observed 03/21/2006 01:04PM
*

## Seen this date at (time): 19-SEP-2008 09:50

S:    Offender found to be in need of transfer to:
      _X_   Crisis Management
      ___   Diagnostic and Evaluation
      ___   Other:

      Reason for transfer: Patient reported that he can not get the thought of cutting his wrists out of his mind. He thinks he might have been thinking too much about his life sentence and this has pushed him down a deep hole of depression. "I just want to die."

O:    Mental Status Exam
      Oriented x __4__
      Appearance:dishelveled
      Behavior:aggitated
      Speech:pressurred
      Mood/affect:flat
      Thought processes:WNL
      Thought content:Reports theme of fatalistic and hopeless thinking
      Suicidal/homicidal ideations:Reports he can't get impulse to cut out of his head.
      Cognition:wnl
      Insight and Judgment:WNK

A:    Diagnostic Impression
      Axis I:Major Depression-recurrent with psychotic features
      Axis II:301.7

P:    Transfer to _____SKYVIEW_____ facility by:
      _X_   Van
      ___   Ambulance
      ___   Regular Transportation

*Exhibit "P" page 1 of 8*

1 of 2

0361

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

Transfer to Inpatient Note

Patient Name: CALTON, ALLEN F          TDCJ#:1123880          Date:   09/19/2008 09:54
Facility:  BYRD
          ____     Other:

          Physical exam completed.
          __X_    Patient is medically cleared for transfer per orders of _____DR. DAO_____
          ____    Patient is not medically cleared for transfer.
                   Disposition:


          Special precautions/comments: Potentially staff assaultive
Follow-up entry: While waiting for transport to Skyview the patient asked to go to the rest room and a minute, or so, later he
exited the bathroom dripping blood from both his wrists.
Nurses reported that wounds will require stitches to close the wounds.
Dr. DAO is currently treating wounds.

Procedures Ordered:
     MH OP ASSESSMENT/EVALUATION
     MH OP CRISIS MANAGEMENT REFERRAL:   major depressive disorder, recurrent, severe with
psychotic features


          Electronically Signed by HALLMAN, SAMUEL    MA, LPA, RP on 09/19/2008.
          ##And No Others##

*Exhibit "P" page 2 of 8*

# Correctional Managed Care
## PRE-CRISIS MANAGEMENT HEALTH EVALUATION

tient Name: CALTON, ALLEN F   TDCJ#: 1123880   Date: 09/19/2008 10:03   Facility: BYRD

ge: 40 Years  Race: B  Sex: Male
ost recent vitals from 04/23/2008: BP: 140 / 68 (Sitting) ; Wt: ; Height: 74 In.; Pulse: 74 (Sitting) ; Resp: 18 / min; Temp: 98.2 (Oral)
llergies: NO KNOWN ALLERGIES

| Patient Language:  ENGLISH   Name of interpreter, if required: |
|---|

ffender is being transferred to Crisis Management due to: SUICIDE ATTEMPT

ɔecial Diet: __REGULAR__
JHLES: _____

### PRE-SEG/LOCK-UP/UOF PHYSICAL EXAM
    Chronic Conditions/Illnesses
        No
    Physical Observations
        General Appearance
            Clean
      Skin
        Turgor
            Good
        Lacerations
    YES   WHILE IN INFIRMARY OFFENDER WENT TO BATHROOM AND CAME OUT /ITH BOTH WRIST CUT  HAS RAZORBLADE IN HAND.  SECURITY HERE.  OFFENDER FOLLOWING RDERS.   LEFT WRIST HAS A 2" CUT  RECEIVING 4 SUTURES.  RT WRIST HAS 3 CUTS   1- 1" ECEIVED 2 SUTURES   1- 1/2" RECEIVED 1 SUTURE   1 SUPERFICIAL CUT  1/2" LATERAL  TO 1/2" UT   BANDAGED WITH TELFA  4X4 AND CO WRAP.  SECURITY TAKING TO INTAKE FOR RANSFER TO SV.
        Contusions
            No
        Bruises
            No
      Respiratory
        Dyspnea
            No
        Breath Sounds
            Clear
        Cough/Congestion
            No
      Cardiovascular
        Rhythm
            Regular

Exhibit "P" page 3 of 8

atient Name: CALTON, ALLEN F  TDCJ#: 1123880   Date: 09/19/2008 10:03  Facility: BYRD

Edema
No
Chest Pain
No
Bleeding Tendencies
No
Gastrointestinal
Distention
No
Constipation
No
Diarrhea
No
Nausea
No
Vomiting
No
Abdominal Pain
No
Genitourinary
Flank Pain
No
Burning/Frequency Urination
No
Discharge
No
Gyn
Pregnant
Not Applicable
Menses
Not Applicable
Neurological
Headache
No
Dizziness
No
Speech
Normal
Pupils
Equal
Reactive
Left
Right

Exhibit "P" page 4 of 8

Psychiatric

# Correctional Managed Care
## PRE-CRISIS MANAGEMENT HEALTH EVALUATION

atient Name: CALTON, ALLEN F   TDCJ#: 1123880   Date: 09/19/2008 10:03   Facility: BYRD

Orientation
Person
Yes
Place
Yes
Time
Yes
Coherence Of Thought Processes
Organized
IL LOGICAL
Emotional State
DEPRESSED
Suicide Risk Assessment
Suicide Threat/ Attempt *** (Describe) CUT WRIST WHILE IN
IFIRMARY

Musculoskeletal Range Of Motion
Upper Extremities
Normal
Lower Extremities
Normal
Released To Security
Yes
Referred For Further Evaluation
Yes  DR DAO FOR SUTURES
`AMOXICILLIN 500MG PO BID X 7 DAYS
V/O DR DAO/ B LOVE LVN


Mental Health Services
Md:   DR NGUYEN
TRANSPORT TO SV


fender was medically cleared by: DR DAO
fender is being transferred to Crisis Management per: DR K NGUYEN


nd this note via email to Mental Health staff on your facility.

Exhibit "P" page 5 of 8

**All verbal/telephone orders must be** Electronically Signed by LOVE, BEVERLY D L.V.N. on 09/19/2008.
Electronically Signed by KEITH, MONIQUE F BA on 09/19/2008.
Electronically Signed by BAXTER, J. BROOKE  CCA on 09/19/2008.
Electronically Signed by GANNAWAY, KATHY L RRT on 09/19/2008.

# Correctional Managed Care
## PRE-CRISIS MANAGEMENT HEALTH EVALUATION

atient Name: CALTON, ALLEN F  TDCJ#: 1123880  Date: 09/19/2008 10:03  Facility: BYRD

Electronically Signed by KING. ELIZABETH L CCA on 09/19/2008.
Electronically Signed by DAO, HUNG  M.D. on 09/19/2008.
Electronically Signed by NGUYEN. KINH V M.D. on 09/19/2008.
Electronically Signed by MITCHELL, VALERIE J CCA on 09/22/2008.
Electronically Signed by BYRD. REBECCA on 09/22/2008.
Electronically Signed by COOKSEY. JOANNA L CCA on 09/25/2008.
Electronically Signed by COOKSEY, JOANNA L CCA on 09/29/2008.
##And No Others##

Exhibit "P" page 6 of 8

if 4

Scanned by AVANT, CATHY R CCA in facility SKYVIEW on 10/01/2008 12:13

Z

203

# CORRECTIONAL MANAGED CARE
## MEDICAL & MENTAL HEALTH TRANSFER SCREENING
### PARTS III & IV

NAME: Calton, Allen F     DOB: 10/02/1967     TDCJ: 1123880
ALLERGIES: NO KNOWN ALLERGIES

**III. Facility of Assignment Health Screening:**
Date: _9/19/08_     Time: _1430_     Facility: _Skyview_
Transfer Information:
Return From: ❑ Specialty Clinic _____ ❑ Inpatient _____ ☒ Inpatient MH/Crisis Mgmt.
            ☒ Newly Assigned _Byrd_
Current/History of treatment for Health Problem or Chronic Condition?
MEDICAL ❑     DENTAL ❑ MENTAL HEALTH ❑ SUBSTANCE ABUSE ☒
If yes, describe: _Pt States, 'I smoked marajuana in the FREE WORLD'_

Currently taking any medications? Yes ☒     No ❑ PRINT PASS ATTACHED: Yes ☒ No ❑
Direct Observed Therapy?     Yes ❑     No ☒ KEEP ON PERSON?     Yes ❑ No ☒
Do you have a current health care complaint?
MEDICAL ❑     DENTAL ❑ MENTAL HEALTH ☒
If yes, describe: _PT states, 'They cut my meds off - I'm on the wrong meds._

GENERAL APPEARANCE: Clean ☒     Dirty ❑     Neat ❑     Sloppy ❑
SKIN: Cuts: Yes ☒ No ❑     Bruises: Yes ❑ No ☒     Sores: Yes ❑ No ☒
PHYSICAL DEFORMITIES:     Yes ❑ No ☒
If yes, describe: _multiple lacerations to bilateral wrists, inner aspect._
_sutures in place to ® wrist, some _____ to ® wrist, _____
OFFENDER'S PRESENT ORIENTATION:
What is today's date? _Sept_     Time? _2:30_
What place is this? _don't know_
Alert ☒ Not Alert ❑
Oriented ☒     Not Oriented ❑

SPEECH:     ☒ Fluent     ❑ Mumbling     ❑ Shouting     ❑ Refuses to Talk
❑ Other_____

BEHAVIOR: ❑Angry     ❑Crying     ☒Cooperative ❑Happy     ❑ Other_____
DO YOU HAVE CURRENT THOUGHTS ABOUT SUICIDE?     Yes ❑ No ☒
PREVIOUS SUICIDE ATTEMPT?     Yes ☒ No ❑

SCREENER'S SIGNATURE: _L Moore, RN_     DATE: _9/19/08_

**IV. Review of Offender's Health Record**
Date last PPD ☒ / CXR ❑ : _unk_
Date of last mammogram: _N/A_     Date of next mammogram: _N/A_     N/A: _O_
X-rays Rec'd: YES ❑ NO ☒
Meds Rec'd: YES ❑ NO ☒     DOT: YES ❑ NO ☒
Health Problems: _major depressive D/O, HTN, seizure D/O_

Meds: _citalopram 20mg QD_  +i 9/29     Rec'd ❑     Exp'd ❑     MD Reorder_____
_citalopram 40mg QD start 9/30_     Rec'd ❑     Exp'd ❑     MD Reorder_____
_Haldol 5mg Q pm_     Rec'd ❑     Exp'd ❑     MD Reorder_____
_Cogentin 2mg Q pm_     Rec'd ❑     Exp'd ❑     MD Reorder_____

HSN-1 Part B (Rev. 5/2006)     To Remain in Offender's Health Record
1 of 2

X |||||||||||||||||||||||||||||||||||||||||||||||||||||||||||| #

_Exhibit "P" page 7 of 8_

# Scanned by AVANT, CATHY R CCA in facility SKYVIEW on 10/01/2008 12:13                Z

### CORRECTIONAL MANAGED CARE
### MEDICAL & MENTAL HEALTH TRANSFER SCREENING
PARTS III & IV

NAME:   Calton, Allen F    DOB: 10/02/1967      TDCJ:  1123880

| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |
| | Rec'd ☐ | Exp'd ☐ | MD Reorder_____ |

Treatments/Special Care/Follow-up/Diets/Appointments:

F/U psych

Add to Chronic Clinic:    ☐ Yes   ☒ No          Chart for review to:  CID ☐
DISPOSITION OF OFFENDER:
No health care needs or immediate referrals to medical necessary ☒
Referral to Medical:          Routine Follow-up ☐   Emergency Medical Services ☐
Referral to Mental Health:    Routine Follow-up ☒   Emergency Mental Health Services ☐
Referral to Dental:           Routine Follow-up ☐   Emergency Dental Services ☐
RELEASE TO GENERAL POPULATION:        ☐ Yes  ☒ No
Restrictions:
        Housing  UNK _____

        Work  (III) #'s  UNK _____Discipline Restrictions: Yes ☐  No ☐ UNK

Nurse Signature/Date/Time___L. moore, RN   9/19/08   1430___

Physician/Physician Extender _____

SEP 22 2008

JOE D. CRAWFORD, M.D.

X  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  #

Exhibit "O"  page 8 of 8

Cause No. _____

In re Allen "F" Calton ⟩  In The Court

of

Relator

Criminal Appeals

Relator's Declaration Confirming Previous Filings

To The Honorable Court:

Now Comes Plaintiff Allen "F" Calton (the Relator) and files this Declaration confirming that the attached pages describe each and every lawsuit and/or prior filings and the operative facts of the same in accordance with section 14.004 of the Civil Practice and Remedies Code and a copy that's certified of Relator's Inmate Trust Fund Account statement.

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas, hereby declare, certify and state under the penalty of perjury that the below thirty one (31) cause numbers describe the operative facts for each of Relator's previous filings. Executed on 8-18-15    Allen "F" Calton

Respectfully Submitted
Allen "F" Calton

Relator's Declaration Confirming Previous Filings page 1 of 31

(1) Trial Cause No. 3:02-CV-2215-N      Calton v City of Garland
Court: U.S. District Court - Dallas Division - Judge David Godbey
File Date: 10-11-02
Disposition: A jury found against Plaintiff on all claims on 3-15-05
in a jury trial. Fifth Circuit Affirmed Judgment on 4-4-06 writ
of Certiorari denied on 10-2-06.

## Operative Facts

on the night of 4-23-02 Garland Police Officers Shupe Clark, Benda
and Puckett released a K-9 on Plaintiff that bit Plaintiff on the back of
his thigh which resulted in Plaintiff suing these officers for violating his
4th Amendment Right. On 4-24-02 and 4-25-02 the three John Doe officers
refused and/or denied Plaintiff his medication for the dog bite wounds
which resulted in Plaintiff suing these officers for violating his 14th
Amend Right. The city of Garland and Chief Wilson were sued as Super-
visory officials for the other Garland officers. Lt. K.R Davis was sued
for his bias investigation and resolution of the grievance filed against
the other officers.

(2) Trial Cause No. 4:02-CV-845-A      Calton v Anderson
Court: U.S. District Court Fortworth Division    -Judge John McBryde
File Date: 10-11-02
Disposition: Case dismissed pursuant to 28 U.S.C § 1915 (b) on
4-16-03 for lack of subject matter Jurisdiction on 4-16-03

## Operative Facts

Plaintiff sued Charlotte Ehlinger, Danny Shephard, Tracy Corson, Jerry Wimberly, Lt. Christian, and Matt Loewen for denying him medical care and medication for a back injury sustained in Tarrant County Jail on 5-14-02. M. Reagon, Lt. Johnson and Lt. West was sued for opening Plaintiff's legal mail outside his presence and for the failure investigating this violation. Dee Anderson, Chief Knowles, and Chief Simon were sued as the supervisory Officials of the other defendants.

(3) Trial Cause No. 348-198781-03   Calton V JPS Health Network in care of David Cecero

Court: 348Th District Court, Tarrant County, Judge Womack

File Date: 5-8-03

Disposition: Plaintiff Non-Suited the Action on 11-7-03

## Operative Facts

Plaintiff sued Dr. Fagan, Dr. Loewen, Dr. Weight, and Dr. Wassoner for denying him medical care and medication for a back injury sustained on 5-14-02 in the Tarrant County Jail. JPS Health Network in care of David Cecero was sued due to being the employer of the other defendants.

(4) Trial Cause No. 4:05-CV-2022-N   Judge David Godbey

Plaintiff's Declaration Confirming Previous Filings Page 3 of 31

Court: U.S. District Court - Dallas Division   Calton J Dallas County
File Date: 10-12-05
Disposition: Dismissed in part on 6-8-06 for frivolous Pursuant
to 28 U.S.C. § 1915(A)(B)(1) and 42 U.S.C. § 1997(e)(c)(1) Remaining
defendants Granted Summary Judgment on 8-27-07 Fifth Cir-
cuit Affirmed District Court Judgment on 1-16-09.

## Operative Facts

Plaintiff sued officers Cole and Tewman for providing plain-
tiff only five hours of Law Library Access during a 90 day period
from 6-21-04 to 9-21-04. Plaintiff sued officers Williams and Johnson for
providing Plaintiff a shaving razor on 4-23-05 and for the failure to
monitor Plaintiff while Plaintiff was housed on the psychiatric floor of
the Dallas County Jail and Plaintiff had said shaving razor in his posses-
sion and Plaintiff subsequently attempted suicide by slashing both wrists
with the blade Plaintiff removed from the shaving razor. Plaintiff sued
officers mitchell, walls, and Terry for providing Plaintiff a shaving razor
while Plaintiff was housed on the psychiatric floor of the Dallas County
Jail and Plaintiff was not monitored by these officers while Plaintiff
had the shaving razor in his possession and Plaintiff subsequently
attempted suicide by slashing both wrists with the blade Plaintiff removed
from the shaving razor. Plaintiff sued Dallas County, chief mcmillan,
chief Porter, and sheriff Bowles due to being the employer and/or su-
pervisor of the other defendants. sheriff Valdez was sued for being
a supervisor of the other defendants.

Plaintiff's Declaration Confirming Previous Filings   Page 4 of 31

(5) Trial Cause No. 4:05-CV-703-Y        Calton v Tarrant County
Court: U.S. District Court - Fostworth Division   Judge Terry means
File Date: 11-4-05
Disposition: Dismissal of all official Capacity Claims against defendant, arising from several incidents pursuant to 28 USC § 1915 A and Alternatively § 1915 (e)(2)(B); Additional individual claims dismissed as frivolous and were later dismissed for failure to administratively exhaust on 9-23-08 during Summary Judgment Proceedings and on a motion To Dismiss.

## Operative Facts

Plaintiff sued Dr. Waggoner, Nurse Tucker, Jacqueline, Curtis Ms. Chandler and Jane Doe for dumping Plaintiff off a back board after Plaintiff had sustained a back injury in a fall on 2-28-04. Capl. Harrison forced Plaintiff to walk back to his cell unassisted although Plaintiff's vision was impaired and plaintiff subsequently fell and injured his back on 2-28-04 Plaintiff sued O Derusha, J. Thomas, and Sam Haber for forcing Calton to wear a 50,000 volt stunbelt during the trial that occurred on 5-10-04 to 5-20-04. Plaintiff sued officers Felder, Collier, Gracia, J. Evans, Don Taylor and Sgt. Closner for using excessive force on Plaintiff by arbitrarily spraying Plaintiff with a chemical agent on 2-22-04. Plaintiff sued P. Bailey, C. Garrett, Mr. Cole, C.A Kunas Gayle, Lt. Christian and John Doe for writing Plaintiff false disciplinary cases in 2003 and 2004. In violation of the 14 Amend. Tarrant County, J.P.S. Health Network, sheriff Anderson, David Cearo.

Chief Stromile, Chief Simon and Gayle Gray were sued for being the employer of and/or supervisor of the other defendants.

(6) Trial Cause No. 4:06-CV-00209        Calton v Perrin
Court: U.S. District Court, Houston Division  Judge Kenneth Hoyt
File Date: 1-19-06
Disposition: Case dismissed pursuant to 28 U.S.C § 1915 (e)(2)(B) 3-16-06

### Operative Facts

Plaintiff sued officers Kuta, Hubbard and Bradford for seizing a bag of Plaintiff's legal property containing the motion for New Trial Plaintiff was going to file with the trial court. Plaintiff was unable to timely file the motion due to said motion was confiscated by these officers. Plaintiff sued Sgt. Ausmus and Lt. Perrin due to being supervisors of the other defendants

(7) Trial Cause No. 5:08-CV-152-BG        Calton v T.T.U.H.C.S.
Court: U.S. District Court, Lubbock Division  Judge Nancy Koenig
File Date: 7-28-08
Disposition: Dismissed pursuant to 28 U.S.C § 1915 (e)(2), 28 U.S.C. § 1915 A (b) and 42 U.S.C. § 1997 e (c) on 6-1-09

### Operative Facts

Plaintiff sued Dr. S. Lehman, S. Milhauser and Dr. Julitquy for denying Plaintiff medical care and medication for a very painful nerve

condition in both of Plaintiff's hand and wrists. Plaintiff sued T.T.U.H.C.S. Pharmacy Committee, Dr. Denise Deshields, Tasha Janes, Ranee Lenz, Stephanie Zepeda, Bill Toney, Owen Murray and Robert William for establing a policy preventing Plaintiff from being prescribed the only pain medication that relieved Plaintiff from the severe pain Plaintiff experiences from the nerve damage in his hands.

(8) Trial Cause No. 4:09-CV-01340     Calton V Livingston, et al
    Court: U.S. District Court, Houston Division     Judge San Lake
    File Date: 5-1-09
    Disposition: Dismissed pursuant to 28 U.S.C. § (g) on 5-8-09

Plaintiff sued Samuel Hallman, Richard Tolles, Beverly Love, Lt. Krischke, Sgt. Cannalito, Officer O'Bryant and Jamie Wilkins who failed to take the appropriate measures to prevent Plaintiff from attempting suicide on 4-19-08 by repeatedly cutting his wrists. Plaintiff sued Christine English-O'Connor and Cynthia Luna due to their failure in providing Plaintiff prescription eyeglasses. Plaintiff sued M. Warren for discontinuing Plaintiff depression medication in September of 2008 Plaintiff sued Brad Livingston, U.T.M.B, T.T.U.H.S.S.C., Denise Deshields, Owen Murray, Lynnette Linthicum, Warden Gincel, Teresa Moyar Mr. Roulette, Tasha Janes as the employees and/or supervisors of the other defedants

(9) Trial Cause No. 4:09-CV-2507     Calton V Livingston, et al
    Court: U.S. District Court, Houston Division   Judge Nancy Atlas
    File Date: 8-3-09
    Disposition: Defedants Granted Summary Judgment on 5-27-11 Appeal Affirmed By Fifth Circuit on May 2012. Partial Dismissal

pursuant to 28 U.S.C. § 1915 A (b) to Dismissal without prejudice in part to refiling in the proper venue.

## Operative Facts

Plaintiff sued Samuel Hallman, Richard Tolles, Beverly Lover, Lt. Krischke, Sgt. Camalito, officer O'Bryant and The Byrd Unit Health Administrator Jamie Wilkins who failed to take the appropriate measures to prevent Plaintiff from attempting suicide on 9-19-08 by repeatedly cutting his wrists. Plaintiff sued Christine English-O'Connor and Cynthia Zua due to their failure in providing Plaintiff prescription eye-glasses. Plaintiff sued M. Warren for discontinuing Plaintiff depression medication in September of 2008. Plaintiff sued Brad Livingston, U.T.M.B, T.T.U.H.S.S.C, Denise Deshields, Owen Murray Lanette Linthicun, Warder Gihcel, Teresa Moya, Mr. Roulette, Tasha Jones as the employees and/or supervisors of the other defendants.

(10) Trial Cause No. 6:12-CV-87          Calton v Wright
     Court: U.S. District Court, Tyler Division Judge Leonard Davis
     File Date: 2-24-12
     Disposition: dismissed with prejudice pursuant to 28 USC §1915
     (g) on 3-12-12

## Operative Facts

Plaintiff sued Warden Motal, Capt Holman, and Officer Zuckerman for threats made toward Plaintiff on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued Dr. Wright and Dr. Thompson for discontinuing Plaintiff's medical restrictions on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued L. Randle for harassing Plaintiff and encouraging

him to drop his lawsuit on 12-8-10. Plaintiff sued mary Stephenson and Captain Holman because the two conspired together to write Plaintiff a false disciplinary case on 12-9-10 due to Plaintiff's prior litigation. Plaintiff sued R. Stolts for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-14-10. Plaintiff sued Captain Stephenson for making threats of bodily harm to Plaintiff on 12-15-10 due to Plaintiff's prior litigation and also for filing a grievance against Capt. Stephenson's wife mary stephensons. Plaintiff sued A. Barker and J. Quick for making threats of bodily harm also on 12-15-10 due to Plaintiff's prior litigation. Plaintiff sued Z. marshall for finding Plaintiff guilty of a false disciplinary case that Z. marshall knew to be false on 12-16-10 due to Plaintiff's prior litigation. Plaintiff sued Sgt. Brown, officer mccray and mccoy for writing a false disciplinary case and for confiscating and/or destroying some of Plaintiff's legal papers on 12-21-12. Plaintiff sued officer cline for strip searching Plaintiff and forcing Plaintiff to stand in the cold weather in the nude for an extended period of time on 12-30-10 due to prior litigation. Plaintiff sued C. sherrick for arbitrarily ransacking Plaintiff's cell and legal papers on 12-30-10 due to prior litigation. Plaintiff sued Sgt. Ross and M. morgan for using excessive force on him by using an excessive amount of chemical agent on 1-2-11. Plaintiff sued R. Jamay, C. marshall, Sgt. Ross, M. morgan, and Ramirez for taunting Plaintiff and refusing Plaintiff a shower although Plaintiff was burning all over after being drenched in a chemical agent due to prior litigation. Plaintiff sued m. Chavey and N. Bell for refusing Plaintiff a change of boxers on 1-2-11 although the boxers Plaintiff had on were saturated in a chemical

agent due to prior litigation. Plaintiff sued C. Harris, Mc. Clanahan, and Crawford for encouraging Plaintiff to kill himself on 1-3-11 while Plaintiff was under suicide watch. Plaintiff Sued R. Criss for removing Plaintiff off of suicide watch on 1-3-11 although Plaintiff was still suicidal due to prior litigation. Due to Plaintiff's prior litigation. W. warren and L. Quick used excessive force on Plaintiff by handcuffing Plaintiff very tightly. Plaintiff sued S. Belcher, K. Jennings, G. wright, and Billy shelton for discharging Plaintiff from the Skyview Psychiatric Unit on 1-31-11 although Plaintiff was still very depressed and suicidal due to prior litigation. Plaintiff sued G. wright for denying Plaintiff medical care and medication on 2-28-11 due to prior litigation. Plaintiff sued J. Boyer and Cpt. Jock for finding Plaintiff guilty of a false disciplinary charge that they knew to be false on 5-17-11 due to prior litigation. Plaintiff sued B. Raymond for writing Plaintiff a false disciplinary case on 10-17-11 due to prior litigation. Plaintiff sued Sgt. Cuba, D. Rhodes, and P. Coleman for using excessive force on 10-26-11 by punching Plaintiff in the eye, head and kicking Plaintiff as well as handcuffing Plaintiff in a very awkward manner due to prior litigation. Plaintiff sued the Texas Board Of Criminal Justice for their failure in having a policy in place to prevent mentally ill offenders with repeated suicide attempts with the blade from a shaving razor from having access to a shaving razor. All of these defendants were sued for their individual adverse acts in their retaliation due to Plaintiff's prior lawsuit against prison officials in violation of the 1st and 14Th Amend.

(11) Trial Cause No. 6:12-CV-344            Calton v wright, et al
     Court: U.S. District Court, Tyler Division    Judge Leonard Davis

Plaintiff's Declaration Confirming Previous Filings Page 10 of 31

File Date: 5-22-12

Disposition: Dismissed with prejudice pursuant to 28 U.S.C § 1915 (g) as to the refiling of another informa pauperis lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking in Forma Pauperis status and upon payment of the statuatory $350.00 filing fee on 8-1-12.

## Operative Facts

Plaintiff sued Warden motal, Capt. Holman, and officer Zuckerman for threats made toward Plaintiff on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued Dr. Wright and Dr. Thompson for discontinuing Plaintiff's medical restrictions on 11-12-10 due to prior litigation. Plaintiff sued L. Randle for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-8-10. Plaintiff sued Mary Stephenson and Captain Holman because the two conspired to write Plaintiff a false disciplinary case on 12-9-10 due to Plaintiff prior litigation. Plaintiff sued K. Stotts for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-14-10. Plaintiff sued Captain Stephenson for making threats of bodily harm to Plaintiff on 12-15-10 due to Plaintiffs prior litigation and also for filing a grievance against Captain Stephenson's wife Mary Stephenson. Plaintiff sued A. Barker and J. Quick for making threats of bodily harm also on 12-15-10 due to Plaintiff prior litigation. Plaintiff sued L. marshall for finding Plaintiff guilty of a false disciplinary case that L. marshall knew to be false on 12-16-10 due to Plaintiff's prior litigation. Plaintiff sued Sgt. Brown, officer McCray and McCoy for writing a false disciplinary case and for confiscating and/or destroying some of Plaintiffs legal papers on 12-21-10. Plaintiff sued officer cline for

strip searching Plaintiff and forcing Plaintiff to stand in the Cold weather in the nude for an extended period of time on 12-30-10 due to prior litigation. Plaintiff sued C. Sherrick for arbitrarily ransacking Plaintiff's cell and legal papers on 12-30-10 due to prior litigation. Plaintiff sued sgt. Ross and m. morgan for using excessive force on him by using an excessive amount of a chemical agent on 1-2-11. Plaintiff sued K. January, C. marshall, Sgt. Ross, m. morgan, and Ramirez for taunting Plaintiff and refusing Plaintiff a shower although Plaintiff was burning all over after being drenched in a chemical agent due to prior litigation. Plaintiff sued m. Chaney and N. Bell for refusing Plaintiff a change of boxers on 1-2-11 although the boxers Plaintiff had on were saturated in a chemical agent due to prior litigation. Plaintiff sued C. Harris, mc Clanahan, and Crawford for encouraging Plaintiff to Kill himself on 1-3-11 while Plaintiff was under suicide watch. Plaintiff sued R. Criss for Removing Plaintiff off of suicide watch. Plaintiff sued sued R. Criss For Removing Plaintiff off of suicide watch on 1-3-11 although Plaintiff was still suicidal due to prior litigation. Due to prior litigation w. warren and L. Quick used excessive force on Plaintiff by handcuffing Plaintiff very tightly and were sued for this conduct. Plaintiff sued S. Belcher, K. Jennings, G. wright, and Billy shelton for discharging Plaintiff from the sky view unit on 1-31-11 although Plaintiff was still very depressed and suicidal due to prior litigation. Plaintiff sued G. wright for denying Plaintiff medical care and medication on 2-28-11 due to prior litigation. Plaintiff sued J. Roper and Capt. Jock for finding Plaintiff guilty of a false disciplinary charge that they

Plaintiff's Declaration Confirming Previous Filings Page 12 of 31

both knew to be false on 5-17-11 due to prior litigation. Plaintiff sued B. Raymond for writing Plaintiff a false disciplinary case on 10-17-11 due to prior litigation. Plaintiff sued Sgt. Caba, D Rhodes, and P. Coleman for using excessive force on 10-26-11 by punching Plaintiff in the eye, head and kicking Plaintiff as well as handcuffing Plaintiff in a very awkward manner due to prior litigation. Plaintiff sued the Texas Board of Criminal Justice for their failure in having a policy in place to prevent mentally ill offenders with repeated suicide attempts with the blade from a shaving razor. From having access to a shaving razor. All of these defendants were sued for their adverse acts in their retaliation due to my prior lawsuit against prison officials in violation of the first Fourteenth Amendment.

(12) Trial Cause No. 067-263086-12    Calton v Calton-Knox et al
      Court: 67th Judicial District, Tarrant County  Judge Don Cosby

   File Date: 12-5-12
   Disposition: Dismissed for want of jurisdiction and without prejudice on 3-20-04

## Operative Facts

   Plaintiff sued Johnie Calton-Knox, James Calton, John Calton, Ricky Calton and Mary Calton Tutt to partition jointly owned property. Namely a residence at 2349 Carruthers Dr. Tarrant county, Texas and any and all surplus funds from any insurance, bank accounts and any other money the parties mother had at the time of her death.

(13) Trial Cause No. 02-12-00528-CV  In re Allen "F" Calton
      Court: Second District Of Texas Court Of Appeals

File Date : 12-31-12
Disposition: Denied on 1-17-13

## Operative Facts

Plaintiff sought mandamus relief to compel Court Reporter Steve Schiller to File Nunc Pro Tunc any and all Pretrial hearings transcripts that have been located in reference to the pretrial hearings occurring on 1-8-04, 1-16-04, 1-23-04, 1-29-04, 2-12-04, 2-26-04, 3-31-04 and 4-26-04 in the 213 Th Judicial Court in reference to trial Cause No. 0843168. Plaintiff further sought mandamus relief in the form of the Court Compelling Steve Schiller to submit to the Appellate Court, the trial Court and the Texas Court of Criminal Appeals and to Plaintiff an affidavit sufficiently detailing the fact that Plaintiff's First Appeal As of Right was decided on an Incomplete Record to no fault of Plaintiff.

(14) Trial Cause No. 349-7147                Calton v Wright, et al
   Court: 349 Judicial District Court, Anderson County, Texas
   File Date : 3-22-13                Judge Pam Foster-Fletcher
   Disposition: Dismissed without Prejudice pursuant to chapter
14 Tex. Civ. Prac Ren Code Ann. Art. On 7-3-13.

## Operative Facts

Plaintiff sued warden Motal, Capt. Holman and Officer Zuckerman for threats made toward Plaintiff on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued Dr. Wright and Dr. Thompson for discontinuing Plaintiff medical restrictions on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued L. Randle for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-8-10. Plaintiff sued Mary Stephenson and Captain Holman because

Plaintiff's Declaration Confirming Previous Filings   Page 14 of 31

the two conspired together to write plaintiff a false disciplinary case on 12-9-10 due to Plaintiff prior litigation. Plaintiff sued K.Stotts for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-14-10. Plaintiff on 12-15-10 was threatened with bodily injury by Cpt. stephenson and sued Capt. stephenson for said threats and sued him for threats he made to Plaintiff about filing a grievance against his wife mary stephenson and for plaintiff's prior litigation. Plaintiff sued A. Barker and J. Quick for making threats of bodily harm also on 12-15-10 due to Plaintiff's prior litigation. Plaintiff sued L. marshall for finding Plaintiff guilty of a false disciplinary case that L. marshall knew to be false on 12-16-10 due to Plaintiff's prior litigation. Plaintiff sued Sgt. Brown, officer mccray and mccoy for writing a false disciplinary case and for confiscating and/or destroying some of Plaintiff's legal papers on 12-21-12. Plaintiff sued in the cold weather in the nude for an extended period of time on 12-30-10 due to prior litigation. I sued Sgt. Ross and M. morgan for using excessive force on him by using an excessive amount of a chemical agent on 1-2-11. Plaintiff sued K. January, R. marshall, Sgt. Ross, M. morgan, and Ramirez for taunting Plaintiff and refusing Plaintiff a shower although Plaintiff was burning all over after being denied a shower although Plaintiff was burning all over after being drenched in a chemical agent due to prior litigation. Plaintiff sued m. chaney and N. Bell for refusing plaintiff a change of boxers on 1-2-11 although the boxers Plaintiff had on were saturated in a chemical agent due to prior litigation. Plaintiff sued C. Harris, mc clanahan, and Crawford for encouraging Plaintiff to kill himself on 1-3-11 while Plaintiff was under suicide watch. Plaintiff sued R. Criss for removing Plaintiff off of suicide watch on 1-3-11 although Plaintiff was suiadal due to prior litigation. Due To plaintiff's

prior litigation w. warren and L. Quick used excessive force on plaintiff by handcuffing plaintiff very tightly. Plaintiff sued S. Belcher, K. Jennings, G. Wright, and Billy Shelton for discharging plaintiff from the Skyview Psychiatric unit on 1-31-11 although plaintiff was still very depressed and suicidal due to prior litigation. Plaintiff sued G. Wright for denying plaintiff medical care and medication on 2-28-11 due to prior litigation. Plaintiff sued J. Boger and Capt. Jock for finding plaintiff guilty of a false disciplinary charge that they both knew to be false on 5-17-11 due to prior litigation. Plaintiff sued B. Raymond for writing plaintiff a false disciplinary case on 10-17-11 due to prior litigation. Plaintiff sued Sgt. Cuba, D. Rhodes and P. Coleman for using excessive force on 10-26-11 by punching plaintiff in the eye, head and kicking plaintiff as well as handcuffing plaintiff in a very awkward manner due to prior litigation. Plaintiff sued Captain Holman for body slamming plaintiff head first onto the concrete floor on 2-20-12 due to prior litigation. Plaintiff sued Captain Holman, Lt. Cuba, Sgt. Iheanacho, A.C. marshall and officer williams for wrestling plaintiff down in his cell and also using excessive force against plaintiff by choking plaintiff out while plaintiff was hand cuffed on 11-25-12. Plaintiff sued the Texas Board of Criminal Justice for their failure in having a policy in place to prevent mentally ill offenders with repeated suicide attempts with the blade from a shaving razor. From having access to a shaving razor. All of these defendants were sued for their individual adverse acts in their retaliation for plaintiff's prior lawsuit against prison officials in violation of the First and Fourteenth Amendment.

(15) Trial Cause No. 4:14-CU-115       Calton v Schiller, et al

Court: U.S. District Court Fortworth

File Date: 2-18-14       Judge John mcBryde

Disposition: magistrate Recommended to the Court that Plaintiff Application to proceed In Forma Pauperis be denied which the district Court accepted on or about 3-7-14.

## Operative Facts

Plaintiff sued steve schiller for failing to prepare and furnish Plaintiff a complete and sufficient record on appeal and for untimely transcribing timely requested pretrial hearing transcripts. Plaintiff sued John Cayce and Terrie Livingston in their official capacity as the Chief Justices past and present of the second District of Texas Court of Appeals which is the Court that resolved Plaintiffs' direct appeal on an incomplete record. Plaintiff sued Robert Gill and Louis sturns in their official capacity as the past and present judges of the 213Th Judicial Court which is the Court that failed to ensure that steve schiller had prepared and furnished a sufficient and complete Reporter's record to Plaintiff. Plaintiff sued sharon Keller in her official Capacity as the presiding Judge of The Texas Court of Criminal Appeals which is the Court that has authority to compel the Court of Appeals to grant plaintiff an out-of-time-Appeal.

(16) Trial Cause No. 67-270690-14       Calton v skiller, et al

Court: 67Th The Judicial Court, Tarrant County    Dancid J. Cosby

File Date: 2-20-14

Disposition: Dismissed claims against the Judges Defendants on 5-21-14. Dismissed claims. claim against steve schiller pursuant

Plaintiff's Declaration Confirming previous Filings page 17 of 31

to chapter 14 of The Tex Civ Prac Rem Code on 6-1-15. Judges Defendants claims were dismissed For Lack of subjectmatter Jurisdiction.

## Operative Facts

Plaintiff sued Steve Schiller for failing to prepare and furnish Plaintiff a complete and sufficient record on appeal and for untimely transcribing timely requested pretrial hearing transcripts. Plaintiff sued John Cayce and Terrie Livingston in their official capacity as the chief Justices past and present of the second District of Texas Court Of Appeals which is the court that resolved Plaintiff's direct Appeal on an Incomplete Record. Plaintiff sued Robert Gill and Louis Sturns in their official capacity as the past and present judges of the 213th Judicial Court which is the court that failed to ensure that Steve Schiller had prepared and furnished a sufficient and complete Reporter's record to the Plaintiff. Plaintiff sued Sharon Keller in her official capacity as the presiding judge of the Texas Court of Criminal Appeals. which is the court that has authority to compel the court Of Appeals to grant Plaintiff an out-of-time-Appeal.

(17) Trial Cause No. 2014-09348     Calton v Newman, etal.
    Court: 152nd Judicial, Harris     Judge Robert Schaffer
    File Date: 2-24-14
    Disposition: All three defendants motion For Summary Judgment granted on 1-20-15

## Operative Facts

Plaintiff sued Jason Newman and Lauren Tanner For The Failure to Adequately represent Plaintiff in a deliberate indifference civil Rights

Plaintiff's Declaration Confirming Previous Filings page 18 of 31

Violation and/or Negligence suit against prison officials. Mr. Newman and Ms. Tanner failed to replead statelaw Negligence claim Plaintiff Pled in his original Complaint when Mr. Newman and Ms. Tanner amended the complaint on 9-1-10. Baker-Botts L.L.P. was sued under the theory of vicarious liability as the employer of Mr Newman and Ms. Tanner. Plaintiff also sued these defendants for Fraud/Intentional misrepresentation and Breach of Fiduciary Duty Arising From The same facts and circumstances that occurred on 9-1-10. when Mr. Newman and Ms. Tanner told me that it was not necessary to replead the state Law Negligence claims before the federal Court to keep those claims properly before the federal court.

(18) Trial Cause No. 6:14-CV-212                    Calton v Wright, etal
Court: U.S. District Court, Tyler Division           Judge Leonard Davis
File Date: 3-17-14
Disposition: It was Recommended by the magistrate Judge John D. Love on 3-17-14 that Plaintiff's Application to Proceed in Forma Pauperis be denied due to Plaintiff's has three prior strikes which said recommendation was subsequently adopted by the District Court on or about April or may of 2004.

## Operative Facts

Plaintiff sued warden motol, Capt. Holmon and Sylvia Zuckerman for threats made toward Plaintiff on 11-12-10 due to Plaintiff prior litigation. Plaintiff sued Dr. wright and Dr. Thompson for discontinuing Plaintiff's medical restrictions on 11-12-10 due to Plaintiff's prior litigation. Plaintiff sued L Randle for harassing plaintiff and encouraging Plaintiff to drop his lawsuit on 12-9-10. Plaintiff sued mary stephenson

Plaintiff's Declaration Confirming Previous Filings page 19 of 31

and Captain Holmon because the two conspired together to write Plaintiff a false disciplinary case on 12-9-10 due to Plaintiff's prior litigation. Plaintiff sued K. Stotts for harassing Plaintiff and encouraging Plaintiff to drop his lawsuit on 12-14-10. Plaintiff sued Captain Stephenson for making threats of bodily harm to Plaintiff on 12-15-10 due to Plaintiff's prior litigation and also for filing a grievance against Captain Stephenson's wife Mary Stephenson. Plaintiff sued A. Barker and J. Quick for making threats of bodily harm also on 12-15-10 due to Plaintiff's prior litigation. Plaintiff sued Sgt. Brown, officer McCray and McCoy for writing a false disciplinary case and for confiscating and/or destroying some of Plaintiff's legal papers on 12-24-10. Plaintiff sued L. Marshall for finding Plaintiff guilty of false disciplinary case that L. Marshall knew to be false on 12-16-10 due to Plaintiff's prior litigation. Plaintiff sued officer Cline for strip searching Plaintiff and forcing Plaintiff to stand in the cold weather in the nude for an extended period of time on 12-30-10 due to prior litigation. Plaintiff sued A. Sherrick for arbitrarily ransacking Plaintiff's cell and legal papers on 12-30-10 due to prior litigation. Plaintiff sued Sgt. Ross and M. Morgan for using excessive force on him by using an excessive amount of a chemical agent on 1-2-11. Plaintiff sued K. January, C. Marshall, Sgt. Ross, M. Morgan, and Ramirez for taunting Plaintiff and refusing Plaintiff a shower although Plaintiff was burning all over after being drenched in a chemical agent due to prior litigation. Plaintiff sued M. Chaney and N. Bell for refusing Plaintiff a change of boxers on 1-2-11 although the boxers Plaintiff had on were saturated in a chemical agent due to prior litigation.

Plaintiff's Declaration Confirming Previous Filings Page 20 of 31

Plaintiff sued C. Harris, Mc Clanahan, and Crawford for encouraging Plaintiff to kill himself on 1-3-11 while Plaintiff was under suicide watch. Plaintiff sued R. Criss for removing Plaintiff off of suicide watch on 1-3-11 although Plaintiff was still suicidal due to prior litigation. Due to Plaintiff's prior litigation w. warren and L. Quick used excessive force on Plaintiff by handcuffing Plaintiff very tightly. Plaintiff sued S. Belcher, K. Jenning, G. wright, and Billy shelton for discharging Plaintiff from the sky-view psychiatric Unit on 1-31-11 although Plaintiff was still very depressed and suicidal due to prior litigation. Plaintiff sued G. wright for denying Plaintiff medical care and medication on 2-28-11 due to prior litigation. Plaintiff sued J. Boyer and Capt Jock for finding Plaintiff guilty of a false disciplinary charge that they both knew to be false on 5-17-11 due to prior litigation. Plaintiff sued B. Raymond for writing Plaintiff a false disciplinary case on 10-17-11 due to prior litigation. Plaintiff sued sgt. cuba, D. Rhodes, and P. Coleman for using excessive force on 10-26-11 by punching Plaintiff in the eye, head and kneeing Plaintiff as well as handcuffing Plaintiff in a very awkward manner due to prior litigation. Plaintiff sued Captain Holman for body slamming Plaintiff head first onto the concrete floor on 2-20-12 due to prior litigation. Plaintiff sued Captain Holman, A. Cuba, Sgt Theanacho, Lt. C. Marshall and officer williams for wrestling Plaintiff down in a cell and abousing excessive force against Plaintiff by choking Plaintiff out while Plaintiff was handcuffed on 11-25-12. Plaintiff sued Lt. La morris marshall for

Failing to Plaintiff from being viciously assaulted on 10-27-13 by another offender due to prior litigation. Plaintiff sued Jose Chapa for reducing and discontinuing early Plaintiffs pain medication on 11-16-13 although Plaintiff face was visibly swollen and Plaintiff was in severe pain due to prior litigation. Plaintiff sued the Texas Board of Criminal Justice for their failure in having a policy in place to prevent mentally ill offenders with repeated suicide attempts with the blade from a shaving razor. From having access to a shaving razor. All of these defendants were sued for their individual adverse acts in their retaliation For Plaintiff's prior lawsuit against prison officials in violation of the first and Fourteenth and Eighth Amend.

(19) Trial Cause No. 3-42122                    Calton v Marshall
     Court: 3rd Judicial District, Anderson County. Judge Mark Calhoun
     Filed date: 3-20-14
     Disposition: Dismissed without prejudice on 5-7-14 because the court found the claim to be frivolous or malicious. The court also found the claims frivolous under chapter 14.003 (a)(b) and request is denied

### Operative Facts

Plaintiff sued Lt. La morris marshall for failing to prevent and protect Plaintiff from being viciously assaulted on 10-27-13 by another offender on the michael unit on the High Security Bldg. I.e. Eight Bldg J. Pod (1) section.

Plaintiff's Declaration Confirming Previous Filings page 22 of 31

(20) Trial Cause No. 6:14-cv-407-KNM     Caton v Wright, etal
Court: U.S. District Court: Beaumont Division    Judge Leonard Davis
File Date: May 1, 2014
Disposition on 6-4-14 dismissed with prejudice for purposes of
In Forma Pauperis proceeding pursuant to 28 U.S.C. § 1915 (g)

## Operative Facts

Plaintiff sued warden motal, Capt. Holman, and Zylvia Zuckerman
for threats made toward Plaintiff on 11-12-10 due to Plaintiff's prior
litigation. Plaintiff sued Dr. Wright and Dr. Thompson for discontinuing
Plaintiff's medical restrictions on 11-12-10 due to prior litigation.
Plaintiff sued L. Randle for harassing Plaintiff and encouraging plaintiff
to drop his lawsuit on 12-9-10. Plaintiff sued mary stephenson and Cap-
tain Holman because the two conspired together to write Plaintiff a
false disciplinary case on 12-9-10 due to Plaintiff's prior litigation.
Plaintiff sued R. stotts for harassing Plaintiff and encouraging Plaintiff
to drop his lawsuit on 12-14-10. Plaintiff sued Captain stephenson for
making threats of bodily harm to Plaintiff on 12-15-10 due to Plaintiff's
prior litigation and for filing a grievance against Captain stephenson's wife.
Plaintiff sued L. marshall for finding me guilty of a false disciplinary case
that L. marshall knew to be false on 12-16-10 due to Plaintiff's prior
litigation. Plaintiff sued A. Barker and J. Quick for making threats of bodily harm
also on 12-15-10 due to Plaintiff's prior litigation. Plaintiff sued
Sgt. Brown, officer mccray and mccoy for writing a false disciplinary

Plaintiff's Declaration confirming previous Filings    page 23 of 31

case and for confiscating and/or destroying some of Plaintiff's legal papers on 12-21-10. Plaintiff sued Cline for strip searching me and forcing Plaintiff to stand in the cold weather in the nude for an extended period of time on 12-30-10 due to prior litigation. Plaintiff sued Sgt. Ross and M. Morgan for using excessive force on him by using an excessive amount of a chemical agent on 1-2-11. Plaintiff sued K. January, C. Marshall, Sgt. Ross, M. Marshall and Ramirez for taunting Plaintiff and refusing Plaintiff a shower although Plaintiff was burning all over after being drenched in a chemical agent due to prior litigation. Plaintiff sued M. Chaney and N. Bell for refusing Plaintiff a change of boxers on 1-2-11 although the boxers Plaintiff had on were saturated in a chemical agent due to prior litigation. Plaintiff sued C. Harris, McClanahan, and Crawford for encouraging Plaintiff to kill himself on 1-3-11 while plaintiff was under suicide watch. Plaintiff sued R. Criss for removing Plaintiff off of suicide watch on 1-3-11 although Plaintiff was still suicidal. Because of prior litigation W. Warren and L. Quick used excessive force on Plaintiff by hand-cuffing Plaintiff very tightly. Plaintiff sued S. Belcher, K. Jennings, G. Wright, and Billy Shelton for discharging Plaintiff from the sky-view Psychiatric unit on 1-3-11 although Plaintiff was still very depressed and suicidal due to prior litigation. Plaintiff sued G. Wright for denying Plaintiff medical care and medication on 2-28-11 due to prior litigation. Plaintiff sued J. Roger and Cpt. Jack for finding Plaintiff guilty of a false disciplinary charge that they both knew to be false on 5-17-11 due to prior litigation. Plaintiff sued B. Raymond for writing Plaintiff a false disciplinary case on 10-17-11 due to prior litigation. Plaintiff sued Sgt. Cuba, D. Rhodes

Plaintiff's Declaration Confirming Previous Filings page 24 of 31

and P. Coleman for using excessive force on 10-26-11 by punching Plaintiff in the eye, head, and kneeing Plaintiff as well as hand-cuffing Plaintiff in a very awkward manner due to prior litigation. Plaintiff sued Captain Holman for body slamming Plaintiff's head first onto the concrete floor on 2-20-12 due to prior litigation. Plaintiff sued Captain Holman, Lt. Cuba, Sgt. Iheanacho, Lt. C. marshall and Officer williams for wrestling Plaintiff down in his cell and also using excessive force against Plaintiff by choking. Plaintiff sued Lt. La morris marshall for failing to protect Plaintiff from being visuously assaulted on 10-27-13 by another offender due to prior litigation. Plaintiff sued Jose Chapa for reducing and dis-continuing early Plaintiff's pain medication on 11-16-13 although Plaintiff's face was visibly swollen and Plaintiff was in severe pain due to prior litigation. Plaintiff sued the Texas Board of Criminal Justice for their failure in having a policy in place to prevent mentally ill offenders from having access to a shaving razor. who have repeated suicide attempts with the blade from a shaving razor. Plaintiff sued Dentist David Hensley and Dentist David Langston and Pam moore-pace for denying Plaintiff medication and medical care for Plaintiff's serious medical needs for gum and/or bone infections from a broke jaw. All of these defendants were sued for their individual adverse acts in their retaliation to Plaintiff's prior law suit against prison officials in violation of the First, Fourteenth and Eighth.

(21) Trial Cause No. 2014 - PRO 1293-2    In re Estate willie D. Calton

Plaintiff's Declaration Confirming Previous Filings page 25 of 31

Court: Probate Court #2 Tarrant          Judge Pat Ferchill

File Date: May 15, 2014

Disposition: Unable to complete the process of filing due to notice of incomplete and/or deficient filing due to I didn't have the $400.00 dollar mandatory Attorney Ad Litem deposit

## Operative Facts

Plaintiff sued Arthur Lee Calton, Johnnie Calton-Knox, James Calton, John Calton, Ricky Calton, and Mary Calton-Tutt to determine Heirship and to Partition jointly owned property. Namely a residence at 2349 Carruthers Dr., Tarrant County, Texas and any and all surplus funds from the the party's mother had at the time of her death from any and all bank accounts, and any and all insurance policies proceeds whether Life or Burial Insurance Policies

(22) Trial Cause No. 3-42179          Calton v Marshall

Court: 3rd Judicial District, Anderson County, Judge Mark Calhoun

File Date: 6-2-14

Disposition: Dismissed As Frivolous and/or malicious

## Operative Facts

Plaintiff sued Lt. Lamorris Marshall for failing to prevent and protect Plaintiff from being visciously assaulted on 10-27-13 by another offender on the Michael Unit on the high security Bldg. i.e. Eight Bldg. J. Pod (1) Section.

(23) Trial Cause No. 96-272 780-14          Calton v Calton

Plaintiff's Declaration Confirming Previous Filings    page 26 of 31

Court: 96th Judicial Court, Tarrant County Judge R.H. Wallace Jr.

File Date 6-25-14

Disposition: Pending

## Operative Facts

Plaintiff sued Arthur Calton, Johnnie Calton-Knox, James Calton, John Calton, Ricky Calton, and Mary Calton-Tutt to partition jointly owned property. Namely a residence at 2349 Carruthers Dr. Tarrant County, Texas and any and all surplus funds from any insurance, bank accounts and any other money the parties mother had at the time of her death.

(24) Trial Cause No. 201437433                    Calton v Newman, et al

Court: 152nd Judicial Court, Harris County, Texas

File Date: 7-8-14
                                                Judge Robert Schaffer

Disposition: All three defendants motion For Summary Judgment granted on 1-20-15

## Operative Facts

Plaintiff sued Jason Newman and Lauren Tanner For the Failure to adequately represent. Plaintiff in a deliberate indifference civil Rights violation and/or negligence lawsuit against prison officials. Mr. Newman and Ms. Tanner made an intentional misrepresentation on 4-22-11 by informing Plaintiff that Dr. George Glass expert report only went to damages. When said expert also scrutinized the prison psychologist's response to Plaintiffs suicidal ideations occurring on 9-19-08. As well as the adequacy of the psychologist's treatment

Plaintiffs Declaration Confirming Previous Filings   page 27 of 31

to Plaintiff's serious medical needs on 9-19-08. Baker-Botts L.L.P. was sued under the theory of vicarious liability as the employer of Mr. Newman and Ms. Tamer, who were also sued for breaching their Fiduciary duty and Negligence and Fraud.

(25) Trial Cause No. 48-273 084-14        Calton v Calton-Knox
    Court: 48th Judicial Court / Tarrant County
    Judge: David L. Evans                    File Date: 7-11-14

## Operative Facts

Plaintiff sued Johnnie Calton-Knox for failing to carry out her fiduciary duty by equitably dividing the estate of willie Ollie Calton. who was the mother of The Plaintiff and Ms. Calton-Knox. willie Calton made ms. calton-knox the overseer of her estate and/or an alleged will. That was alleged to exist by ms. calton-knox. specifically ms. knox failed to sale the residence at 2349 Carruthers Dr., Fortworth, Texas 76112. Although directly instructed to do so by willie Ollie Calton before her death. And said proceeds from the residence was to be split (7) seven ways among the heirs of willie Ollie Calton. And Plaintiff is one of willie Ollie Calton's heirs.

(26) Trial Cause No. 6:14-CU-00822        Calton v Baker
    Court: U.S. District Court / Beaumont Division    Judge Nicole Mitchell
    File Date: 10-21-14
    Disposition: Dismissed without prejudice For Failure To exhaust administrative remedies pursuant to 42 USC § 1997 e(a) Nov 2014

Plaintiff's Declaration Confirming Previous Filings    page 28 of 31

## Operative Facts

Plaintiff sued Edgar Baker Jr. for injunctive relief to have the Plaintiff transferred off the michael Unit to another Unit in TDCJ.

(27) Trial Cause No. 87-12151      Calton v Baker
  Court: 87th Judicial, Anderson County, Texas   Judge Deborah Oakes
  File date: 10-21-14

Disposition: Dismissed As Frivolous and/or malicious Nov 2014

## Operative Facts

Plaintiff sued Edgar Baker Jr. for injunctive relief To have the Plaintiff transferred Off The michael Unit to another Unit in TDCJ

(28) Trial Cause No. 02-14-00354-CU   In re Allen "F" Calton
  Court: Second District of Texas Court of Appeals
  File Date: 11-5-14

Disposition: Petition For writ of mandamus denied As moot on 12-9-14

## Operative Facts

Plaintiff sought mandamus relief to compel Judge Susan McCoy to consider and make a Ruling on Relator's motion For Default Judgment and For The Court To Appoint Counsel For Steve Schiller.

Plaintiffs Declaration Confirming Previous Filing page 29 of 31

(29) Trial Cause No. 02-15-0002-CU In re Allen "F" Calton

Court: Second District of Texas Court of Appeals

File Date: 1-5-15

Disposition: Petition For writ of mandamus was Denied on 1-8-15

## Operative Facts

Plaintiff sought mandamus relief to compel District Clerk Thomas Wilder to effect personal service on Defendant Steve Schiller In Cause No. 153-270690-14

(30) Trial Cause No. 02-15-00179-CU In re Allen "F" Calton

Court: Second District Of Texas Court Of Appeals

File Date: 5-29-15

Disposition: Petition For writ Of mandamus Denied As moot on 6-12-15

## Operative Facts

Plaintiff sought mandamus relief to compel Judge Susan McCoy To rule on Plaintiff's motion For Preliminary Injunction In Cause No. 153-270690-14.

(31) Court Of Appeals No. 02-15-00211-CU In re Allen "F" Calton

Court: Second District Of Texas Court of Appeals

File Date: 7-7-15

Disposition: Petition For writ Of mandamus Denied on 7-16-15

Plaintiff's Declaration Confirming Previous Filings page 30 of 31

## Operative Facts

Plaintiff sought Mandamus Relief to Compel Judge R.H. Wallace Jr. to Rule on Plaintiffs Motion For Summary Judgment that was filed on 11-10-14 in Cause No. 96-272790-14

Respectfully Submitted,
allen "F" Calton

## Certificate Of Service

I hereby Certify that a copy of the foregoing was first class mailed to The Clerk of The Court of Criminal Appeals P.O. Box 12308, Austin Texas, 78711 on 8-18-15

allen "F" Calton